UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LARRY THOMPSON,

                                    Plaintiff,          **SECOND AMENDED COMPLAINT**

       -against-                                 PLAINTIFF DEMANDS TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
PAGIEL CLARK, Shield # 28472, POLICE OFFICER    Case No.: 14-cv-7349
PAUL MONTEFUSCO, Shield # 10580, POLICE
OFFICER GERARD BOUWMANS, Shield # 2102,
POLICE OFFICER PHILLIP ROMANO, Shield #
6295, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                 Defendants.
---------------------------------------------------------------X

       Plaintiff LARRY THOMPSON, for his Second Amended Complaint, by his attorney DAVID A. ZELMAN, ESQ., upon information and belief, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1.     This is a civil rights action in which Plaintiff LARRY THOMPSON (hereinafter "THOMPSON" or "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. On or about January 15, 2014, THOMPSON was falsely arrested with excessive force by employees of the City of New York, including but not limited to defendants. As a result of the violation of his constitutional rights, THOMPSON suffered physical and mental injuries.

## II. JURISDICTION

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and

by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

### III. PARTIES

3. THOMPSON at all times relevant hereto resided in Brooklyn, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant Police Officer PAGIEL CLARK, Shield #28472, (hereinafter "CLARK") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. CLARK is sued in their official and individual capacity.

6. Defendant Police Officer PAUL MONTEFUSCO, Shield #10580, (hereinafter "MONTEFUSCO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. MONTEFUSCO is sued in their official and individual capacity.

7. Defendant Police Officer GERARD BOUWMANS, Shield #2102, (hereinafter "BOUWMANS") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. BOUWMANS is sued in their official and individual capacity.

8. Defendant Police Officer PHILLIP ROMANO, Shield # 6295, (hereinafter "ROMANO") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as

agent, servant, and/or employee of Defendant CITY and within the scope of their employment. ROMANO is sued in their official and individual capacity.

9. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

10. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. On or about January 15, 2014, at approximately 11:00 P.M., THOMPSON was located in his home apartment in Brooklyn, NY with his fiancé, his fiancé's sister, and his seven-day-old baby.

12. Employees of the City of New York, including but not limited to defendants, attempted to enter the apartment without a warrant.

13. Defendants, without warning, handcuffed and falsely arrested THOMPSON with excessive force, and detained him face down in his apartment for several minutes.

14. THOMPSON was transported to the 77th precinct where he requested medical treatment. Treatment was denied for approximately 8 hours before THOMPSON was transferred to Interfaith Hospital.

15. Following treatment at Interfaith Hospital, THOMPSON was transported back to the 77th precinct, where he was held for approximately 8 hours.

16. THOMPSON was then transferred to Central Booking, where he was held for approximately 10 hours.

17. THOMPSON was charged with PL 195.05, Obstructing Governmental Administration in the Second Degree and PL 205.30, Resisting Arrest. THOMPSON was released on his own recognizance.

18. THOMPSON was required to appear in court approximately three times.

19. All charges against THOMPSON were dismissed on April 15, 2014.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

20. Paragraphs 1 through 19 of this complaint are hereby realleged and incorporated by reference herein.

21. That Defendants had neither valid evidence for the arrest of THOMPSON nor legal cause or excuse to seize and detain him.

22. That in detaining THOMPSON without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. THOMPSON was but one of those persons.

23. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

4

24. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

25. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of THOMPSON's rights alleged herein.

26. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of THOMPSON's rights, subjected THOMPSON to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

27. By reason of the foregoing, THOMPSON suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

28. Paragraphs 1 through 27 are hereby realleged and incorporated by reference herein.

29. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

30. That Defendants had no legal cause or reason to use excessive force in effectuating THOMPSON's arrest or after THOMPSON was arrested and in custody.

31. That Defendants violated THOMPSON's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

32. That at the time of the arrest or while in custody, THOMPSON did not pose a threat to the safety of the arresting officers.

33. That THOMPSON was not actively resisting arrest or attempting to evade arrest.

34. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected THOMPSON to excessive force while effectuating his arrest.

35. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

36. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of THOMPSON's rights, subjected THOMPSON to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

37. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of THOMPSON's civil rights, including but not limited to the right to be free from the application of excessive force.

38. That upon information and belief, in 2014, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

39. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and

40.     employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

40. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of THOMPSON's rights alleged herein.

42. By reason of the foregoing, THOMPSON suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

43. Paragraphs 1 through 42 are hereby realleged and incorporated by reference herein.

44. That Defendants, with malicious intent, arrested THOMPSON and initiated a criminal proceeding despite the knowledge that THOMPSON had committed no crime.

45. That all charges against THOMPSON were terminated in his favor.

46. That there was no probable cause for the arrest and criminal proceeding.

47. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of THOMPSON'S rights, deprived THOMPSON of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in

violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

48. That upon information and belief, Defendants had a policy and/or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, THOMPSON was maliciously prosecuted despite the fact that he had committed no violation of the law.

49. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

50. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

51. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of THOMPSON's rights alleged herein.

52. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

53. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

54. That by reason of the foregoing, THOMPSON suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

55. Paragraphs 1 through 54 are hereby realleged and incorporated by reference herein.

56. By fabricating evidence, defendants violated THOMPSON's constitutional right to a fair trial.

57. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

58. As a result of the above constitutionally impermissible conduct, THOMPSON was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## IX. FIFTH CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

59. Paragraphs 1 through 58 are hereby realleged and incorporated by reference herein.

60. That Defendants failed to intervene when Defendants knew or should have known that THOMPSON's constitutional rights were being violated.

61. That Defendants had a realistic opportunity to intervene on behalf of THOMPSON, whose constitutional rights were being violated in their presence.

62. That a reasonable person in the Defendants' position would know that THOMPSON's constitutional rights were being violated.

63. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of THOMPSON's rights, deprived THOMPSON of his liberty when they failed to intervene to protect him from Defendants' use of excessive force, in violation of THOMPSON's rights pursuant to Fourteenth Amendment of the United States Constitution.

64. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, THOMPSON was not protected from Defendants' unconstitutional actions.

65. That upon information and belief it was the policy and/or custom of defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

66. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

67. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of detainees and were the cause of the violations of THOMPSON's rights alleged herein.

68. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

69. That by reason of the foregoing, THOMPSON suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (DENIAL OF MEDICAL TREATMENT)

70. Paragraphs 1 through 69 are hereby realleged and incorporated by reference herein.

71. While THOMPSON was detained in Defendants' custody prior to trial, Defendants attempted to deny access to medical care needed to remedy a serious medical condition.

72. Defendants attempted to deny needed medical care to THOMPSON because of deliberate indifference to THOMPSON's need therefor.

73. By reason of Defendant's acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of THOMPSON's rights, deprived THOMPSON of his liberty when it attempted to deny him medical care while THOMPSON was in its custody, in violation of his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and the laws of the State of New York.

74. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

75. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of denying medical care to pre-trial detainees in its custody.

76. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their

11

officers, staff, agents and employees.

77. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

78. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of THOMPSON's rights alleged herein.

79. That Defendant, through its officers, agents and employees, unlawfully attempted to deny THOMPSON medical care while he was in its custody.

80. By reason of the foregoing, THOMPSON suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
Pursuant to §1983 (DUE PROCESS VIOLATION/FOURTH AMENDMENT RIGHTS)

81. Paragraphs 1 through 80 of this complaint are hereby realleged and incorporated by reference herein.

82. That Defendants entered THOMPSON's property apartment forcefully, without a warrant or legal basis to do so.

83. That said forced entry into THOMPSON's apartment was made without exigent circumstances.

84. That said warrantless entry constituted a search and seizure of THOMPSON's private property and violated THOMPSON's rights.

85. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state

12

law and within the scope of its authority, in gross and wanton disregard of THOMPSON's rights, searched and seized THOMPSON's personal property without providing due process under the law, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

86. By reason of the foregoing, THOMPSON suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, THOMPSON has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, THOMPSON respectfully requests that judgment be entered:

1. Awarding THOMPSON compensatory damages in a full and fair sum to be determined by a jury;
2. Awarding THOMPSON punitive damages in an amount to be determined by a jury;
3. Awarding THOMPSON interest from January 15, 2014;
4. Awarding THOMPSON reasonable attorney's fees pursuant to 42 USC § 1988; and
5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
       January 26, 2016

                                      _____
                                      DAVID A. ZELMAN, ESQ.
                                      (DZ 8578)
                                      612 Eastern Parkway
                                      Brooklyn, New York 11225
                                      (718)604-3072

TO:    Kavin Thadani, Esq.
        New York City Law Department
        100 Church Street, Rm 3-195
        New York, NY  10007
        (212) 356-2351
        kthadani@law.nyc.gov