UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LARRY THOMPSON,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER PAGIEL CLARK, Shield #28742, POLICE OFFICER PAUL MONTEFUSCO, Shield # 10580, POLICE OFFICER GERARD BOUWMANS, Shield # 2102, POLICE OFFICER PHILLIP ROMANO, Shield # 6295, POLICE OFFICER WARREN RODNEY, Shield # 13744, SERGEANT ANTHONY BERTRAM, Shield #277, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                              Defendants.

------------------------------------------------------------------- x

**ANSWER TO THIRD AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, PAGIEL CLARK, PAUL MONTEFUSCO, GERARD BOUWMANS, PHILLIP ROMANO, WARREN RODNEY AND ANTHONY BERTRAM**

**14-CV-7349 (SLT) (RML)**

**JURY TRIAL DEMANDED**

Defendants the City of New York ("City"), Pagiel Clark ("Clark"), Paul Montefusco ("Montefusco"), Gerard Bouwmans ("Bouwmans"), Phillip Romano ("Romano"), Warren Rodney ("Rodney"), and Anthony Bertram ("Bertram") by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Third Amended Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Third Amended Complaint, except admit that plaintiff purports to proceed as stated therein and seeks relief as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Third Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Third Amended Complaint.

4. In response to the allegations set forth in paragraph "4" of the Third Amended Complaint, admit only that the City is a municipal corporation existing under the laws of the State of New York and that the City maintains a Police Department and respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

5. Deny the allegations set forth in paragraph "5" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Clark was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

6. Deny the allegations set forth in paragraph "6" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Montefusco was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Bouwmans was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

8. Deny the allegations set forth in paragraph "8" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Romano was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

9. Deny the allegations set forth in paragraph "9" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Rodney was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

10. Deny the allegations set forth in paragraph "10" of the Third Amended Complaint, except admit that, on or about January 15, 2014, defendant Bertram was employed by the New York City Police Department, admit that plaintiff purports to proceed as stated therein, and state that the allegations that he was acting as employee and with the scope of his employment are legal conclusions to which no response is required.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Third Amended Complaint.

12. Paragraph "12" of the Third Amended Complaint sets forth legal conclusions to which no response is required.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Third Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Third Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Third Amended Complaint, except admit that plaintiff was lawfully arrested.

16. Deny the allegations set forth in paragraph "16" of the Third Amended Complaint, except admit that plaintiff was transported to the 77th Precinct and, subsequently, to Interfaith Hospital.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Third Amended Complaint, except admit that plaintiff was transported back to the 77th Precinct from Interfaith Hospital.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Third Amended Complaint.

19. Admit the allegations set forth in paragraph "19" of the Third Amended Complaint,

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Third Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Third Amended Complaint, except admit that the charges against plaintiff were dismissed.

22. In response to the allegations set forth in paragraph "22" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Third Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Third Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Third Amended Complaint.

26. Deny the allegations set forth in paragraph "26" of the Third Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Third Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Third Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Third Amended Complaint.

30. In response to the allegations set forth in paragraph "30" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the Third Amended Complaint.

32. Deny the allegations set forth in paragraph "32" of the Third Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Third Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Third Amended Complaint.

35. Deny the allegations set forth in paragraph "35" of the Third Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Third Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Third Amended Complaint.

38. Deny the allegations set forth in paragraph "38" of the Third Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Third Amended Complaint.

40. Deny the allegations set forth in paragraph "40" of the Third Amended Complaint.

41. Deny the allegations set forth in paragraph "41" of the Third Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Third Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Third Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Third Amended Complaint.

45. In response to the allegations set forth in paragraph "45" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

46. Deny the allegations set forth in paragraph "46" of the Third Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Third Amended Complaint.

48. Deny the allegations set forth in paragraph "48" of the Third Amended Complaint.

49. Deny the allegations set forth in paragraph "49" of the Third Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Third Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Third Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Third Amended Complaint.

53. Deny the allegations set forth in paragraph "53" of the Third Amended Complaint.

54. Deny the allegations set forth in paragraph "54" of the Third Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Third Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Third Amended Complaint.

57. In response to the allegations set forth in paragraph "57" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

- 8 -

58. Deny the allegations set forth in paragraph "58" of the Third Amended Complaint.

59. Deny the allegations set forth in paragraph "59" of the Third Amended Complaint.

60. Deny the allegations set forth in paragraph "60" of the Third Amended Complaint.

61. In response to the allegations set forth in paragraph "61" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the Third Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Third Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Third Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Third Amended Complaint.

66. Deny the allegations set forth in paragraph "66" of the Third Amended Complaint.

67. Deny the allegations set forth in paragraph "67" of the Third Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Third Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Third Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the Third Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Third Amended Complaint.

72. In response to the allegations set forth in paragraph "72" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the Third Amended Complaint.

74. Deny the allegations set forth in paragraph "74" of the Third Amended Complaint.

75. Deny the allegations set forth in paragraph "75" of the Third Amended Complaint.

76. Deny the allegations set forth in paragraph "76" of the Third Amended Complaint.

77. Deny the allegations set forth in paragraph "77" of the Third Amended Complaint.

78. Deny the allegations set forth in paragraph "78" of the Third Amended Complaint.

79. Deny the allegations set forth in paragraph "79" of the Third Amended Complaint.

80. Deny the allegations set forth in paragraph "80" of the Third Amended Complaint.

81. Deny the allegations set forth in paragraph "81" of the Third Amended Complaint.

82. Deny the allegations set forth in paragraph "82" of the Third Amended Complaint.

83. In response to the allegations set forth in paragraph "83" of the Third Amended Complaint, defendants repeat the responses in the preceding paragraphs of this answer as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the Third Amended Complaint.

85. Deny the allegations set forth in paragraph "85" of the Third Amended Complaint.

86. Deny the allegations set forth in paragraph "86" of the Third Amended Complaint.

87. Deny the allegations set forth in paragraph "87" of the Third Amended Complaint.

88. Deny the allegations set forth in paragraph "88" of the Third Amended Complaint.

89. Deny the allegations set forth in the paragraph captioned "Injury and Damages" of the Third Amended Complaint, except admit that plaintiff seeks relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. The Third Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants City, Clark, Montefusco, Bouwmans, Romano, Rodney or Bertram.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. Plaintiff provoked any incident.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. Defendants City, Clark, Montefusco, Bouwmans, Romano, Rodney and Bertram have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing the protection of civil rights.

- 12 -

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

96. Defendants Clark, Montefusco, Bouwmans, Romano, Rodney and Bertram have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

97. This action may be barred, in whole or in part, by the applicable statute of limitations period.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

98. Plaintiff failed to mitigate his alleged damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

99. Plaintiff's claims may be barred, in whole or in part, because plaintiff has failed to comply with all conditions precedent to suit.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

100. Punitive damages cannot be awarded against the City of New York.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:**

101. Defendant Rodney had no personal involvement in the incidents alleged in the Third Amended Complaint.

**WHEREFORE,** defendants City, Clark, Montefusco, Bouwmans, Romano, Rodney and Bertram request judgment dismissing the Third Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 6, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2351
                                    kthadani@law.nyc.gov

                        By:    /s/ Kavin Thadani
                                    Kavin Thadani
                                    Senior Counsel
                                    Special Federal Litigation Division

**BY ECF**
David Zelman, Esq.
*Attorney for Plaintiff*

Index No.  1:14-CV-07349

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| LARRY THOMPSON,<br><br>                                      Plaintiff,<br><br>                     -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER PAGIEL CLARK, Shield #28742, POLICE OFFICER PAUL MONTEFUSCO, Shield # 10580, POLICE OFFICER GERARD BOUWMANS, Shield # 2102, POLICE OFFICER PHILLIP ROMANO, Shield # 6295, POLICE OFFICER WARREN RODNEY, Shield # 13744, SERGEANT ANTHONY BERTRAM, Shield #277, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,<br><br>                                    Defendants. |
| **ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, PAGIEL CLARK, PAUL MONTEFUSCO, GERARD BOUWMANS, PHILLIP ROMANO, WARREN RODNEY AND ANTHONY BERTRAM** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, New York  10007*<br><br>*Of Counsel:  Kavin Thadani*<br>*Tel:  (212) 356-2351* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. .............................................. , 2016*<br><br>*........................................................................ Esq.*<br><br>*Attorney for ................................................................* |