**LAW OFFICE OF DAVID A. ZELMAN**
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3074

January 27, 2016

**VIA ECF**
**Hon. Sandra Townes**
**United States District Court**
**EDNY, Brooklyn Courthouse**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

**Re: Larry Thompson v. The City of New York et. al.**
**Civil Action No. 14-cv-7349**

Your Honor:

      I am the attorney for the plaintiff.  I write in response to defendants' request for a pre motion conference. Plaintiff also requests permission to cross move for summary judgment on the issues of false arrest and violation of due process.

      Extensive discovery was performed in this case including approximately 12 depositions. The parties are now well versed in the pertinent facts.

      On January 15, 2014, a 911 call was made by my client's wife's sister.  There was a three day old baby in the house which my client and his wife were paying a lot of attention to.  The parents had been to the doctor's office that day, together, and the baby was in fine health.  The wife's sister, all admit, has emotional/psychological issues which are apparent to people who speak to her.  Even the officers recognized that the woman had some type of issue after encountering her.  The emergency medical technicians were startled by her conduct at the scene when she refused to tell them why she had called 911.

      The wife's sister called 911 and made a vague complaint that my client was possibly abusing the baby. The sprint report disclosed by the City defendants refers to "possible child abuse."  The City claims to have destroyed the actual 911 recording which does create legal issues as there was a Notice of Claim filed in this case within 90 days and my client was arrested with force at his apartment.  We may seek an adverse inference charge at the time of trial or other sanctions for erasing the actual tape.  In any event, the salient facts are that when the wife's sister called 911, she did not say the "abuse" was happening right then and there, she did not specify what exactly was happening and police did not know if she was calling from inside the location of the abuse or not.  In fact, she did not call from inside the location of the alleged "abuse."  The next day, after this incident was complete the officer wrote the NYPD received an "anonymous call" regarding abuse.  No officer was able to specify what exactly was reported, likely, because the call itself was vague.

  EMT's initially responded to the scene.  They knocked on the door and my client answered.  My client told them no one called 911 and they had the wrong apartment.  My client had no idea that the wife's sister called 911 and my client's wife, who was in the bedroom, also had no idea.  It was approximately 10:30 PM.  The EMTs did leave, however, they testified my client was "hostile."  My client admits that he told them they had the wrong apartment and was apparently annoyed that they were bothering him and his family late in the evening.

  The EMT's called police.  Police came to the residence.  Four police officers knocked on the door and my client answered it again. He again explained that no one called 911 and that they had the wrong apartment.  The officers insisted on coming in.  They never told my client that he would be arrested if he refused them entry.  The plaintiff insisted that the officers have a warrant to enter his apartment.  After a brief conversation, one officer pushed my client away from the door and my client pushed back. At that point, the officers forcibly grabbed my client, placed him stomach down on the floor, put a knee sharply into his back and cuffed him.  The officers gained entry, allowed the EMT's to examine the baby with the mother's "consent." While the EMT's admitted the baby appeared fine and that they may have been informed that the parents went with the baby to their doctor for a checkup that day, the EMT's testified that in this situation the baby is required to go to the hospital for an examination.  So the EMT's and police "escorted" the baby and her mother to the hospital for an examination with predictable results.

  My client was charged with obstruction of governmental administration and resisting arrest.  Mr. Thompson had a dormant back condition for which he had not received treatment recently.  However, due to the knee in the back, my client was transferred to Interfaith Hospital on the day of the incident.  He was detained approximately 40 hours and then arraigned.  He returned to court twice before all charges were dismissed.

  My client is a very hard working Brooklyn resident who has worked full time for the United States Postal Service since 1994.  He is a supervisor in the maintenance division. At times, he has also worked at the Metropolitan Transit Authority.  He is a veteran of the United States Navy and was in service from 1991 to 1994.

  It is plaintiff's position that the officers did not have the right to demand entry into plaintiff's residence and that their insistence on entering the apartment, without exigent circumstances violated the Fourth Amendment.  The allegations of "possible child abuse" coupled with the caller's refusal to explain to the EMT's the purpose of her call and her apparent mental health issues were not sufficiently concrete to allow the officers to force their way into the apartment without a warrant.  First, the call was deemed anonymous by the officers the day after the incident.  The EMTs admit  that they realized before even approaching the apartment that the caller was not emotionally or psychologically stable.  Second, the allegations were not that abuse was occurring or that it was occurring contemporaneously, it was a report of "possible abuse."  The call was not made at a time when the "abuse" was actually occurring and courts have used this factor in determining whether exigent circumstances existed or not.  Lastly, the EMTs admit that the caller did not make the call from the location of the alleged "abuse" and that is another factor militating in favor of a lack of exigent circumstances.  Nor did the caller make the call regarding a threat to herself, rather, someone else.  All these factors  are relevant to

whether the officers are allowed to force their way into an apartment as they did here. See, <u>Anthony v. City of N.Y.</u>, 339 F.3d 129, 136-37 (2d Cir. 2003)

In sum, plaintiff intends to move for partial summary judgment as to his Fourth Amendment and due process claims and oppose defendants' partial summary judgment motion.

Thank you for your consideration.

Very Truly Yours:

/S

David A. Zelman, Esq.