UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

LARRY THOMPSON,

                                 Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER PAGIEL
CLARK, Shield # 28472, POLICE OFFICER PAUL
MONTEFUSCO, Shield # 10580,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                Defendants.

----------------------------------------------------------------------- x

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF
DOCUMENT DEMANDS**

14-CV-7349 (SLT) (RML)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants City

of New York, Clark, and Montefusco, by their attorney, Zachary W. Carter, Corporation Counsel

of the City of New York, hereby submit the following objections and responses to Plaintiffs'

First Set of Document Demands:

## GENERAL STATEMENT

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers.  Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to these Document Requests to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendants also object in the entirety to any request for documents which is not limited in time.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.      Defendants will provide, under separate cover, a privilege log, if applicable and if necessary in order to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2(a).

6.      Defendants are continuing to search for information responsive to plaintiffs' requests and therefore reserve the right to supplement their responses to each request

with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## RESPONSES AND OBJECTIONS TO DOCUMENT DEMANDS

### DOCUMENT REQUEST NO. 1:

Provide true copies of any regulations, policies, rules, manuals or any other documents which relate in any way to the procedure utilized with respect to forced entry into a home based upon an anonymous complaint.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, assumes facts not true or established, harassing, not sufficiently limited in time or scope, to the extent it seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence, to the extent it implicates the law enforcement privilege and official information privilege, and to the extent it implicates the privacy and safety interests of non-parties. Defendants also object to the extent this request calls for the production of documents relating to a purported municipal liability claim on the ground that Plaintiff has failed to state a such a claim for relief and thus any documents or information pertaining to this claim are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

### DOCUMENT REQUEST NO. 2:

Provide true copies of any regulations, policies, rules, manuals, or any other documents which relate in any way to the procedures utilized with respect to when a warrant will be applied for in a situation involving an anonymous complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

See Defendants' Objection and Response to Document Request No. 1.

**DOCUMENT REQUEST NO. 3:**

Provide true copies of any regulations, polices, rules, manuals, or any other documents which defendants will rely upon at the time of trial.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague, ambiguous, overbroad, premature, assumes facts not true or established, and to the extent it seeks information not relevant to the subject matter of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent this request calls for the production of documents relating to a purported municipal liability claim on the ground that Plaintiff has failed to state a such a claim for relief and thus any documents or information pertaining to this claim are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 4:**

Provide a true copy of any document which any employee, agent, servant and/or officer of the defendant The City of New York prepared, reviewed, read, possessed, sent or received which relates in any way to the within plaintiffs and/or the complained of incidents. These copies are to include but not limited to any online booking sheet, any DD5's prepared by Defendant's employees, any memo book entries regarding the within incidents, any property vouchers, and any written statement by any city employee, including but not limited to a criminal court complaint.

4

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

    Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, confusing, overbroad,  assumes facts not true or established, unduly burdensome, and harassing.  Defendants also object to the extent that it calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this request to the extent that it calls for information protected by the work product, attorney-client, official information, law enforcement and/or deliberative process privileges.  Notwithstanding and without waiving or in any way limiting these objections or the General Objections, Defendants refer Plaintiff to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated May 12, 2015, and to the documents annexed hereto bearing Bates Stamp No. DEF25-DEF28.

**DOCUMENT REQUEST NO. 5:**

    Provide true copies of any police logs, memos, letters, e-mails, phone and computer logs or any other documents which state everything said by Plaintiff to any employee, agent, servant and/or officer of the defendant The City of New York relating in any way to the complained of incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

    Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, confusing, overbroad, assumes facts not true or established, unduly burdensome, harassing, and duplicative.  Defendants also object to the extent that it calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request to the extent that it calls for information protected by the work product, attorney client, official information, law enforcement and/or deliberative process privileges.  Notwithstanding and without waiving or in any way limiting these objections or the

General Objections, Defendants refer Plaintiff to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated May 12, 2015, and to the documents annexed hereto bearing Bates Stamp No. DEF25-DEF28.

**DOCUMENT REQUEST NO. 7:**[1]

Provide true copies of any police logs, memos, letters, e-mails, phone and computer logs or any other documents which state everything that Plaintiff did at the time and place of the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

See Defendants' Objection and Response to Document Request No. 5.

**DOCUMENT REQUEST NO. 8:**

Provide true copies of any and all computer generated documents which were produced by The City of New York regarding the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

See Defendants' Objection and Response to Document Request No. 5.

**DOCUMENT REQUEST NO. 9:**

Provide true copies of any police logs, memos, letters, e-mails, phone and computer logs or any other documents which contain statements which relate in any way to the within Plaintiffs and/or the complained of incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

See Defendants' Objection and Response to Document Request No. 5.

---

[1] Plaintiff's First Set of Document Demands does not contain a Request No. 6.

**DOCUMENT REQUEST NO. 10:**

      Provide true copies of any and all accident/incident reports for any officer responding to the scene of the complained of incidents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

      <u>See</u> Defendants' Objection and Response to Document Request No. 5.

**DOCUMENT REQUEST NO. 11:**

      Provide true copies of any and all police logs, memos, letters, e-mails, phone and computer logs or accident/incident reports that relate to the arrest.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

      <u>See</u> Defendants' Objection and Response to Document Request No. 5.

**DOCUMENT REQUEST NO. 12:**

      Provide a true copy of any documents associated with the employment applications of any officer present at the complained of incident (hereinafter the "responding officers") to defendant The City of New York.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

      Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, not relevant nor reasonably calculated to lead to the discovery of admissible evidence, constitutes an unwarranted invasion of privacy, implicates the privacy rights of non-parties, and to the extent that it calls for information protected by the deliberative process, official information and/or law enforcement privileges, and/or HIPAA and the doctor-patient privilege.  Defendants further object to this request on the grounds that it calls for production of documents of a private and sensitive nature that are unrelated to the police officers' performance of their duties.

**DOCUMENT REQUEST NO. 13:**

Provide a true copy of any performance reviews of the responding officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague, ambiguous, confusing, overbroad, premature, unduly burdensome, harassing, not sufficiently limited in time and scope, may implicate HIPAA, seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it implicates the privacy and security concerns of parties and non-parties to this action. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, and, subject to the execution of an appropriate Stipulation and Protective Order, defendants will produce performance evaluations for the individually-named defendants herein pre-dating the incident in question.

**DOCUMENT REQUEST NO. 14:**

Provide a true copy of any documents relating to the personnel and disciplinary files of the responding officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, not limited in time or scope, not relevant nor reasonably calculated to lead to the discovery of admissible evidence, constitutes an unwarranted invasion of privacy, implicates the privacy rights of non-parties, to the extent it implicates the sealing provisions of N.Y.C.P.L. § 160.50, §160.55, and/or F.C.A. § 375.1, and to the extent that it calls for information protected by the deliberative process, official information and/or law enforcement privileges. Defendants further object to this request on the grounds that it calls for production of documents of a private and sensitive nature and implicates HIPAA.

Defendants also object to the extent that this request calls for information and/or the production of documents reflecting charges of misconduct that were not substantiated or did not result in a finding of wrongdoing, that do not involve allegations of a similar nature or false statement, and to the extent it seeks information that predates the incident by more than 10 years or which occurred subsequent to the incident.   Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants will produce, subject to the execution of an appropriate Stipulation and Protective Order, information on substantiated allegations of a nature similar to those alleged in the Complaint or that involve allegations of false statements, for each of the individually-named defendant officers for a period of ten years prior to the date of the incident.

**DOCUMENT REQUEST NO. 15:**

Provide true copies of any and all Civil Complaint Review Board records and documents relating to the responding officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

See Defendants' Objection and Response to Document Request No. 14.

**DOCUMENT REQUEST NO. 16:**

Provide true copies of any and all Internal Affairs records and documents relating to the responding officers.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

See Defendants' Objection and Response to Document Request No. 14.

**DOCUMENT REQUEST NO. 17:**

Provide true copies of any and all materials regarding the responding officers prepared by or for the NYPD's Performance Monitoring Unite (PMU), or held in PMU files.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:</u>**

   See Defendants' Objection and Response to Document Request No. 14.

**<u>DOCUMENT REQUEST NO. 18:</u>**

   Provide a true copy of any document which reflects phone conversations by any employee, agent, servant and/or officer of the City of New York and/or any of its representatives, employees, agents, servants and/or officers regarding the Plaintiff.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:</u>**

   See Defendants' Objection and Response to Document Request No. 5. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, upon information and belief, there are no documents responsive to this request.

**<u>DOCUMENT REQUEST NO. 19:</u>**

   Provide true copies of any surveillance video and/or audio recording present at the precinct during Plaintiffs' detention that captures Plaintiffs' image or voice.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:</u>**

   See Defendants' Objection and Response to Document Request No. 5. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, upon information and belief, there are no documents responsive to this request.

**<u>DOCUMENT REQUEST NO. 20:</u>**

   Provide a description of where any surveillance video and audio recording devices are located.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:</u>**

   See Defendants' Objection and Response to Document Request No. 19.

**DOCUMENT REQUEST NO. 21:**

Provide true copies of any photographs taken of Plaintiff at the precinct and at Central Booking.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, harassing, and assumes facts not true or established. Defendants also object to the extent that it calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, and without waiving or in any way limiting, these objections or the General Objections, upon information and belief, there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 22:**

Provide true copies of any photographs of Plaintiff taken by any employee, agent, servant and/or officer of the defendant The City of New York during the complained of incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

See Defendants' Objection and Response to Document Request No. 21.

**DOCUMENT REQUEST NO. 23:**

Provide the name, address, shield # and precinct of any officer who defendants believe were present at the time and location of the Plaintiff's arrest or otherwise involved in the arrest and/or subsequent investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, and duplicative. Defendants also object to the extent that it calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any

way limiting these objections or the General Objections, defendants refer plaintiffs to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated May 12, 2015. Defendants are continuing to search for information responsive to Plaintiff's request and therefore reserve the right to supplement their responses to each request with additional information, if and when such information becomes available. Defendants also reserve the right to object to the future disclosure of any such information.

**DOCUMENT REQUEST NO. 24:**

Provide a true copy of any chief of department file relating to the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it is vague, ambiguous, confusing, harassing, assumes facts not established, and to the extent that it calls for information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, upon information and belief, there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 25:**

Produce a copy of the OLPA form created as a result of the arrest of Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is vague, ambiguous, confusing, and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated May 12, 2015, and the documents annexed thereto bearing Bates Stamp No. DEF0023-DEF0024.

**<u>DOCUMENT REQUEST NO. 26:</u>**

Produce any use of force report generated as a result of the within incident.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:</u>**

Defendants object to Document Request No. 26 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, not relevant, not sufficiently calculated to lead to the discovery of admissible evidence, and assumes facts not true or established. Notwithstanding and without waiving or in any way limiting these objections or the General Objections, upon information and belief, there are no documents responsive to this request.

**<u>DOCUMENT REQUEST NO. 27:</u>**

Produce any complaints, allegations, or lawsuits relating to claims of false arrest involving the 77th Precinct within five years of the date of the within incident, either before or after.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:</u>**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, not sufficiently limited in time and scope, to the extent that it seeks documents which are publicly available, and to the extent it seeks documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this request to the extent that it calls for information protected by the attorney-client, work product, deliberative process, official information, law enforcement, and self-critical analysis privileges, calls for information not in the custody and control of Defendants, implicates the privacy rights of parties and non-parties and/or the sealing provisions of N.Y.C.P.L. § 160.50, § 160.55, and F.C.A. § 375.1, to the extent that it calls for information concerning allegations of misconduct which were not substantiated or

did not result in a finding of wrongdoing, seeks documents and/or information concerning non-party officers, and to the extent it seeks information which occurred subsequent to the incident. Defendants further object to the extent this request calls for the production of documents relating to a purported municipal liability claim on the ground that Plaintiff has failed to state a such a claim for relief and thus any documents or information pertaining to this claim are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 27:[2]**

> Provide the names and addresses of any officers or other employees of the City of New York who witnessed the incident, including any Emergency Medical Technicians.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

> See Defendants' Objection and Response to Document Request No. 23.

**DOCUMENT REQUEST NO. 28:**

> Provide the names and addresses of any officers or other employees of the City of New York that Defendants intend to call at trial.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

> Defendants object to Document Request No. 28 on the grounds that it is vague, ambiguous, confusing, overbroad, unduly burdensome, harassing, and premature.

**DOCUMENT REQUEST NO. 29:**

> Provide all transcripts of any 911 calls made relating to the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

> Defendants object to Document Request No. 29 on the grounds that it is vague, ambiguous, confusing, and assumes facts not true or established.  Notwithstanding and without

---

[2] Plaintiff's First Set of Document Demands contains two Requests numbered "27."

waiving or in any way limiting these objections or the General Objections, defendants refer plaintiffs to Defendants' Rule 26(a)(1)(A) Initial Disclosures, dated May 12, 2015, and the documents annexed thereto bearing Bates Stamp No. DEF000014-DEF000020.

Dated: New York, New York
       August 28, 2015

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New York
                                        *Attorney for Defendants City of New York,*
                                        *Clark, and Montefusco*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2347

                                        By:  _____
                                             Matthew Bridge
                                             *Assistant Corporation Counsel*

To:    **VIA FIRST CLASS MAIL**
       Law Office of David A. Zelman
       David A. Zelman, Esq.
       612 Eastern Parkway
       Brooklyn, NY 11225
       Attorney for Plaintiff

**MEDICAL TREATMENT OF PRISONER**
PD 244-150 (Rev. 12-99) Pent-RMU

Date 1/16/14

**SECTION I - TO BE COMPLETED BY N.Y.P.D.**

Prisoner's Name (Last, First, M.I.) (Print): Thompson Larry    Age 41  Sex Male

Address: 339 Lincoln Place    Zip Code 11238   Apt 2E   Telephone No. 917 889 5076

Arresting Officer: Rank (Print) Name (Last, First, M.I.)   Signature   Shield No.   Tax Reg. No.   Command

Arrest No. K14604357-2   Cmd. Of Arrest 077   Charge OGA

Escort Officer: Rank (Print) Name (Last, First, M.I.) PO. Rodney   Signature   Shield No. 13744   Tax Reg. No. 944940  Command 077

Prisoner Requests/Requires Medical Aid ☒ Yes ☐ No    Prisoner Refused Medical Aid ☐ Yes ☒ No   Date 1/16/14   Time 0750   Prisoner's Signature

Transported To Hospital (Name) Interfaith Hospital   Date 1/16/14   Time 0815   Via Patrol ☐ Wagon #   RMP #   ACR# PCR# 8BL68059   Operator Rank (Print) Name (Last, First, M.I.)

Returned From Hospital   Date   Time   Attempted Suicide ☐ Yes ☒ No   Nature Of Illness/Injury Shoulder Pains   If Injury ☐ Old ☒ New

E. S. U. Responded ☐ Yes ☒ No   If Yes, Respondent Rank (Print) Name (Last, First, M.I.)

Restraining Devices Used ☒ Yes Type Shackles & Cuffs   Prescription Medication ☐ Yes ☒ No   Prescription Number And Name Of Physician   Pharmacy / Phone No.   Property Clerk Invoice No./Cmd.

Possessed At Arrest ☐ Yes ☒ No

Remarks: c/o neck pain Lower Back pain (R) shoulder pain ... reg of shoulder, ct of cs and x ry of LS showed no fracture.

**Prisoner Refused Medical Aid In The Field** ☐ Yes ☐ No   **At The Command** ☐ Yes ☐ No   **Within The Court Section** ☐ Yes ☐ No   General Population ☐ Yes ☐ No   Recommend Prisoner Be Separated From: Refer To Hospital Emergency

E.M.S. Field Personnel: Print Name (Last, First, M.I.) After/cia   Shield #   Date 1/16/14   Time 0820   Room ☒ Yes ☐ No

E.M.S. Court Section: Print Name (Last, First, M.I.) MATTHEW BE   Signature   Shield #   Date 1/14   Time 1450   Refer To Hospital Emergency Room ☐ Yes ☒ No

NYPD Supervisor/ Desk Officer: Rank (Print) Name (Last, First, M.I.)   Signature   Cmd. Of Arrest/Court Section   Date   Time

**SECTION II - TO BE COMPLETED BY HOSPITAL MEDICAL STAFF**

Admitted To Hospital ☐ Yes ☐ No   Suicide Watch Recommended By Hospital Staff ☐ Yes ☐ No   Transfer to Psychiatric Hospital Recommended By Hospital Medical Staff ☐ Yes ☐ No   Medication Prescribed ☒ Yes ☐ No   Medication To Be Taken As Prescribed ☒ Yes ☐ No

Medication To Travel With Prisoner ☐ Yes ☒ No   Refer To Psychiatric Hospital ☐ Yes ☒ No

Print Name (Last, First, M.I.) Villacob-Roca Raul   Signature   Title MD   Date 1/16/14   Time 8:2.

NYPD Court Section Supervisor: Rank (Print) Name (Last, First, M.I.)   Signature   Court Section   Date   Time

Received By Department Of Correction: Rank (Print) Name (Last, First, M.I.)   Signature   Shield / I. D. #   Date   Time

DISTRIBUTION: 1. WHITE, 2. BLUE, 3. PINK – DEPT. OF CORRECTION, 4. BUFF – CMD. OF ARREST, 5. GREEN – ARRAIGNING JUDGE. (Receipt will be obtained by Escorting Officer on PINK COPY and returned to COURT SECTION facility. Upon receipt of PINK COPY, COURT SECTION Supervisor will remove BUFF COPY from FILE and forward it to COMMAND OF ARREST FOR FILE.)

NOTE: A PHOTO COPY OF THIS FORM MAY BE PROVIDED UPON REQUEST TO HEALTH AND HOSPITALS CORPORATION (HHC) PERSONNEL.

DEF25

```
                         NYPD WARRANT FILE
                         EXACT NAME SEARCH                          PAGE:  1
THOMPSON           LARRY        B M 5"06" 185LBS EYES BRO HAIR BLK  1972-08-30
      339 LINCOLN PLACE              BROOKLYN              NY
  CLOSED   OCA C2000105025 NYSID 08331355L
          CALL CWD 718-353-1171         DOCKET 99N049861


THOMPSON           LARRY        B M 5"06" 175LBS EYES BRO HAIR BLK  1972-08-30
      339 LINCOLN PLACE              BROOKLYN              NY APT 2E
  CLOSED   OCA A2005215863
          CALL CWD 718-353-1171         DOCKET 2005SK056827


THOMPSON           LARRY        U M              EYES XXX HAIR XXX  1972-08-30
      339 LINCOLN PLACE              BROOKLYN              NY
  CLOSED   OCA A2002227706
          CALL CWD 718-353-1171         DOCKET 2002SK085536
```

** REPORT END

PF7 - SCROLL BACK   PF8 - SCROLL FRWD   CLEAR - EXIT

## DESK APPEARANCE TICKET INVESTIGATION
PD 360-091 (Rev. 05-09)

| DAT SERIAL NUMBER | ARREST NUMBER | DATE OF ARREST | TOP CHARGE |
|---|---|---|---|
| | K14604357-2 | 01/15/14 | Endangering The welfare of a child |

### ARRESTING OFFICER INFORMATION

| Rank | Name (Last, First, M.I.) | Tax Registry Number | Command | Shield |
|---|---|---|---|---|
| P.O | CLARK | 953759 | 0185 | 28472 |

Department (If Other Than NYPD)

### ARRESTEE INFORMATION

| Last Name | First Name | M.I. | Date of Birth |
|---|---|---|---|
| Thompson | Larry | – | 08/30/1972 |

| Street | Apt No. | City | County | State | Zip Code |
|---|---|---|---|---|---|
| 339 Lincoln pl | | Bk | Kings | Ly | 11213 |

In Care Of

How Long at Address?   N/A   Years   Months   Days

| Defendant's Driver License Number | Social Security Number | Other Identification (Type) |
|---|---|---|
| 971 198 002 | – | – |

Defendant Currently Employed
☐ part-time ☒ full-time

Name, Address, and Telephone of Employer
Postal Service

Defendant Currently in School
☐ part-time ☐ full-time

Name, Address, and Telephone of School
unknown

Social Status
☐ Single ☐ Separated ☐ Divorced ☐ Widowed ☐ Married ☒ Living together

Lives with (check all that apply)
☐ Alone ☐ Parents ☐ Spouse ☐ Friend ☐ Children ☒ Common-Law ☐ Other: (specify)

(For all categories except children indicate name and length of time)

| Name | Length of Time |
|---|---|
| TALETTA WATSON | N/A |

Aliases

Has a co-defendant?
☐ Yes ☒ No

Co-defendant Name

Co-defendant Received DAT?
☐ Yes ☐ No

DAT Serial No.

### CONTACT INFORMATION

Home Phone Number
Area Code (917) 889 – 5076

Home Contact Name / Relationship
Taletta watson / wife

Additional Contact Phone Number
Area Code ( )

Additional Contact Name / Relationship

If given a DAT, will someone go to arraignment with you?
☐ Yes ☐ No ☒ Don't Know

If yes, Name / Relationship

### WARRANT INFORMATION

| Warrant Checked by | Time | Warrant Outstanding? | Warrant Type / Number |
|---|---|---|---|
| P.O CEGias | 0112 | ☐ Yes ☒ No | |

**DEF27**

VERIFICATION INFORMATION

|  | Item Verified | | Source of Verification | | | |
|---|---|---|---|---|---|---|
| Defendant Address: | ☐ No | ☒ Yes | ☐ Phone Contact | ☐ Arresting Officer | ☒ ID type: | 971 188 002 |
| Telephone: | ☐ No | ☒ Yes | ☐ Phone Contact | ☒ Arresting Officer | ☐ ID type: | ▮▮▮▮▮ |
| Employment/School: | ☐ No | ☐ Yes | ☐ Phone Contact | ☐ Arresting Officer | ☐ ID type: | |

Desk Appearance Ticket Issued                    ☐ Yes    ☒ No

Eligibility Failure, but DAT issued anyway (reason) _____

| DAT Serial Number | Return Date | Return Time | ☐ AM  ☐ PM | Other |
|---|---|---|---|---|

**REASONS DAT WAS DENIED**

| | |
|---|---|
| ☐ 1 OUTSTANDING WARRANT | ☐ 11 DESIGNATED RECIDIVIST PROGRAM (attach copy of FINEST warrant check) |
| ☐ 2 RESIDES OUT OF STATE | |
| ☐ 3 UNABLE TO VERIFY ADDRESS | ☐ 12 DESIGNATED VEHICLE OFFENSE AS PER PATROL GUIDE AND INTERIM ORDER |
| ☐ 4 PHOTOGRAPHABLE OFFENSE | |
| ☒ 5 FAMILY OFFENSE | ☐ 13 VIOLATION OF AN ORDER OF PROTECTION **OR** IMMEDIATE NEED TO SECURE ONE |
| ☐ 6 UNABLE TO VERIFY IDENTIFICATION | |
| ☐ 7 ARREST FOR CRIMINAL SALE OF MARIHUANA 4th or 5th DEGREE | ☐ 14 HARASSMENT 1st OR MENACING 2nd, STALKING OFFENSES |
| ☐ 8 UNDER THE INFLUENCE OF DRUGS / MARIHUANA TO THE DEGREE THAT HE MAY ENDANGER HIMSELF OR OTHERS | ☐ 15 CHILD ABUSE, NEGLECT, MALTREATMENT |
| | ☐ 16 GRAFFITI OFFENSES |
| | ☐ 17 CRIMINAL TRESPASS 3rd (Commercial Premises) |
| ☐ 9 ASSAULT 3rd, ATTEMPTED ASSAULT 3rd, MEANCING, AGGRAVATED HARASSMENT, RECKLESS ENDANGERMENT 2nd DEGREE WHEN COMMITTED AGAINST A CITY/STATE ENFORCEMENT AGENT PERFORMING OFFICIAL DUTY | ☐ 18 UNLAWFUL EVICTION |
| | ☐ 19 RESISTING ARREST |
| | ☐ 20 OBSTRUCTING GOVERNMENTAL ADMINISTRATION 2nd (Not Uncooperative Actions) |
| ☐ 10 ARREST FOR INTOX / IMPAIRED DRIVING — VTL sec 1192 sub 1,2,3,4 | ☐ 21 INTERFERENCE WITH PROFESSIONAL SPORTING EVENT (A.C. 10-162) |
| | ☐ 22 OTHER: (specify) _____ |

**FOR "E" FELONIES ONLY—AS AUTHORIZED BY PATROL GUIDE**

DEFENDANT WITH E-FELONY ARREST CHARGES **MUST** HAVE A VERIFIED ADDRESS TO QUALIFY:

|  | Item Verified | | Source of Verification | | |
|---|---|---|---|---|---|
| Defendant Address: | ☐ No | ☐ Yes | ☐ Phone Contact | ☐ Arresting Officer | ☐ ID type: |

IN ADDITION, TWO OF THE FOLLOWING CRITERIA **MUST** BE VERIFIED (indicate):

☐ LIVES AT CURRENT NYC ADDRESS FOR 18 MONTHS OR LONGER
    ☐ No ☐ Yes    ☐ Phone Contact    ☐ Arresting Officer    ☐ ID type: _____

☐ EMPLOYED, IN SCHOOL, IN JOB-TRAINING PROGRAM, OR ANY COMBINATION, FULL TIME
    ☐ No ☐ Yes    ☐ Phone Contact    ☐ Arresting Officer    ☐ ID type: _____

☐ HOME TELEPHONE NUMBER
    ☐ No ☐ Yes    ☐ Phone Contact    ☐ Arresting Officer    ☐ ID type: _____

DESK OFFICER

| RANK | NAME | COMMAND | SIGNATURE |
|---|---|---|---|
| Lt | Jones | 077 | *[signature]* |

**ARRAIGNMENT DATE INFORMATION** (CJA use only)

| Original Arraignment Date | Changed to (First) | Changed to (Last) |
|---|---|---|

**DEF28**