1:14-cv-07349-SLT-RML

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY THOMPSON,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
PAGIEL CLARK, Shield #28742, POLICE OFFICER
PAUL MONTEFUSCO, Shield # 10580, POLICE
OFFICER GERARD BOUWMANS, Shield # 2102,
POLICE OFFICER PHILLIP ROMANO, Shield # 6295,
POLICE OFFICER WARREN RODNEY, Shield #
13744, SERGEANT ANTHONY BERTRAM, Shield
#277, POLICE OFFICERS JOHN/JANE DOE(S) #S 1-
10,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 2

STANDARD OF LAW ...................................................................................................... 4

ARGUMENT

    POINT I

        PLAINTIFF'S DUE PROCESS / UNLAWFUL
        ENTRY CLAIM SHOULD BE DISMISSED ........................................... 5

    POINT II

        PLAINTIFF'S FALSE ARREST CLAIM
        SHOULD BE DISMISSED ...................................................................... 7

    POINT III

        PLAINTIFF'S MALICIOUS PROSECUTION
        CLAIM SHOULD BE DISMISSED ........................................................ 10

            A.   There Was Probable Cause to Prosecute
                 Plaintiff ...................................................................... 10

            B.   Plaintiff Cannot Prove Favorable
                 Termination ................................................................ 11

            C.   Plaintiff Cannot Prove Initiation ................................ 11

            D.   Plaintiff Cannot Prove Malice .................................... 13

    POINT IV

        PLAINTIFF'S FAIR TRIAL CLAIM SHOULD BE
        DISMISSED ............................................................................................ 13

    POINT V

        PLAINTIFF'S DENIAL OF MEDICAL
        TREATMENT CLAIM SHOULD BE DISMISSED ............................... 14

**Page**

POINT VI

PLAINTIFF'S     CLAIMS     AGAINST
DEFENDANTS   BERTRAM   AND   RODNEY
SHOULD   BE   DISMISSED   FOR   LACK   OF
PERSONAL INVOLVEMENT.................................................15

CONCLUSION...............................................................................................16

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                      <u>**Pages**</u>

*Alcantara v. City of New York,*
   646 F. Supp. 2d 449 (S.D.N.Y. 2009) ............................................................12

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986)............................................................................................4

*Angevin v. City of New York,*
   No. 10-CV-5327 (SLT)(SMG), 2016 U.S. Dist. LEXIS 120035
   (E.D.N.Y. Sep. 1, 2016).............................................................................. 12-13

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009)......................................................................................13-14

*Bernard v. United States,*
   25 F.3d 98 (2d Cir. 1994) .................................................................................8

*Burke v. Town of E. Hampton,*
   99-CV-5798 (JS), 99-CV-5799 (JS), 2001 U.S. Dist. LEXIS 22505
   (E.D.N.Y. Mar. 16, 2001)..................................................................................11

*Calvert v. Katy Taxi, Inc.,*
   413 F.2d 841 (2d Cir. 1969) ...............................................................................4

*Colon v. Coughlin,*
   58 F.3d 865 (2d Cir. 1995) ...............................................................................15

*Crockett v. City of New York,*
   No. 11-CV-4378 (PKC), 2015 U.S. Dist. LEXIS 131327
   (E.D.N.Y. Sep. 29, 2015)..................................................................................11

*De Michele v. City of New York,*
   No. 09 Civ 9334 (PGG), 2012 U.S. Dist. LEXIS 136460
   (S.D.N.Y. Sept. 24, 2012)...................................................................................8

*Michigan v. DeFillippo,*
   443 U.S. 31 (1979)..............................................................................................8

*Devenpeck v. Alford,*
   543 U.S. 146 (2004)............................................................................................9

*Ehrlich v. Town of Glastonbury,*
   348 F.2d 38 (2d Cir. 2003) .................................................................................7

**Cases**         **Pages**

*Gilman v. Marsh & McLennan Cos., Inc.*,
    868 F. Supp. 2d 118 (S.D.N.Y. 2012) ........................................................ 12

*Green v. Senkowski*,
    100 F. App'x 45 (2d Cir. 2004) .................................................................. 14

*Harlow v. Fitzgerald*,
    457 U.S. 800 (1982) ...................................................................................... 6

*Haussman v. Fergus*,
    894 F. Supp. 142 (S.D.N.Y. 1995) .............................................................. 8

*Jaegly v. Couch*,
    439 F.3d 149 (2d Cir. 2006) ........................................................................ 9

*Johnson v. City of New York*,
    No. 05 Civ. 7519 (PKC), 2008 U.S. Dist. LEXIS 78984
    (S.D.N.Y. Sept. 29, 2008) ............................................................................ 9

*Jouthe v. City of New York*,
    No. 05-CV-1374 (NGG) (VVP), 2009 U.S. Dist. LEXIS 18163
    (E.D.N.Y. Mar. 10, 2009) ........................................................................... 12

*Koch v. Town of Brattleboro*,
    287 F.2d 162 (2d Cir. 2002) ........................................................................ 7

*Loria v. Gorman*,
    306 F.2d 1271 (2d Cir. 2002) ...................................................................... 7

*Maciariello v. Sumner*,
    973 F.2d 295 (4th Cir. 1992) ....................................................................... 7

*Malley v. Briggs*,
    475 U.S. 335 (1986) ...................................................................................... 7

*Malone v. City of New York*,
    No. 01 CV 6128 (SLT) (RML), 2005 U.S. Dist. LEXIS 20427 ................. 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ...................................................................................... 4

*Morgan v. Nassau County*,
    No. 03-CV-5109 (SLT)(WDW), 2009 U.S. Dist. LEXIS 79180
    (E.D.N.Y. Sept. 1, 2009) ............................................................................ 14

**Cases**     **Pages**

*Murphy v. Lynn,*
118 F.3d 938 (2d Cir. 1997) ....................................................................10

*Pittman v. City of New York,*
14-CV-4140 (ARR) (RLM),
2014 U.S. Dist. LEXIS 178420 (E.D.N.Y. Dec. 30, 2014).........................15

*Poe v. Leonard,*
282 F.3d 123 (2d Cir. 2002) ...................................................................6-7

*Present v. Avon Prods, Inc.,*
687 N.Y.S.2d 330 (App. Div. 1999).........................................................12

*Provost v. City of Newburgh,*
262 F.3d 146 (2d Cir. 2001) ....................................................................15

*Rohman v. New York City Transit Auth.,*
215 F.3d 208 (2d Cir. 2000) .................................................................10-11

*Rothstein v. Carriere,*
373 F.3d 275 (2d Cir. 2004) ....................................................................10

*Scotto v. Almenas,*
143 F.3d 105 (2d Cir. 1998) ......................................................................4

*Singer v. Fulton County Sheriff,*
63 F.3d 110 (2d Cir. 1995) ......................................................................7-8

*Soller v. Boudreaux,*
No. 12-CV-0167 (SJF)(SIL), 2015 U.S. Dist. LEXIS 14084
(E.D.N.Y. Feb. 3, 2015)............................................................................5-6

*Tierney v. Davidson,*
133 F.3d 189 (2d Cir. 1998) ......................................................................5

*Townes v. City of New York,*
176 F.3d 138 (2d Cir. 1999) ....................................................................12

*Vasquez v. City of New York,*
No. 11-CV-3024 (SLT) (VVP), 2013 U.S. Dist. LEXIS 144313
(E.D.N.Y. Sep. 30, 2013)........................................................................10-11

*Wahhab v. City of New York,*
386 F. Supp. 2d 277 (S.D.N.Y. 2005) ......................................................10

**Cases**                                                                                                    **Pages**

*Weyant v. Okst,*
   101 F.3d 845 (2d Cir. 1996) ........................................................................... 8

*Nebraska v. Wyoming,*
   507 U.S. 584 (1993).................................................................................... 5

*Ying Jing Gan v. City of New York,*
   996 F.2d 522 (2d Cir. 1993) ........................................................................ 4

*Zellner v. Summerlin,*
   494 F.3d 344 (2d Cir. 2007) ........................................................................ 9

**Statutes**

42 U.S.C. § 1983 ............................................................................................... 1, 10

Fed. R. Civ. P. 56............................................................................................... 1, 2

Fed. R. Civ. P. 56(a)............................................................................................. 4

N.Y. Penal Law § 260.10 (2014) ...................................................................... 9-10

N.Y. Penal Law § 195.05 (2014) ........................................................................ 8-9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LARRY THOMPSON,

                                          Plaintiff,

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER PAGIEL
CLARK, Shield #28742, POLICE OFFICER PAUL
MONTEFUSCO, Shield # 10580, POLICE OFFICER
GERARD BOUWMANS, Shield # 2102, POLICE
OFFICER PHILLIP ROMANO, Shield # 6295, POLICE
OFFICER WARREN RODNEY, Shield # 13744,
SERGEANT ANTHONY BERTRAM, Shield #277,
POLICE OFFICERS JOHN/JANE DOE(S) #S 1-10,

                                   Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
MEMORANDUM OF LAW
IN SUPPORT OF THEIR
MOTION FOR SUMMARY
JUDGMENT**

1:14-cv-07349-SLT-RML

Defendants City of New York ("City"), Pagiel Clark ("Clark"), Paul Montefusco

("Montefusco"), Gerard Bouwmans ("Bouwmans"), Phillip Romano ("Romano"), Warren

Rodney ("Rodney") and Anthony Bertram ("Bertram"), by their attorney, Zachary W. Carter,

Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in

support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure.

## PRELIMINARY STATEMENT

        Plaintiff Larry Thompson brings this action, pursuant to 42 U.S.C. § 1983

alleging violations of his civil rights.  Specifically, plaintiff asserts claims of false arrest,

excessive force, malicious prosecution, denial of a fair trial, failure to intervene, denial of

medical treatment, and due process (unlawful entry) against the City, Clark, Montefusco,

Bouwmans, Romano, Rodney and Bertram.  Defendants now move for summary judgment on

plaintiff's claims for due process (unlawful entry), false arrest, malicious prosecution, denial of a fair trial, and denial of medical treatment pursuant to Fed. R. Civ. P. 56 on the grounds that: (1) plaintiff's due process / unlawful entry claim fails as a matter of law because defendants had detailed information concerning a report of suspected child abuse in progress, which was verified by a known complainant and, therefore, they were entitled to enter plaintiff's apartment in order to render emergency aid; (2) plaintiff's false arrest claim fails as a matter of law because there was probable cause to arrest him for Obstructing Governmental Administration because he both verbally and physically refused to allow the defendants to investigate the child abuse allegations; (3) plaintiff's malicious prosecution claim fails as a matter of law because, *inter alia*, there was probable cause to prosecute plaintiff and he is unable to prove that the criminal charges against him were favorably terminated; (4) plaintiff's denial of a fair trial claim fails because it is conclusory and otherwise without merit; and (5) plaintiff's denial of medical treatment claim fails a matter of law because his alleged injuries were not sufficiently serious and, in any event, because plaintiff was transported to the hospital while he was in custody.  Plaintiff's claims against defendants Bertram and Rodney should also be dismissed based on lack of personal involvement.

## STATEMENT OF FACTS

On January 15, 2014 at approximately 10:20 p.m., two emergency medical technicians ("EMTs") and four police officers – Clark, Montefusco, Bouwmans and Romano – responded to a radio run regarding a 911 call of an assault in progress and possible child abuse at 339 Lincoln Place in Brooklyn. *See* 56.1 Stmt. (Docket No. 45-1) at ¶¶ 1, 5, 12.  The 911 call was made by Camille Watson, the aunt of plaintiff's newborn child. *See id.* at ¶ 1.  She reported that she observed red rashes / markings on the child's buttocks area and that the plaintiff was abusing the child. *See id.* at ¶¶ 1-2.  The 911 caller identified herself both by name and by her

relationship to the child. *See id.* at ¶¶ 1, 3. She also described plaintiff by gender, race, age, height and weight. *See id.* at ¶¶ 3-4.

At the scene, the EMTs spoke with the 911 caller and she confirmed again what she had previously reported. *See id.* at ¶¶ 7-8. The 911 caller then led the EMTs to the apartment unit where plaintiff refused to allow the EMTs to investigate the child abuse allegations. *See id.* at ¶¶ 8, 10-11. Upon the officers' arrival, the EMTs explained the situation, explained that plaintiff, who was aggressive, had refused them entry, and explained that they had to enter in order to investigate the allegations and evaluate the child. *See id.* at ¶¶ 14-16. The EMTs also informed the officers that the 911 caller was very scared and was afraid that plaintiff would get violent, and they gave the officers a sense of urgency that the child may be in danger. *See id.* at ¶¶ 15-16.

The officers and EMTs knocked on plaintiff's apartment door, explained the situation to plaintiff and explained that they needed to enter. *See id.* at ¶ 17. Plaintiff, however, refused to allow the officers to enter his apartment to investigate. *See id.* at ¶ 19. Because plaintiff refused to allow the officers and/or EMTs to enter in order to investigate the child abuse allegations, plaintiff was arrested for, *inter alia*, Obstruction of Governmental Administration. *See id.* at ¶ 20.

After plaintiff was arrested, the officers and EMTs made entry into the apartment and the baby, who had visible red markings on her buttocks, and her mother were transported to Kings County Hospital for further evaluation. *See id.* at ¶ 23.

While at the police precinct, plaintiff complained of pain to his neck, lower back and right shoulder and he was subsequently transported by ambulance to Interfaith Hospital for

evaluation and treatment.  *See id.* at ¶¶ 25-26.  Plaintiff was not diagnosed with any significant injuries.  *See id.* at ¶¶ 28-29.

For the charges against plaintiff were eventually dismissed in April 2014 on motion of the District Attorney "in the interest of justice."  *See id.* at ¶ 30.

For a more detailed statement of undisputed material facts, defendants refer the Court to their Statement Pursuant to Local Civil Rule 56.1.  *See* Docket No. 45-1.

## STANDARD OF LAW

Summary judgment is warranted when the Court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (a).  At this stage, the Court must determine "whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In opposing summary judgment, the "non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  The party bearing the burden of proof has no right to take the case to trial if a favorable verdict could only be the product of surmise, speculation, and conjecture.  *See, e.g., Calvert v. Katy Taxi, Inc.,* 413 F.2d 841, 844 (2d Cir. 1969).  Therefore, the non-moving party must produce evidence to support his case and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible."  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).  "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

A plaintiff has the burden to present admissible evidence which would tend to show that there is a genuine issue of fact with respect to their claims for trial. *See e.g., Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (finding that when the nonmoving party bears burden of proof at trial, moving party is entitled to summary judgment if non-movant fails to make showing on essential element of its claim).

In the instant matter, summary judgment should be granted in favor of defendants because there are no genuine issues of material fact which warrant a trial with respect to plaintiff's claims for due process (unlawful entry), false arrest, malicious prosecution, denial of a fair trial, and denial of medical treatment.

## ARGUMENT

### POINT I

### PLAINTIFF'S DUE PROCESS / UNLAWFUL ENTRY CLAIM SHOULD BE DISMISSED

It is well-settled that "police officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that assistance." *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998) (internal quotation marks and citation omitted). "Courts must apply an objective standard to determine the reasonableness of the officer's belief." *Id.* However, courts must also consider "the circumstances then confronting the officer, including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences." *Id.* at 196-97 (internal quotation marks and citation omitted); *see also, e.g., Soller v. Boudreaux*, No. 12-CV-0167 (SJF)(SIL), 2015 U.S. Dist. LEXIS 14084, at *31-32 (E.D.N.Y. Feb. 3, 2015) ('[T]he court must refrain from replacing the objective inquiry into appearances with a hindsight determination that there was in fact no emergency. . . . Reasonableness must be judged from the perspective of

a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.") (internal quotation marks and citation omitted).

Here, Clark, Montefusco, Bouwmans and Romano were responding to a 911 call, made from an identified caller, reporting that plaintiff, whom she described by gender, race, age, height and weight, was abusing her niece and that she observed red rashes / marking on her niece's buttocks area.  Moreover, two EMTs spoke with the 911 caller when they arrived at the scene and they confirmed her initial report.  When the officers arrived on scene, the EMTs informed them that plaintiff, who was acting aggressively, refused them entry into the apartment and that they had to enter in order to investigate the child abuse allegations.  The EMTs further informed the officers that the 911 caller was very scared and was afraid that plaintiff would get violent, and they gave the officers a sense of urgency that the child may be in danger.

Under these circumstances, Clark, Montefusco, Bouwmans and Romano were entitled to enter plaintiff's apartment without a warrant under the emergency aid doctrine. Indeed, these officers would have been remiss in their duties had they simply just accepted plaintiff's refusal to allow them into his apartment and disregarded the serious child abuse allegations being made by an occupant of that apartment.  Accordingly, plaintiff's due process / unlawful entry claim should be dismissed.

Defendants Clark, Montefusco, Bouwmans and Romano are also entitled to qualified immunity.  The purpose of qualified immunity is to protect government employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  The main "concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular

police conduct." *Poe v. Leonard*, 282 F.3d 123, 133 (2d Cir. 2002).  Law enforcement officers "are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).  Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A governmental official is entitled to qualified immunity "if reasonable officers could disagree as to whether exigent circumstances were present." *Loria v. Gorman*, 306 F.2d 1271, 1287 (2d Cir. 2002).  Therefore, a grant of summary judgment based on qualified immunity is appropriate if the Court finds that "the officers reasonably believed that exigent circumstances justified their entry." *Koch v. Town of Brattleboro*, 287 F.2d 162, 169 (2d Cir. 2002); *see also, e.g., Ehrlich v. Town of Glastonbury*, 348 F.2d 38, 60 (2d Cir. 2003) ("The defendants are entitled to qualified immunity on the unlawful entry claim if they had a reasonable, if mistaken, belief that the entry was justified by exigent circumstances.").

In the present case, it was not unreasonable for an objective officer to conclude that a child was in danger and in need of emergency assistance or aid based on the information available to Clark, Montefusco, Bouwmans and Romano at the time.  Accordingly, defendants Clark, Montefusco, Bouwmans and Romano are entitled to qualified immunity and plaintiff's unlawful entry claim should be dismissed.

### POINT II

### PLAINTIFF'S FALSE ARREST CLAIM
### SHOULD BE DISMISSED

In order to state a claim for false arrest, a plaintiff must prove that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise

privileged." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal quotation marks and citation omitted).

"The existence of probable cause to arrest constitutes justification and is a 'complete defense to an action for false arrest.'" *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer*, 63 F.3d at 118 (2d Cir. 1995) (internal quotation marks and citations omitted).

"[T]he validity of an arrest does not depend upon an ultimate finding of guilt or innocence." *See, e.g.*, *Haussman v. Fergus*, 894 F. Supp. 142, 147 (S.D.N.Y. 1995). Thus, whether the charges for which plaintiff was arrested are later dismissed is irrelevant to a determination of probable cause at the time of arrest. *See, e.g., Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); *see also, e.g., De Michele v. City of New York*, No. 09 Civ. 9334 (PGG), 2012 U.S. Dist. LEXIS 136460, at *22 (S.D.N.Y. Sept. 24, 2012) ("The eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest."). "'The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers.'" *De Michele*, 2012 U.S. Dist. LEXIS 136460, at *20 (quoting *Weyant*, 101 F.3d at 852).

Plaintiff was arrested and charged with, *inter alia*, Obstructing Governmental Administration in the Second Degree. Pursuant to New York State Penal Law § 195.05 at the time of plaintiff's arrest, "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental

function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act."

It is well-settled that "[a]n officer has probable cause to arrest for obstructing governmental administration where a person refuses to comply with an order from a police officer." *Johnson v. City of New York*, No. 05 Civ. 7519 (PKC), 2008 U.S. Dist. LEXIS 78984, at *26 (S.D.N.Y. Sept. 29, 2008) (finding probable cause to arrest plaintiff because he refused to allow police officer to enter his apartment).

Here, there was probable cause to arrest plaintiff because he both verbally and physically (by blocking the doorway) refused to allow either the EMTs or police officers to enter his apartment to investigate the report of child abuse, thereby refusing to comply with a lawful order from police officers and interfering with a lawful investigation.

In addition, courts have repeatedly held that "a claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004)); *see also Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) ("[A]n arrest is not unlawful so long as the officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances sufficient to provide probable cause to believe that the person arrested has committed any crime.").

Based upon the information obtained from the 911 caller both over the phone and at the scene, there was also probable cause to arrest plaintiff for, *inter alia*, Endangering the Welfare of a Child. *See* N.Y. Penal Law § 260.10 (2014) ("A person is guilty of endangering the

welfare of a child when . . . he . . . knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old."); *see also, e.g., Wahhab v. City of New York*, 386 F. Supp. 2d 277, 287 (S.D.N.Y. 2005) ("Probable cause will generally be found to exist when an officer is advised of a crime by a victim or an eyewitness.").

Accordingly, plaintiff's false arrest claim should be dismissed.

## POINT III

## PLAINTIFF'S MALICIOUS PROSECUTION
## CLAIM SHOULD BE DISMISSED

Under New York law, to establish a claim of malicious prosecution, a plaintiff must prove each of the following:  "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (internal quotation marks and citation omitted).  In addition to these state law elements, a malicious prosecution claim brought under Section 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).  "[T]he law places a ***heavy burden*** on malicious prosecution plaintiffs." *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004) (internal quotation marks and citation omitted) (emphasis added).  Here, plaintiff's malicious prosecution fails on several, independent grounds.

**A.**     **There Was Probable Cause to Prosecute Plaintiff**

As explained above, there are no genuine issues as to the facts which provided probable cause to arrest plaintiff.  "Once probable cause to arrest has been established, claims of malicious prosecution survive only if, between the arrest and initiation of the prosecution, the

groundless nature of the charges is made apparent by the discovery of some intervening fact." *Vasquez v. City of New York*, No. 11-CV-3024 (SLT) (VVP), 2013 U.S. Dist. LEXIS 144313, at *21 (E.D.N.Y. Sep. 30, 2013) (Townes, J.) (internal quotation marks and citation omitted); *see also, e.g., Malone v. City of New York*, No. 01 CV 6128 (SLT) (RML), 2005 U.S. Dist. LEXIS 20427, at *12 (Townes, J.) ("[A] finding of probable cause supporting an arrest defeats a malicious prosecution claim unless plaintiff can demonstrate that at some point subsequent to the arrest, additional facts came to light that negated probable cause.") (internal quotation marks and citation omitted).  Here, Plaintiff has neither alleged nor is there any evidence supporting an allegation that some new evidence was uncovered between the time of arrest and initiation to vitiate probable cause.  Accordingly, plaintiff's malicious prosecution claim should be dismissed.

**B.     Plaintiff Cannot Prove Favorable Termination**

"In this Circuit, it is well established, as a matter of law, that a dismissal in the interests of justice cannot provide the favorable termination required as the basis for a claim of malicious prosecution."  *Burke v. Town of E. Hampton*, 99-CV-5798 (JS), 99-CV-5799 (JS), 2001 U.S. Dist. LEXIS 22505, at *36 (E.D.N.Y. Mar. 16, 2001); *see also, e.g., Crockett v. City of New York*, No. 11-CV-4378 (PKC), 2015 U.S. Dist. LEXIS 131327, at *25-28 (E.D.N.Y. Sep. 29, 2015).  Therefore, the dismissal of the criminal charges against plaintiff "in the interest of justice," *see* 56.1 Stmt. at ¶ 30, "bars [him] maintaining a claim for malicious prosecution" because he "cannot established as a matter of law, that the statute prosecution terminated in [his] favor." *Burke*, 2001 U.S. Dist. LEXIS 22505, at *36.

**C.     Plaintiff Cannot Prove Initiation**

The Second Circuit has held that "[i]nitiation in [the context of malicious prosecution] is a term of art," involving more than merely reporting a crime and giving testimony; "it must be shown that defendant played an active role in the prosecution, such as

giving advice and encouragement or importuning the authorities to act." *Rohman*, 215 F.3d at 217 (internal quotation marks and citation omitted). "One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding." *Present v. Avon Prods, Inc.*, 687 N.Y.S.2d 330, 335 (App. Div. 1999). "[A] malicious-prosecution claim cannot stand if the decision made by the prosecutor to bring criminal charges was independent of any pressure exerted by [the] police." *Alcantara v. City of New York*, 646 F. Supp. 2d 449, 457 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

"New York law imposes a presumption that a prosecutor exercises his own independent judgment in deciding to prosecute a criminal defendant." *Gilman v. Marsh & McLennan Cos., Inc.*, 868 F. Supp. 118, 128 (S.D.N.Y. 2012) (citation omitted). Thus, "'once a criminal defendant has been formally charged, the chain of causation between the officer's conduct and the claim of malicious prosecution is broken by the intervening actions of the prosecutor, thereby abolishing the officer's responsibility for the prosecution.'" *Jouthe v. City of New York*, No. 05-CV-1374 (NGG) (VVP), 2009 U.S. Dist. LEXIS 18163, at *35 (E.D.N.Y. Mar. 10, 2009) (citation omitted); *see also Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999) ("It is well settled that the chain of causation between a police offer's unlawful arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment.").

Here, plaintiff is not able to rebut the presumption.  Plaintiff is unable to show that any of the defendants played an active role in the prosecution or that any of them did anything beyond simply disclosing all material information to a prosecutor.  Once plaintiff was formally charged, the defendants' responsibility for the prosecution ended.  Accordingly,

plaintiff's malicious prosecution claim should be dismissed.  *See, e.g., Angevin v. City of New York*, No. 10-CV-5327 (SLT)(SMG), 2016 U.S. Dist. LEXIS 120035, at *25 (E.D.N.Y. Sep. 1, 2016) (Townes, J.) ("Since there is nothing to suggest that [defendant] did more than disclose to the prosecutor the material information within his knowledge, there is insufficient evidence to establish that [defendant] initiated the criminal proceedings against Plaintiff.").

## D.      **Plaintiff Cannot Prove Malice**

In order to prove malice, a plaintiff must show "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served."  *Id.* at *27 (internal quotation marks and citation omitted).  Here, there is no evidence that any of the defendants had a "wrong or improper motive."  In addition, as explained above, because there was probable cause to arrest plaintiff, plaintiff is unable to establish malice because "there is no improper motive in following through on the prosecution of a defendant lawfully arrested."  *Id.* at *28.  Accordingly, plaintiff's malicious prosecution claim should be dismissed.

## POINT IV

## PLAINTIFF'S FAIR TRIAL CLAIM SHOULD
## BE DISMISSED

Plaintiff's denial of a right to a fair trial claim is conclusory and does not allege sufficient facts to withstand dismissal.  In support of his fair trial claim, plaintiff merely alleges that "[b]y fabricating evidence, defendants violated [plaintiff's] constitutional right to a fair trial" and that "[d]efendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff."  Third Amended Complaint at ¶¶ 58-59.  Plaintiff fails to specify or identify any allegedly fabricated evidence or any allegedly false information.  As a result, plaintiff's claim must be dismissed.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not sufficient to withstand dismissal).

In any event, there is no evidence in the record to support plaintiff's fair trial claim even had he properly pled it.   As explained above, plaintiff was arrested and prosecuted because of his undisputed refusal to allow the defendants to enter his apartment in order to investigate reliable, corroborated child abuse allegations.   Thus, plaintiff was not prosecuted based on any "false" or "fabricated" information or evidence.

Accordingly, plaintiff's fair trial claim should be dismissed.

### POINT V

### PLAINTIFF'S DENIAL OF MEDICAL
### TREATMENT CLAIM SHOULD BE
### DISMISSED

Plaintiff's denial of medical treatment claim should be dismissed because his alleged reported injuries (i.e., neck, back and shoulder pain) were not sufficiently serious or urgent to rise to the level of a constitutional claim.   *See, e.g., Green v. Senkowski*, 100 F. App'x 45, 46 (2d Cir. 2004) ("To prevail on a constitutional claim of deliberate medical indifference, a plaintiff must prove that he suffered from an objectively serious medical condition . . . .   A serious medical condition is one that may result in death, degeneration, or 'chronic and substantial pain.'") (citation omitted).   In any event, plaintiff was in fact transported to the hospital while he was in custody so there is no merit to plaintiff's claim.   *See, e.g., Morgan v. Nassau County*, No. 03-CV-5109 (SLT)(WDW), 2009 U.S. Dist. LEXIS 79180, at *41-41 (E.D.N.Y. Sept. 1, 2009) (Townes, J.).

Accordingly, plaintiff's denial of medical treatment claim should be dismissed.

## POINT VI

### PLAINTIFF'S CLAIMS AGAINST DEFENDANTS BERTRAM AND RODNEY SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT

"It is well settled in [the Second] Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (internal quotation marks and citation omitted). "Personal involvement includes 'direct participation,' which has been defined as the 'intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.'" *Pittman v. City of New York*, 14-CV-4140 (ARR) (RLM), 2014 U.S. Dist. LEXIS 178420, at *18 (E.D.N.Y. Dec. 30, 2014) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)).

Here, it is undisputed that Bertram arrived on scene only after plaintiff was arrested and never went inside the apartment building. *See* 56.1 Stmt. at ¶ 24. In addition, Rodney merely escorted plaintiff to the hospital from the police precinct and was not involved in plaintiff's arrest and never even went to the scene of plaintiff's arrest. *See id.* at ¶ 27. Therefore, neither Bertram nor Rodney directly participated, or were otherwise personally involved, in plaintiff's arrest or prosecution, in the entry into plaintiff's apartment, or in the alleged use of force.

Accordingly, all claims against Bertram and Rodney should be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendants City, Clark, Montefusco, Bouwmans, Romano, Rodney and Bertram respectfully request that the Court grant their motion for summary judgment in its entirety, with prejudice, together with costs and fees the Court deems just and proper.

Dated:      New York, New York
            March 10, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York  10007
(212) 356-2351

By:         _____
          Kavin Thadani
          Senior Counsel
          Special Federal Litigation Division

TO:    **BY OVERNIGHT MAIL**
      David Zelman, Esq.
      *Attorney for Plaintiff*