1:14-cv-07349-JBW-RML

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY THOMPSON,

                                              Plaintiff,

-against-

Police Officer PAGIEL CLARK, Shield #28742; Police Officer PAUL MONTEFUSCO, Shield #10580; Police Officer GERARD BOUWMANS, Shield #2102; Police Officer PHILLIP ROMANO, Shield #6295,

                                              Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Kavin Thadani*
*Tel: (212) 356-2351*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LARRY THOMPSON,

                                  Plaintiff,

-against-

Police Officer PAGIEL CLARK, Shield #28742; Police Officer PAUL MONTEFUSCO, Shield #10580; Police Officer GERARD BOUWMANS, Shield #2102; Police Officer PHILLIP ROMANO, Shield #6295,[1]

                                  Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

1:14-cv-07349-JBW-RML

------------------------------------------------------------------------ x

Defendants Pagiel Clark ("Clark"), Paul Montefusco ("Montefusco"), Gerard Bouwmans ("Bouwmans") and Phillip Romano ("Romano"), by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motions *in Limine*.

---

[1] Plaintiff improperly includes the City of New York as a defendant in the caption of his Memorandum of Law in Support of Plaintiff's Motions *in Limine*.

Plaintiff also improperly refers to Warren Rodney as a defendant in his proposed list of witnesses, and further improperly represents that Officer Rodney was involved in plaintiff's arrest and prosecution. Indeed, plaintiff has already conceded Officer Rodney's lack of involvement. *See, e.g.,* Amended Memorandum & Order at 28 (Docket No. 77).

## ARGUMENT

### POINT I

### PLAINTIFF MISREPRESENTS THE CLAIMS FOR TRIAL

In his memorandum of law, plaintiff erroneously states that he has asserted "false arrest, excessive force, malicious prosecution, due process claims and denial of fair trial claims under 42 U.S.C. § 1983 and New York law, and assault and battery, negligence, and respondeat superior claims under New York law." Pl. Opp. (Docket No. 83) at 1. However, plaintiff has ***never*** alleged assault, battery, negligence or any other state law claims in this action, nor has he ever filed a notice of claim (or properly pled that he did). Indeed, plaintiff affirmatively represented in his summary judgment briefing that he was ***only*** pursuing federal claims. *See* Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment (Docket No. 53) at 1; Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment (Docket No. 52) at 1.

Moreover, the Court has already held that the ***only*** claims to be tried are: "(1) unlawful entry . . . ; (2) false arrest . . . ; (3) excessive force . . . ; (4) malicious prosecution against Officer Clark;[2] (5) denial of a right to a fair trial against Officer Clark; and (6) failure to intervene . . ." Amended Memorandum & Order (Docket No. 77) at 6.[3]

---

[2]   As explained in Point IV below, in light of the Second Circuit's recent decision is *Lanning v. City of Glens Falls*, plaintiff's malicious prosecution claim should be dismissed before trial.

[3]   Plaintiff also misstates the undisputed facts of this case in his memorandum. For example, plaintiff states that defendants were responding to an "anonymous" report of possible child abuse, Pl. Opp. (Docket No. 83) at 1, however the record is clear that the report was made by Camille Watson, a resident of plaintiff's apartment. *See, e.g.,* Amended Memorandum & Order at 6 (Docket No. 77).

# POINT II

## DEFENDANTS SHOULD BE PERMITTED TO OFFER EVIDENCE OF THE EXTENT TO WHICH PLAINTIFF HAS BEEN INCARCERATED

Defendants do not seek to offer evidence of plaintiff's prior misdemeanor convictions or prior arrests for the purpose of impeaching his credibility. However, defendants should be permitted to offer evidence of plaintiff's prior time incarcerated to controvert his alleged damages.

Courts in both the Southern and Eastern Districts of New York have routinely permitted inquiry into a plaintiff's arrest history for the purposes of emotional damages. A common rationale is that "one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained." *Wilson v. City of New York*, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006); *see also, e.g., Banushi v. P.O. Palmer,* No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *7-8 (E.D.N.Y. Jan. 4, 2011) ("Because a plaintiff who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained, . . . defendants may inquire into plaintiff's past arrests and incarcerations during the damages phase of the trial.") (internal quotation marks and citation omitted). "Further, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Banushi*, 2011 U.S. Dist. LEXIS 419, at *8 (quotations omitted); *see also, e.g., Wisdom v. Undercover Police Officer #C0127*, 879 F. Supp. 2d 339, 342 (E.D.N.Y. 2012) ("[Plaintiff's] request to preclude evidence of his **prior arrests** is denied. The parties agree that such evidence is relevant to the issue of damages . . . and cases in this circuit support that argument."); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 207 (E.D.N.Y.

3

2012) ("Plaintiff seeks emotional damages resulting from Defendants' actions. Accordingly, Defendants will be permitted to ask Plaintiff if he has previously been arrested and if he has previously been incarcerated. Defendants may also inquire into the dates and duration of Plaintiff's prior incarcerations."); *Ramos v. County of Suffolk*, 707 F. Supp. 2d 421, 424 (E.D.N.Y. 2010) ("The Court ruled that the fact of the arrest was admissible because it affected the plaintiff's claim for emotional distress damages, but that the reason for the arrest was not admissible.").

Here, plaintiff alleges emotional damages as a result of his false arrest claim. *See, e.g.*, Third Amended Complaint (Docket No. 34) at ¶ 29 (alleging that, as a result of his false arrest, plaintiff suffered, *inter alia*, "mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries."). Prior to his arrest in this case, plaintiff was arrested on at least five different occasions just within the City of New York. Because plaintiff was certainly no stranger to the criminal justice system, his detention at issue in this case must be placed in context for the jury. Defendants should be permitted to inform the jury that plaintiff's damages – particularly any damages for mental anguish attendant upon imprisonment – were mitigated by his earlier encounters with the criminal justice system. As a result, plaintiff's claim for damages stemming from time spent in custody is rife with causation issues to the extent that a jury must be informed of his prior interactions with law enforcement and the alleged impact it had on him to properly evaluate the claim. In that regard, defendants simply seek permission to elicit from plaintiff the amount of time he has spent incarcerated without going into any additional detail.

4

## POINT III

**DEFENDANTS HAVE REMOVED SERGEANT ANTHONY BERTRAM FROM THEIR PROPOSED WITNESS LIST**

Defendants have removed Sergeant Anthony Bertram from their proposed witness list and, therefore, plaintiff's motion to exclude him from testifying is moot.[4]  In addition, defendants do not intend to introduce evidence concerning Sgt. Bertram's telephone call with an attorney from the New York City Police Department legal department.

## POINT IV

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED BEFORE TRIAL PURSUANT TO THE SECOND CIRCUIT'S RECENT DECISION IN *LANNING V. CITY OF GLENS FALLS***

Just recently, on November 7, 2018, the Second Circuit clarified that, in order to establish the favorable termination element of a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove that the underlying criminal proceeding was terminated in a manner ***indicative of the plaintiff's innocence***.  *See Lanning v. City of Glens Falls*, No. 17-970-cv, 2018 U.S. App. LEXIS 31489, at *8-18 (2d Cir. Nov. 7, 2018).  The Second Circuit further reiterated that "where a dismissal in the interest of justice leaves the question of guilt or innocence unanswered[,] . . . it ***cannot provide the favorable termination required*** as the basis for [that] claim."  *Id.* at *18 (internal quotation marks and citation omitted) (emphasis added).

Therefore, because the criminal prosecution against plaintiff was dismissed "in the interest of justice.," Apr. 9, 2014 Criminal Court Transcript (Docket No. 45-18) at 2:5-6, and

---

[4]  It should be noted that, despite moving to exclude Sgt. Bertram from testifying at trial, plaintiff has included him in his proposed list of witnesses.

5

there is no evidence in the transcript for the final criminal court proceeding or anywhere else in the record to suggest that the prosecution was terminated in a manner indicative of plaintiff's innocence, plaintiff's malicious prosecution claim should be dismissed before trial.

However, should the Court not dismiss plaintiff's malicious prosecution claim before trial, defendants submit that the April 9, 2014 criminal court transcript (Defendants' Exhibit B) should not be excluded (particularly where plaintiff seeks to admit the Certificate of Disposition) as it is highly probative of the fact that the underlying prosecution was not terminated in plaintiff's favor (i.e., in a manner indicative of plaintiff's innocence).[5]

## POINT V

### DEFENDANTS HAVE NO OBJECTION TO REDACTING THE MEDICAL TREATMENT OF PRISONER FORM HOWEVER THE FDNY PRE-HOSPITAL CARE REPORT SUMMARY SHOULD NOT BE REDACTED

Defendants have no objection to redacting that plaintiff was placed in "leg shackles and rear cuffed" from the Medical Treatment of Prisoner Form (Defendants' Exhibit D) and, therefore, plaintiff's motion seeking such redaction is moot.

However, plaintiff's arguments concerning the redaction of the FDNY Pre-Hospital Care Report Summary (Defendants' Exhibit E) are without merit. Plaintiff argues that this exhibit should be redacted because it contains allegedly inaccurate information. However, that is not a proper basis for redacting documents. Indeed, plaintiff's arguments in this regard go to weight and not admissibility.

---

[5] Defendants further note that, to the extent that plaintiff's malicious prosecution claim proceeds to trial, despite plaintiff's assertions to the contrary, plaintiff will bear the burden of proving each and every element of his malicious prosecution claim, including initiation, favorable termination, lack of probable cause, malice and deprivation of liberty, by a preponderance of the evidence.

Plaintiff further improperly asserts that the provider impression contained within the FDNY Pre-Hospital Care Report Summary constitutes inadmissible hearsay statements made by an unknown person. On the contrary, the document clearly indicates the names of the emergency medical technicians who transported plaintiff to the hospital as well as the names of the emergency medical technician and registered nurse who signed the document. Moreover, neither the document nor the provider's impression contained therein are inadmissible hearsay insofar as the document itself is a properly certified business record which is excepted from hearsay pursuant to Fed. R. Evid. 803(6).[6] Had plaintiff wanted to challenge the provider impression contained within the FDNY Pre-Hospital Care Report, he could have deposed the relevant emergency medical technicians and/or registered nurse but he deliberately chose not to do so. To the extent plaintiff asserts that the provider's impression is prejudicial, any limited prejudicial effect certainly does not substantially outweigh its high probative value since this impression was made by a medical professional who evaluated plaintiff shortly after the incident.

Accordingly, the FDNY Pre-Hospital Care Report Summary should not be redacted.

---

[6] The statements contained within the FNDY Pre-Hospital Care Report Summary are further excepted from hearsay insofar as they are statements made for medical diagnosis or treatment pursuant to Fed. R. Evid. 803(4).

7

# POINT VI

**DEFENDANTS DO NOT INTEND TO INTRODUCE EVIDENCE THAT THEY WERE MOTIVATED BY THE DESIRE TO RESPOND TO OTHER CALLS NOR DO THEY INTEND TO INTRODUCE EVIDENCE OF PLAINTIFF'S PAST ALCOHOL USE AND TREATMENT EXCEPT AS NECESSARY TO REFUTE DAMAGES HOWEVER PLAINTIFF'S APPARENT MOTION TO COMPEL DEFENDANTS TO PRODUCE POTENTIAL IMPEACHMENT MATERIAL SHOULD BE DENIED**

Defendants do not intend to introduce evidence that they were motivated or influenced in any way by the desire to respond to other calls, nor do defendants intend to introduce evidence of plaintiff's past alcohol use and treatment except as necessary to refute plaintiff's alleged damages. Therefore, plaintiff's motions to exclude such evidence are moot.

However, plaintiff's motion that defendants should be required to produce potential impeachment material to plaintiff prior to trial should be denied. The Federal Rules of Civil Procedure require no such disclosure, *see* Fed. R. Civ. P 26(a)(1)(A)(ii) (excluding impeachment materials from required disclosures), Fed. R. Civ. P. 26a(3)(A) (excluding impeachment materials from required pre-trial disclosures), and the Court hasn't required such disclosure either. Accordingly, plaintiff's motion should be denied.

## **CONCLUSION**

For the reasons set forth above, defendants respectfully submit that plaintiff's motions *in limine* should be denied in their entirety.

Dated: New York, New York
November 26, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the City of New York
        *Attorney for Defendants*
        100 Church Street
        New York, New York 10007
        (212) 356-2351

        By: /s/ Kavin Thadani
            Kavin Thadani

TO: **VIA ECF**
    David Zelman, Esq.
    Cary London, Esq.
    *Attorneys for Plaintiff*