**DRAFT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY THOMPSON,

Plaintiff,

– against –

Police Officer PAGIEL CLARK, Shield
#28742; Police Officer PAUL
MONTEFUSCO, Shield #10580; Police
Officer GERARD BOUWMANS, Shield
#2102; Police Officer PHILLIP ROMANO,
Shield #6295,

Defendants.

**DRAFT JURY CHARGE AND
VERDICT SHEET**

14-CV-7349

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   DEC 2 7 2018   ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior District Judge:**

## Table of Contents

I.    INTRODUCTION ............................................................................................ 2

II.   GENERAL RULES ......................................................................................... 3

   A.    Role of the Court and of the Jury ............................................................. 3

   B.    All Persons Equal Before the Court .......................................................... 4

   C.    Claims and Burden of Proof ...................................................................... 4

   D.    Unanimity of Decision .............................................................................. 5

   E.    Evaluation of the Evidence ....................................................................... 5

   F.    Witnesses .................................................................................................. 6

      i.    General Principles ............................................................................. 6

      ii.   Testimony of Out-of-Court Declarants ............................................ 7

      iii.  Depositions ....................................................................................... 7

      iv.   Stipulations ....................................................................................... 7

   G.    Impeachment by Prior Inconsistent Statements ........................................ 7

   H.    Photograph ................................................................................................ 8

   I.    Individual Defendants ............................................................................... 8

III.  SECTION 1983: ELEMENTS OF CLAIM FOR RELIEF ................................. 8

**DRAFT**

|       |     |                                                     |     |
|-------|-----|-----------------------------------------------------|-----|
| A.    |     | Color of State Law                                  | 9   |
| B.    |     | Deprivation of a Constitutional Right               | 9   |
|       | i.  | Commission of alleged acts                          | 9   |
|       | ii. | Intent                                              | 10  |
|       | iii.| Loss of a Constitutional Right                      | 10  |
| C.    |     | Proximate Cause                                     | 10  |
| IV.   |     | CONSTITUTIONAL RIGHTS CLAIMED TO HAVE BEEN VIOLATED | 10  |
| A.    |     | Unlawful Entry                                      | 11  |
|       | i.  | Generally                                           | 11  |
|       | ii. | Exigent Circumstances                               | 11  |
| B.    |     | False Arrest                                        | 13  |
| C.    |     | Excessive Force                                     | 16  |
| D.    |     | Malicious Prosecution                               | 17  |
| E.    |     | Denial of the Right to a Fair Trial                 | 19  |
| F.    |     | Failure to Intervene                                | 20  |
| V.    |     | DAMAGES                                             | 21  |
| A.    |     | Compensatory                                        | 22  |
| B.    |     | Nominal                                             | 23  |
| C.    |     | Punitive                                            | 23  |
| D.    |     | Taxes and Legal Fees                                | 25  |
| VI.   |     | CONCLUSION                                          | 25  |
| VII.  |     | VERDICT SHEET                                       | 27  |

## I.   INTRODUCTION

You have heard all the evidence in this case as well as the arguments of the lawyers; I will now instruct you on the law.  It is your duty to follow these instructions.

My instructions will be in four parts.

*First*, I will instruct you regarding the general rules that define and govern the duties of a jury in a civil case.

**DRAFT**

*Second*, I will instruct you as to the legal elements of plaintiff's claims.

*Third*, I will give you some guidance regarding your deliberations.

*Fourth*, I will set out a verdict sheet containing the questions you must answer.

Read these instructions along with me.  You may take them into the jury room.

After you begin deliberations, you can ask to have sent into the jury room specified transcripts of testimony and exhibits.  You will be given a list of exhibits.  Try to limit what you ask for to what you really need.  It will take time to gather what you request.

II.   **GENERAL RULES**

    **A. Role of the Court and of the Jury**

You have the responsibility to judge the facts.  You are the sole judges of the facts—not the parties.  Not I.  It is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.  Decide which of the witnesses you believe, what portion of their testimony you accept, and how much weight to give to it.

The court instructs you on the law.  Consider my instructions as a whole in answering the questions on the verdict sheet.

I have no view regarding the liability of the defendants or of damages, if any, that should be awarded to the plaintiff.  Nothing that I have said or done should be used by you to infer that I have such a view.  Decide the case solely on the evidence and the law, without sympathy or prejudice.

Do not discuss this case *except* with each other in the jury room when all of you are assembled.  Do not do *any* research of your own by computer or otherwise.

3

Your verdict must be based exclusively on the evidence or lack of evidence in the case and the law as I explain it to you. Do not consider any personal feelings that you may have about race, religion, national origin, ethnic background, gender, or age. Do not decide on the basis of bias. Follow the law as I give it to you.

### B. All Persons Equal Before the Court

No party is entitled to any sympathy or favor. All parties and witnesses are equal before this court, and are entitled to the same fair consideration. The court expects that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a proper verdict, regardless of the consequences.

### C. Claims and Burden of Proof

Remember that just because a person is charged criminally or civilly, as in the case you are now trying, does not mean that the allegations are true. You are the only ones who have all the admissible evidence in this case before you.

When a party has the burden of proving something in a civil case, it must prove it by a preponderance of the evidence. That means that the party's claim must be shown to be more probably true than not true. If the probabilities are evenly balanced, the party with the burden of proof has failed to meet the burden.

I will tell you as we go along who has the burden of proof on any issue.

In determining whether any fact in issue has been proved, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits, regardless of who may have introduced them.

DRAFT

### D. Unanimity of Decision

Your decision on any question on the verdict sheet must be unanimous. All of you must agree on the answer to any question on the verdict sheet.

### E. Evaluation of the Evidence

You will have a list of witnesses. Ask for a transcript of any part of the testimony that you need. Try to be specific. You will have a list of admitted exhibits; you may ask for any or all of them.

Your foreperson should communicate with me in writing to ask for any evidence, help on the law, or any other matter. Give the note to the Marshal.

During the trial, objections were raised and rulings made. Draw no inferences from the frequency of objections or from whether objections were sustained or overruled. Where an objection to a question was sustained, disregard the question and draw no inferences from its wording. Where testimony or a document was stricken, disregard it.

I gave limiting instructions on how evidence could be used. Follow those instructions. My instructions to counsel should have no bearing on your deliberations or verdict.

Give the evidence such weight as you think it deserves. Analyze the evidence dispassionately, rationally, and without prejudice or emotion. Draw appropriate inferences from the evidence. Use your common sense.

Do not speculate: that is don't guess, but base your conclusions on the evidence and inferences you can draw from that evidence predicated on your common sense and life experiences.

DRAFT

Opening and closing statements, as well as statements or arguments made by the attorneys, are not evidence. The objections you heard the attorneys raise in response to questions asked or to the exhibits that were presented are not evidence. Transcripts of such matters will not be sent into the jury room.

### F. Witnesses

#### i.    General Principles

You are the sole judges of credibility of each witness and the importance of his or her testimony   Decide which testimony to believe and which not to believe. Decide how much probative force testimony deserves.

In deciding credibility of a witness, analyze veracity and probative force. Probative force means the amount that evidence tends to prove a matter at issue.

Testimony of police officers must be treated the same way you treat that of any person. The uniform is entitled to no weight in deciding credibility and probative force.

Consider each witness's demeanor and manner of testifying; the opportunity he or she had to see, hear, and know about the events described; the witness's ability to recall and describe those events; the reasonableness of the testimony in light of all the other evidence in the case; and the witness's candor or lack of candor. Consider whether part of a witness's testimony was contradicted or supported by other testimony, by what that witness said or did on a prior occasion, and by the testimony of other witnesses or by other evidence. Consider any bias or hostility the witness may have shown for or against any party. Consider any interest the witness has in the outcome of the case.

If you find that a witness has willfully testified falsely regarding an important matter, you may disregard his or her entire testimony. You may accept as much of the testimony as you find

6

**DRAFT**

true and disregard what you find false. A witness may have been mistaken or may have lied in part, while having been accurate and truthful with respect to other parts.

ii.   **Testimony of Out-of-Court Declarants**

You have heard evidence concerning what people declared about events when they were outside the courtroom. You are entitled to consider these declarations as evidence. In evaluating these declarations, remember that these individuals were not cross-examined before you when the declaration was made. In considering what weight to give such declarations, try to apply the same credibility tests that you apply with respect to individuals who have made statements under oath in court.

iii.   **Depositions**

Some of the testimony was in the form of depositions. In a deposition, the attorneys may question a witness, including an adverse party, under oath before a court stenographer prior to trial without a judge being present. Each side is entitled to take depositions. Assess the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

iv.   **Stipulations**

The parties stipulated—that is to say "agreed"—to certain facts. Treat them as true.

**G. Impeachment by Prior Inconsistent Statements**

You may have heard evidence that a witness said or did something inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent act or statement is offered for the limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself or herself. Consider that fact in deciding how much of his or her trial

7

**DRAFT**

testimony, if any, to believe.

You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small unimportant detail, and whether the witness had an acceptable explanation for the inconsistency.

### H. Photograph

The defendant produced a photograph.  It was not a "mug shot."  In considering the probative force of this photograph, you may consider:  Was it taken at the police station after the arrest as part of the regular practice of the police department?  When was it taken?  Was it sufficiently clear to show injuries such as those described by plaintiff?  Was it consistent with other evidence, including medical records?  Was the original manipulated after it was taken to change its appearance?  Do any other factors you find bear on its probative force?

### I. Individual Defendants

Plaintiff, Larry Thompson, has brought constitutional violation claims against four separate defendants:  Officer Pagiel Clark, Officer Paul Montefusco, Officer Gerard Bouwmans, and Officer Phillip Romano.  Each defendant is entitled to separate consideration of the case for or against him.  Plaintiff's claims for malicious prosecution and denial of a right to a fair trial are brought only against defendant Officer Clark.

## III.   SECTION 1983: ELEMENTS OF CLAIM FOR RELIEF

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983.  Section 1983 provides a remedy for individuals who have been deprived of rights, privileges and immunities that are secured by the Constitution and federal law.  It states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any [person] . . .

8

**DRAFT**

to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

To establish a claim against a defendant under Section 1983, plaintiff must prove by the preponderance of the evidence:

*First*, that the conduct complained of was committed by a person or persons acting under color of state law;

*Second,* that this conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States; and

*Third*, that the defendant's acts were the proximate cause of injuries and damages sustained by the plaintiff.

I will now discuss each of the three elements.

### A. Color of State Law

The first element requires plaintiff to prove that a defendant was acting under color of law. Defendants, as members of the New York City Police Department, were acting under color of state law. This element is deemed proven.

### B. Deprivation of a Constitutional Right

Plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by a defendant. This means that plaintiff must show, by a preponderance of the evidence, that: (a) defendant committed the acts alleged by plaintiff; (b) in performing the acts alleged, the defendant acted intentionally or recklessly; and (c) the alleged acts caused plaintiff to suffer the loss of a constitutional right.

#### i.   Commission of alleged acts

You must determine whether the plaintiff proved by the preponderance of the evidence that plaintiff committed the violation alleged by the plaintiff.

9

**DRAFT**

### ii.    Intent

Plaintiff must prove by a preponderance of the evidence that the defendant acted

intentionally or recklessly, rather than accidentally.  An act is intentional if it is done knowingly,

that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence,

or other innocent reason.  An act is reckless if it is done in conscious disregard of its known

probable consequences.

### iii.    Loss of a Constitutional Right

If you determine that the defendant intentionally or recklessly committed an act as

alleged by the plaintiff, you must determine by a preponderance of the evidence that the act

proximately caused the plaintiff to suffer the loss of a constitutional right.

I discuss this issue in more detail in Section IV below.

## C. Proximate Cause

Plaintiff must prove that a defendant's unlawful conduct was the proximate cause of any

injury sustained by plaintiff.  Consider this factor in connection with damages, if any.

There can be more than one proximate cause.  An act or failure to act is a proximate

cause of an injury if it was a substantial factor in bringing it about, or if the injury was a

reasonably foreseeable consequence of the act.  To recover damages, plaintiff has the burden of

proving that he suffered an injury and that the injury would not have occurred without the

conduct of a defendant.

## IV.    CONSTITUTIONAL RIGHTS CLAIMED TO HAVE BEEN VIOLATED

Plaintiff has brought the following claims: (A) unlawful entry against Officers

Bouwmans, Romano, Clark, and Montefusco; (B) false arrest against Officers Bouwmans,

Romano, Clark, and Montefusco; (C) excessive force against Officers Bouwmans, Romano,

Clark, and Montefusco; (D) malicious prosecution against Officer Clark; (E) denial of the right

**DRAFT**

to a fair trial against Officer Clark; and (F) failure to intervene against Officers Bouwmans, Romano, Clark, and Montefusco. Each defendant's liability, if any, must be considered separately.

I will now turn to each of these claims.

## A. Unlawful Entry

### i. Generally

The plaintiff alleges that each of the defendants unlawfully entered his apartment on January 15, 2014. Defendants contend that their entry was lawful because exigent circumstances justified the search—specifically, that they were justified in breaking in because there was an urgent need to render emergency aid to a child.

The Fourth Amendment to the Constitution of the United States guarantees individuals the right to be secure in their homes. The right to be free from unreasonable government intrusion in one's own home is at the core of the Fourth Amendment's protection. Warrantless searches of a person's home are presumed to be unreasonable unless an exception exists. One exception to the warrant requirement is the presence of exigent circumstances.

Plaintiff has the burden of proving that the police officers were not permitted to enter his apartment without a warrant because of exigency.

### ii. Exigent Circumstances

Exigent circumstances allow entry without a warrant. Exigent circumstances exist when the situation observed by a reasonable police officer is so compelling that an immediate warrantless search is objectively reasonable. Police officers may enter a dwelling without a warrant to render emergency aid and assistance to a person whom they reasonably believe to be in distress and in need of that immediate assistance. Police officers may enter a home without a

11

**DRAFT**

warrant to prevent ongoing harm, to render emergency aid to an injured occupant, or to protect an occupant from imminent injury.

Reasonableness is central to the act of a police officer faced with a decision. In determining whether the officers' belief concerning the need to render prompt emergency aid was reasonable, consider the circumstances then confronting the officers, including the need for a prompt assessment of sometimes ambiguous information concerning serious consequences.

Reasonableness must be judged from the perspective of a reasonable officer coming on the scene, rather than with the 20/20 vision of hindsight. Whether there was in fact an actual need to render emergency aid to a child is irrelevant. A call to a 911 operator plus other evidence of danger to a child can provide the exigent circumstances necessary to justify a warrantless entry into an individual's residence despite the occupant's objection.

In the context of possible child abuse, the state has a strong interest in the welfare of the child, particularly in his or her being sheltered from abuse. A police officer must have an objectively reasonable basis to believe that danger to the child is imminent.

Anonymous or uncorroborated 911 calls do not alone justify the warrantless entry of a home. But, the officers can depend on corroboration as to what they saw and heard when they arrived at the scene and that they arrived at the right place as a result of the 911 call.

If you find that it was reasonable under the circumstances for an officer to believe that there was an urgent need to prevent ongoing harm to the child or to provide immediate aid to the child, then a defendant's entry was lawful, and you must find for the defendant. If you find that exigent circumstances did not exist, then the defendant's entry was unlawful, and you must find for the plaintiff.

**DRAFT**

### B. False Arrest

Plaintiff claims that he was falsely arrested by defendant Police Officers Bouwmans, Romano, Clark, and Montefusco on January 15, 2014. Defendants deny this claim.

A person is falsely arrested if he is arrested without probable cause.

A defendant's arrest of the plaintiff is lawful if the defendant had probable cause to arrest the plaintiff for some crime. Because of the absence of a warrant for the plaintiff's arrest, the burden is upon a defendant—not the plaintiff—to establish that he had probable cause to arrest the plaintiff.

Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a police officer of reasonable caution to believe that an offense has been or is being committed by the person arrested. Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendant at the time of the arrest of the plaintiff. Do not view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances would have appeared to the officer at the time.

Probable cause requires only the probability of criminal activity. It does not require an actual showing of criminal activity. The arrestee's actual guilt or innocence is irrelevant to the determination of probable cause. An arrest made with probable cause is lawful even if the plaintiff actually did not commit a crime. An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been, or is about to be committed. The ultimate disposition of the criminal charge against the plaintiff is irrelevant to this question.

The test is one of objective information, not of subjective malice. Because the existence

13

**DRAFT**

of probable cause is analyzed from the perspective of a reasonable police officer standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause. Once a police officer has a reasonable basis to believe there is probable cause to arrest, the officer is not required to explore or eliminate every plausible claim of innocence before making an arrest.

When an officer possesses facts sufficient to establish probable cause, he is neither required nor allowed to sit as prosecutor, judge or jury. It does not matter that a further investigation might have cast doubt upon the basis for the arrest. The police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence. Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.

It is not necessary that the officer had probable cause to arrest the plaintiff for the offense with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest the plaintiff for any criminal offense. An arrest made with probable cause for any offense— whether charged or not—is lawful. The officer making the arrest does not need to charge the proper crime ultimately found applicable.

The law recognizes what is called the fellow officer rule. Under the fellow officer rule, an arrest by an officer who himself lacks probable cause to make the arrest is lawful as long as other officers involved in the investigation have sufficient information to form the basis for probable cause. Modern police work can be complex. Officers often do not work alone. Not every officer can always be aware of every aspect of an investigation. In determining whether

**DRAFT**

there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all law enforcement authorities who are cooperating in an investigation. The knowledge of each of the officers is presumed knowledge to all.

The existence of probable cause is measured as of the moment of arrest. Whether charges were ultimately dropped, or whether the plaintiff was acquitted or convicted of a crime, is irrelevant to the issue of false arrest.

Defendants contend that there was probable cause to arrest the plaintiff for:

(1)  Obstructing governmental administration in the second degree. A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering.

(2) Obstructing emergency medical services. A person is guilty of obstructing emergency medical services when he or she intentionally and unreasonably obstructs the efforts of any emergency medical technician in the performance of duties.

(3) Endangering the welfare of a child. A person is guilty of endangering the welfare of a child when he or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old.

The probable cause to arrest plaintiff for obstructing governmental administration initially rests on whether a defendant had lawful reason to enter his apartment. Officers must be engaged in lawful conduct to arrest a person for obstruction. If the officers were *not lawfully* able to enter the home because of exigency, then there was no probable cause to arrest plaintiff

15

**DRAFT**

for obstruction.  If they were *lawfully* able to enter the home because of exigency of circumstances, you must determine whether the defense has proven that there was probable cause to arrest the plaintiff for obstruction.

If you find that probable cause existed for any one of the crimes I have defined, then you must find in favor of the defendant with respect to the plaintiff's false arrest claim.  You do not need to be unanimous as to which crime you find constituted the basis for probable cause, only that you are unanimous that probable cause existed based on some crime.

If you determine that there was no probable cause for plaintiff's arrest, then you must find in favor of the plaintiff with respect to his false arrest claim.

To hold a defendant liable for false arrest, the plaintiff must prove that the defendant was personally involved in the arrest.  Personal involvement may be established if a defendant participated in an agreement with another officer or officers, express or implied, to procure or help arrest the plaintiff.

### C. Excessive Force

Plaintiff claims defendants violated the Fourth Amendment by using excessive force in entering and making the arrest on January 15, 2014.  The Constitution prohibits the use of unreasonable or excessive force while making an arrest, even when the arrest is otherwise proper.

Plaintiff has the burden to prove that a defendant used excessive force.

A police officer may only employ the amount of force reasonably necessary under the circumstances.  To determine whether the force used was reasonable under the Fourth Amendment, you must determine whether the amount of force used was that which a reasonable police officer would have employed under similar circumstances.

16

**DRAFT**

Carefully balance the nature and quality of the intrusion on plaintiff's right to be protected from excessive force against a police officer's necessity to use some degree of physical coercion or threat of coercion to make an arrest.  In making this determination, you may take into account such factors as the severity of the crime at issue, the extent of the injury suffered by plaintiff, whether plaintiff posed an immediate threat to the safety of a defendant or others, or whether plaintiff actively resisted arrest.

You do not have to determine whether a defendant had less intrusive alternatives available.  A defendant need only to have acted within that range of conduct you find was reasonable.

Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment.  Unintended minor scrapes, bumps, or bruises potentially can occur when properly taking a person into custody.

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on a defendant's state of mind. You must decide whether a reasonable officer on the scene would view the force as reasonable without the benefit of hindsight.

If you find that the amount of force used against any plaintiff was greater than a reasonable officer would have employed under the circumstances, plaintiff will have established the claim of loss of a constitutional right.  If he has not established this, he has not violated plaintiff's rights.

**D. Malicious Prosecution**

The plaintiff claims that defendant Pagiel Clark maliciously commenced a criminal proceeding against him.  The defendant denies he is liable.

17

**DRAFT**

In order to establish a claim of malicious prosecution, the plaintiff must prove by a preponderance of the evidence the following elements: (1) the defendant initiated a criminal proceeding against plaintiff, (2) the criminal proceeding terminated in plaintiff's favor, (3) there was no probable cause for the commencement of the criminal proceeding, (4) the proceeding was motivated by actual malice and, (5) a post-arraignment liberty restraint. I will now describe these elements in more detail.

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required or helped a prosecutor to prosecute, (b) gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.

The Assistant District Attorneys are not defendants with respect to this claim and the defendant may not be held responsible for the actions of the Assistant District Attorney. If you find that an Assistant District Attorney— and not the defendant—caused the initiation of the prosecution of the plaintiff, you must find for the defendant.

The next element is whether the plaintiff has proved, by a preponderance of the evidence, that the criminal proceeding terminated in his favor. Plaintiff must prove that the criminal proceeding terminated in a manner indicative of his innocence. A dismissal "in the interests of justice" does not necessarily provide the favorable termination required as the basis for a claim of malicious prosecution. Without going into the details of how state prosecutions are ended, you can assume the prosecution found plaintiff's guilt could not be proved beyond a reasonable doubt and that he could be therefore considered innocent. Assume for this civil case that this element has been established in favor of the plaintiff. A person is deemed innocent until

18

**DRAFT**

proven guilty beyond a reasonable doubt.

The next element is whether the plaintiff has proven, by a preponderance of the evidence, that defendant lacked probable cause to believe that plaintiff was guilty of a crime. Previously, I explained the concept of probable cause and the charges made against the plaintiff. If you determine that there was probable cause to arrest the plaintiff, then you must conclude that there was probable cause for the criminal prosecution and your verdict must be for the defendant. Alternatively, if you determine that there was no probable cause for plaintiff's arrest, then you must conclude that there was no probable cause for the criminal prosecution and you must find that this second element has been satisfied.

The next element plaintiff must prove by a preponderance of the evidence is that the defendant acted with malice. A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused. Malice may be inferred from a lack of probable cause.

The last element the plaintiff must prove by a preponderance of the credible evidence is that he incurred a post-arraignment deprivation of liberty as a result of actions taken by the defendant and not for other reasons. This element is deemed proven.

### E. Denial of the Right to a Fair Trial

Plaintiff alleges that he was denied the right to a fair trial by defendant Pagiel Clark, who plaintiff alleges fabricated evidence of a material nature against him. Defendant denies this.

In order for you to find that plaintiff's constitutional right to a fair trial was violated by the defendant, plaintiff must prove the following elements by a preponderance of the evidence: (1) the defendant fabricated evidence that: (2) is likely to influence a jury's decision; (3)

19

**DRAFT**

provided that information to prosecutors knowing it is false; and (4) the plaintiff suffered a deprivation of liberty as a result of this violation.

Probable cause is not a defense to this claim.

In this case, plaintiff alleges that defendant Clark created false evidence concerning whether plaintiff attacked or pushed an officer. In addition, plaintiff alleges that Clark fabricated evidence that he warned plaintiff that he would be arrested if he did not comply with the officers' demands, when in fact Clark did not give plaintiff this warning.

The fabrication of false evidence, in and of itself, does not impair anyone's liberty, and therefore does not impair anyone's constitutional right. In order to find for plaintiff, you must find that the fabricated evidence was of a material nature and was the proximate cause of the deprivation of plaintiff's liberty. The alleged fabrication must be both material (i.e., likely to influence a jury's decision), and the proximate cause of the injury to plaintiff's liberty interest (i.e., that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence).

Paperwork errors, or a mere mistake, or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation. An officer's own opinions, conclusions or qualitative assessments are not a basis for finding a constitutional violation.

### F. Failure to Intervene

Plaintiff claims that defendants Bouwmans, Romano, Clark, and Montefusco failed to intervene on his behalf to prevent violations of his constitutional rights. You may only consider plaintiff's failure to intervene claim against a defendant if you determine that plaintiff has proven by a preponderance of the evidence that he was subjected to excessive force, unlawful entry, false arrest, or malicious prosecution.

Police officials have an affirmative reasonable duty to intervene to protect the

**DRAFT**

constitutional rights of citizens from infringement by other law enforcement officials in their presence. An officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. Before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Before you can hold a defendant liable, you must conclude that the plaintiff has proved the following elements by a preponderance of the evidence:

*First*: that a defendant subjected plaintiff to an unlawful act;

*Second*: that another defendant observed those actions and knew they were unlawful;

*Third*: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

*Fourth*: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

This duty only arises if the police officers in question had a real opportunity to intervene to prevent the violation from occurring. Mere inattention or inadvertence by a law enforcement officer does not rise to the level of intentional conduct necessary to support liability for a failure to intervene.

If a defendant is held liable for direct participation in the underlying constitutional violation, he cannot also be held liable for failure to intervene.

## V. DAMAGES

If the plaintiff has proven by a preponderance of the evidence that a defendant is liable,

**DRAFT**

you must determine the damages to which he is entitled from that defendant. You should not infer that he is entitled to recover damages merely because I am instructing you on this issue. It is exclusively your function to decide upon liability.

### A. Compensatory

The purpose of the law of compensatory damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's right. If you find a defendant liable, you must award the plaintiff sufficient damages to compensate him for any injury, emotional, or reputational, caused by the defendant's conduct.

These damages are known as "compensatory damages." Their purpose is to make a plaintiff whole—that is, to compensate him or her for the damage suffered. Compensatory damages are not limited merely to expenses that plaintiff may have borne. A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he or she has suffered, or was reasonably likely to suffer in the near future, because of a defendant's conduct. You may award compensatory damages only for injuries that plaintiff prove were proximately caused by any defendant's allegedly wrongful conduct.

The damages you award, if any, must be fair and reasonable, neither inadequate nor excessive. You may award damages only for injuries the plaintiff has suffered or is reasonably likely to suffer in the near future as a result of a defendant's misconduct.

If the plaintiff prevails on the false arrest claim, compensatory damages must be awarded to compensate the plaintiff for the loss of liberty that he suffered.

In awarding damages, you must be guided by dispassionate common sense. Use as much accuracy as the circumstances permit.

22

DRAFT

### B. Nominal

If you find a defendant liable for a violation of the plaintiff's rights, but that he suffered no emotional or reputational injury as a result of a particular violation, you may award him one dollar as "nominal damages," for that violation.

You may not award both nominal and compensatory damages for any violation. Either the plaintiff was measurably injured due to a violation of his rights, in which case you must award compensatory damages, or he was not, in which case you may award nominal damages.

### C. Punitive

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages only if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's rights or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in a jury's discretion to punish a defendant for outrageous conduct

23

**DRAFT**

or to deter him and others like him from performing similar conduct in the future. In deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

You must also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide general deterrence. You must consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that a defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which a defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, you may consider the probable financial resources of the defendant in fixing the amount of punitive damages.

You may impose punitive damages against one or more of the defendants, and not others,

24

**DRAFT**

or against more than one defendant in different amounts.

### D.  Taxes and Legal Fees

If you reach a verdict of damages in favor of the plaintiff, do not increase the sum of money for federal or state income tax or legal fees.  Awards of damages are not subject to tax.

## VI.    CONCLUSION

I have outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case only from the evidence presented during the trial and to apply the law as I have given it to you.  Your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

You are not to discuss the case with anyone outside the jury room before the verdict.  If you need to communicate with me, you will do so in writing, through the Marshal.  Do not, until final verdict, give a numerical count of where the jury stands.

The foreperson will be responsible for signing all communications to the court and for handing them to the Marshal during your deliberations.  His or her vote is entitled to no greater weight than that of any other juror.

During your deliberations, you must not communicate with or provide any information to anyone outside the jury room by any means about this case.  You may not use any electronic

**DRAFT**

device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer;

the Internet, any Internet service, or any text or instant messaging service; or any Internet chat

room, blog, or website such as Facebook, YouTube, or Twitter, or like instrument to

communicate to anyone any information about this case or to conduct any research about this

case until after I accept your verdict.

      If, in the course of your deliberations, your recollection of an exhibit or any part of the

testimony should fail, or you should find yourself in doubt concerning my instructions to you on

the law, you may ask me in writing for any evidence, help on the law, or any other matter.  You

should make such a request by a note to a Marshal.

      Your duty is to reach a fair conclusion from the law and the evidence.  It is an important

one.  When you are in the jury room, listen to each other, and discuss the evidence and issues

respectfully.

      The decision you reach must be unanimous.  You must all agree on the answers to the

questions on the verdict sheet.

      Remember in your deliberations that the dispute between the parties is, for them, no

passing matter.  They and the court rely upon you to give full deliberation and consideration to

the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors

to truly try the issues of this case and render a true verdict.

**DRAFT**

## VII.   VERDICT SHEET

Your verdict in this case will be determined by your answers to the following questions. Make sure that you read the questions carefully. They suggest the order in which the questions may be conveniently answered, and which questions may be skipped. Your answers to the questions must be unanimous.

### I.   Unlawful Entry

Question 1:

Did you find that a defendant unlawfully entered plaintiff's apartment?

| | | |
|---|---|---|
| Pagiel Clark: | YES: _____ | NO: _____ |
| Paul Montefusco: | YES: _____ | NO: _____ |
| Gerard Bouwmans: | YES: _____ | NO: _____ |
| Phillip Romano: | YES: _____ | NO: _____ |

**If you answered "Yes" as to any defendant, please proceed to Question 2.**

**If you answered "No" as to all defendants, please proceed to Question 3.**

Question 2(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his unlawful entry arrest claim? $_____

Question 2(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his unlawful entry claim? $_____

Question 2(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his unlawful entry claim? $_____

**DRAFT**

## II.   False Arrest

Question 3:

Did you find that a defendant lacked probable cause to arrest plaintiff?

| | | |
|---|---|---|
| Pagiel Clark: | YES: _____ | NO: _____ |
| Paul Montefusco: | YES: _____ | NO: _____ |
| Gerard Bouwmans: | YES: _____ | NO: _____ |
| Phillip Romano: | YES: _____ | NO: _____ |

**If you answered "Yes" as to any defendant, please proceed to Question 4.**

**If you answered "No" as to all defendants, please proceed to Question 5.**

Question 4(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his false arrest claim? $_____

Question 4(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his false arrest claim? $_____

Question 4(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his false arrest claim? $_____

## III.   Excessive Force

Question 5:

Did you find that a defendant used excessive force against plaintiff?

| | |
|---|---|
| Pagiel Clark | YES _____ |
| Paul Montefusco | YES _____ |
| Gerard Bouwmans | YES _____ |
| Phillip Romano | YES _____ |

**If you answered "Yes" as to any defendant, please proceed to Question 6.**

**DRAFT**

**If you answered "No" as to all defendants, please proceed to Question 7.**

Question 6(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his excessive force claim? $_____

Question 6(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his excessive force claim? $_____

Question 6(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his excessive force claim? $_____

**IV.   Malicious Prosecution**

Question 7:

Did you find that defendant Pagiel Clark subjected plaintiff to malicious prosecution?

　　　　　YES_____   NO _____

**If you answered "Yes," please proceed to Question 8.**

**If you answered "No," please proceed to Question 9.**

Question 8(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his malicious prosecution claim? $_____

Question 8(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his malicious prosecution claim? $_____

Question 8(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his malicious prosecution claim? $_____

**V.   Denial of the Right to a Fair Trial**

Question 9:

**DRAFT**

Did you find that defendant Pagiel Clark denied plaintiff's right to a fair trial?

YES _____ NO _____

**If you answered "Yes," please proceed to Question 10.**

**If you answered "No," please proceed to Question 11.**

Question 10(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his denial of a right to a fair trial claim? $_____

Question 10(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his denial of a right to a fair trial claim? $_____

Question 10(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his denial of a right to a fair trial claim? $_____

**VI.  Failure to Intervene**

Question 11:

Did you find that a defendant had a realistic opportunity, but failed to intervene to prevent other officers from subjecting plaintiff to the loss of a constitutional right charged?

| | | |
|---|---|---|
| Pagiel Clark | YES | _____ |
| Paul Montefusco | YES | _____ |
| Gerard Bouwmans | YES | _____ |
| Phillip Romano | YES | _____ |

**If you answered "Yes" as to any defendant, please proceed to Question 12.**

**If you answered "No" as to all defendants, your deliberations are finished.**

Question 12(a):

What is the total dollar amount of any compensatory damages that plaintiff is entitled to on his on his failure to intervene claim? $_____

30

**DRAFT**

Question 12(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his failure to intervene claim? $_____

Question 12(c):

What is the total dollar amount of any punitive damages that plaintiff is entitled to on his failure to intervene claim? $_____

WHEN YOU HAVE COMPLETED THE ABOVE VERDICT SHEET, PLEASE DATE AND SIGN THE FORM AND RETURN THIS VERDICT SHEET TO THE MARSHAL.

SIGNATURE OF THE FOREPERSON         _____

DATED: January ___, 2019