

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**KAVIN THADANI**
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

January 23, 2019

**VIA ECF**
Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    <u>Larry Thompson v. Clark, et al.</u>, 1:14-cv-07349-JBW-RML

Your Honor:

      I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants Clark, Montefusco, Bouwmans and Romano in the above-referenced matter.  Pursuant to Your Honor's directive, defendants respectfully write concerning plaintiff's malicious prosecution claim.  As explained below, defendants respectfully submit that, pursuant to controlling Second Circuit case law, plaintiff's malicious prosecution claim must be dismissed as a matter of law because he cannot establish that the underlying criminal prosecution was terminated in his favor.[1]

      The Court of Appeals for the Second Circuit recently issued a decision in *Lanning v. City of Glens Falls*,  No. 17-970-cv, 2018 U.S. App. LEXIS 31489, at *9 (2d Cir. Nov. 7, 2018), which was written specifically "to dispel any confusion among district courts about the favorable termination element of a § 1983 malicious prosecution claim."

      Specifically, the Court of Appeals for the Second Circuit explained that, in order to establish the favorable termination element of a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove that the underlying criminal proceeding was terminated

---

[1] Defendants previously addressed this issue in their Memorandum of Law in Opposition to Plaintiff's Motions *in Limine* (Docket No. 93 at 5-6) and in their December 12, 2018 letter to the Court (Docket No. 109 at 2).

in a manner **affirmatively indicative of the plaintiff's innocence**. *See id.* at *8-18; *see also id.* at *10 ("Our prior decisions requiring affirmative indications of innocence to establish 'favorable termination' . . . continue to govern § 1983 malicious prosecution claims.").

In other words, for the purposes of a § 1983 malicious prosecution claim, criminal proceedings are terminated in favor of the accused **only when their final disposition indicates that the accused is not guilty**. *See id.* at *12. When the issue of guilt is left open, a malicious prosecution claim must fail. *See id.*

Accordingly, the Court of Appeals for the Second Circuit further reiterated its prior holding that, **where a dismissal in the interest of justice leaves the question of guilt or innocence open, as is the case here, such a dismissal does not qualify as a favorable termination**. *See id.* at * 28-29 (citing *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir. 1992) (holding that a dismissal "in the interest of justice" cannot, as a matter of law, provide the favorable termination required as the basis for a malicious prosecution claim because it is neither an acquittal of the charges nor a determination of the merits, but rather leaves the question of guilt or innocence unanswered); *see also, e.g., Burke v. Town of E. Hampton*, No. 99-CV-5798 (JS), 99-CV-5799 (JS), 2001 U.S. Dist. LEXIS 22505, at *36 (E.D.N.Y. Mar. 16, 2001) ("In this Circuit, it is well established, as a matter of law, that '[a] dismissal in the interests of justice] cannot provide the favorable termination required as the basis for a claim of malicious prosecution.' Therefore, . . . the dismissal of the criminal charges against the plaintiffs in the interests of justice bars them from maintaining a claim of malicious prosecution.").

Here, because the criminal prosecution against plaintiff was dismissed "in the interest of justice.," Apr. 9, 2014 Criminal Court Transcript (Docket No. 45-18) at 2:5-6, and there is no evidence in the transcript for the final criminal court proceeding or anywhere else in the record to suggest that the prosecution was terminated in a manner indicative of plaintiff's innocence, pursuant to controlling Second Circuit case law, plaintiff's malicious prosecution claim must be dismissed as a matter of law.

Thank you for your consideration in this regard.

Respectfully,

/s/ Kavin Thadani_____

Kavin Thadani
Senior Counsel
Special Federal Litigation

cc: **VIA ECF**
David Zelman, Esq.
Cary London, Esq.
*Attorneys for Plaintiff*