**LAW OFFICE OF DAVID A. ZELMAN**
709 Eastern Parkway
Brooklyn, New York 11213
(718) 604-3072
Fax (718) 604-3074

January 23, 2019

**VIA ECF**
**Honorable Jack B. Weinstein**
**United States District Court**
**EDNY, Brooklyn Courthouse**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

**Re: Larry Thompson v. The City of New York et. al.**
**Civil Action No. 14-cv-7349**

Your Honor:

      I am the attorney for the plaintiff.   I write to submit a trial memorandum as to the issue of favorable termination.

      As an initial matter, this Court has already decided this issue in the draft jury instructions submitted to the parties and the Court has ruled that the termination in this case was favorable as a matter of law.  This is the correct determination as the within case was dismissed by motion of the district attorney.

      Contrary to defendants' assertions, the within matter was not dismissed "in the interests of justice."  While the District Attorney requested that the Court dismiss the matter in the interest of justice, the Court denied the request and instead dismissed the matter and noted that it was done "by motion of District Attorney" which is the official denomination in the certificate of disposition annexed hereto.  If the Court had wanted to dismiss the matter "in the interests of justice" it would have dismissed the matter pursuant to CPL 170.40 which is the interests of justice provision of the Criminal Procedure Law.  However, the within criminal court did not dismiss the matter pursuant to CPL 170.40 as requested by the District Attorney's office, rather, it was dismissed pursuant to CPL 160.50.

      Similarly, in the case cited by defendants *Lanning v City of Glens Falls*, 908 F3d 19 [2d Cir 2018] the criminal court did dismiss the criminal matter in the interests of justice pursuant to the CPL 170.40 and the Second Circuit noted that in the decision.  ("On November 7, 2014, the Glens Falls City Court dismissed these charges "in the interest of justice" pursuant to § 170.40 of the New York Criminal Procedure Law.") *Lanning* at 23.

      Therefore, in *Thompson*, the only evidence cited by defendants that plaintiff's malicious prosecution cause of action should be dismissed is the simple one sentence utterance by the District Attorney's office that he was moving to dismiss in the interest of justice, which was

denied by the Court. Clearly, the within matter was not a dismissal in the interests of justice and plaintiff has sufficiently demonstrated that the within criminal matter was dismissed and sealed pursuant to CPL 160.50.

The Second Circuit has emphasized that favorable termination should be decided on a case by case basis to avoid the type of sweeping results which defendants espose. As was held in *Stampf v Long Is. R.R.*, 761 F3d 192, 200-201 [2d Cir 2014].):

> Trigg argues that, even if the criminal proceeding was finally terminated, it was not terminated in Stampf's favor because the disposition does not indicate Stampf's innocence. To support this point, Trigg relies on language from *MacFawn v. Kresler*, 88 N.Y.2d 859, 860, 666 N.E.2d 1359, 644 N.Y.S.2d 486 (1996) stating, "A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence."
>
> However, in *Smith-Hunter*, the Court of Appeals described this language from *MacFawn* as dicta and "reject[ed] the notion—as contrary to the common law and our longstanding precedents—that . . . [a] plaintiff must demonstrate innocence in order to satisfy the favorable termination prong of the malicious prosecution action." 95 N.Y.2d at 198-99. [**17] The court read *MacFawn* narrowly to "stand only for the proposition that dispositions inconsistent with innocence . . . cannot be viewed as favorable to the accused." *Id*. at 199; *see also Cantalino v. Danner*, 96 N.Y.2d 391, 392, 754 N.E.2d 164, 729 N.Y.S.2d 405 (2001) (holding that a dismissal in the interest of justice was a favorable termination for the purposes of a malicious prosecution action where "the court's reasons for dismissing the criminal charges were not inconsistent with the innocence of the accused").
>
> If the law were as Trigg argues, it would mean that malicious prosecution claims often could not be brought in the cases where the accusations had the least substance. The cases that most lack substance are most likely to be abandoned by the prosecution without pursuing them to judgment. On Trigg's view, the most unjustified accusations might thus be the most likely to be shielded from malicious prosecution claims. We believe that, under New York law, a declination as received by Stampf suffices to establish termination in the plaintiff's favor notwithstanding that the prosecutor is theoretically capable of resurrecting the prosecution.

In *Thompson*, the rationale is similar. If the Court were to rule that the District Attorney's utterance of the words "in the interests of justice" eviscerates plaintiff's malicious prosecution cause of action, without any support in the record of sympathy for the accused, without a formal entry of an "interest of justice" dismissal pursuant to CPL 170.40, it would incentivize every District Attorney across the state to utter the same words and thereby insulate the defendant officers, with whom the District Attorney works closely, from this cause of action regardless of the strength or weakness of the underlying accusations.

In sum, the Court was correctly ruled on this issue in the jury instructions distributed to

the parties.

    Thank you for your consideration.

    Very Truly Yours:

    /S

    David A. Zelman, Esq.