

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

KAVIN THADANI
*Senior Counsel*
Phone: (212) 356-2351
Fax: (212) 356-3509
kthadani@law.nyc.gov

January 24, 2019

**VIA ECF**
Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re: Larry Thompson v. Clark, et al., 1:14-cv-07349-JBW-RML

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendants Clark, Montefusco, Bouwmans and Romano in the above-referenced matter.  Pursuant to Your Honor's directive, defendants respectfully write to supplement their prior submission, dated January 23, 2019 (Docket No. 123), following the testimony of plaintiff's criminal defense attorney, Renate Lunn, Esq., this morning.

It is well settled that plaintiff bears the burden of proof to establish each and every element of his malicious prosecution claim.  *See, e.g., Evans v. City of New York.*, No. 12-CV-5341 (MKB), 2015 U.S. Dist. LEXIS 37781, at *27 n.10 (E.D.N.Y. Mar. 25, 2015). Specifically, with respect to the issue of favorable termination, "[i]n order to meet his burden of proof on this element, a plaintiff must present evidence of the circumstances under which the criminal proceeding was terminated."  *Russo v. New York*, 672 F.2d 1014, 1020 (2d Cir. 1982).

Ms. Lunn's testimony makes clear that the dismissal of the underlying criminal case "in the interest of justice" did not affirmatively indicate plaintiff's innocence of the crimes for which he was arrested on January 15, 2014.

Ms. Lunn testified that she did not know why the District Attorney's Office moved to dismiss the case.  Ms. Lunn further testified that her oral motion to dismiss for facial

insufficiency, which she had made at a prior court appearance, was denied by the criminal court judge. Notwithstanding that Ms. Lunn was directed to file a written motion, she never did.[1]

Moreover, the transcript for the last court appearance in the underlying criminal case clearly demonstrates that the Kings County District Attorney's Office moved to dismiss the case "in the interest of justice." *See* Apr. 9, 2014 Criminal Court Transcript (Docket No. 45-18). In response to that motion, the criminal court judge dismissed the case. *See id.* Ms. Lunn testified that she had no reason to believe that this transcript did not accurately reflect what occurred at this last court appearance. Moreover, Ms. Lunn testified that neither the dismissal transcript, nor the certificate of dismissal, affirmatively indicate plaintiff's innocence.

As explained in defendants' prior submissions, where a dismissal in the interest of justice leaves the question of guilt or innocence open, as is the case here, such a dismissal does not qualify as a favorable termination. *See Lanning v. City of Glens Falls*, No. 17-970-cv, 2018 U.S. App. LEXIS 31489, at *28-29 (2d Cir. Nov. 7, 2018) (citing *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir. 1992) (holding that a dismissal "in the interest of justice" cannot, as a matter of law, provide the favorable termination required as the basis for a malicious prosecution claim because it is neither an acquittal of the charges nor a determination of the merits, but rather leaves the question of guilt or innocence unanswered)); *see also, e.g., Burke v. Town of E. Hampton*, No. 99-CV-5798 (JS), 99-CV-5799 (JS), 2001 U.S. Dist. LEXIS 22505, at *36 (E.D.N.Y. Mar. 16, 2001) ("In this Circuit, it is well established, as a matter of law, that '[a] dismissal in the interests of justice] cannot provide the favorable termination required as the basis for a claim of malicious prosecution.' Therefore, . . . the dismissal of the criminal charges against the plaintiffs in the interests of justice bars them from maintaining a claim of malicious prosecution.").

Moreover, even if plaintiff's underlying criminal case was not dismissed "in the interest of justice," his malicious prosecution claim would still fail. As previously explained, pursuant to controlling Second Circuit case law, in order to establish the favorable termination element of a malicious prosecution claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must prove that the underlying criminal proceeding was terminated in a manner affirmatively indicative of the plaintiff's innocence. *See Lanning*, 2018 U.S. App. LEXIS 31489, at *8-18; *see also id.* at *10 ("Our prior decisions requiring affirmative indications of innocence to establish 'favorable termination' . . . continue to govern § 1983 malicious prosecution claims.").

In other words, for the purposes of a § 1983 malicious prosecution claim, criminal proceedings are terminated in favor of the accused only when their final disposition indicates that the accused is not guilty. *See id.* at *12. **When the issue of guilt is left open, a malicious prosecution claim must fail**. *See id.*

---

[1] Defendants note that, had Ms. Lunn's motion to dismiss for facial insufficiency been granted, plaintiff's malicious prosecution claim would still fail because, pursuant to controlling Second Circuit case law, a dismissal based on facial insufficiency does not constitute a favorable termination because it is not a decision on the merits. *See Russell v. Journal News*, 672 F. App'x 76, 78-79 (2d Cir. 2016) (citing cases).

2

Here, there can be no dispute that the issue of guilt was left open in the underlying criminal case. Moreover, as Ms. Lunn testified, and as the criminal court transcript clearly reflects, there is nothing in the criminal court transcript which affirmatively indicated that plaintiff was innocent of the crimes charged.

Thus, by way of example only, following the *Lanning* decision, courts in the Second Circuit have dismissed malicious prosecution claims where the underlying criminal action is dismissed in a manner which does not affirmatively indicate the plaintiff's innocence, such as a speedy trial dismissal. *See, e.g., Thompson v. City of New York*, No. 17cv3064(DLC), 2019 U.S. Dist. LEXIS 4848, at *10 (S.D.N.Y. Jan. 10, 2019).

Accordingly, for the foregoing reasons, and for the reasons outlined in defendants' prior submissions, plaintiff's malicious prosecution claim must be dismissed.

Thank you for your consideration in this regard.

Respectfully,

/s/ Kavin Thadani

Kavin Thadani
Senior Counsel
Special Federal Litigation

cc: **VIA ECF**
David Zelman, Esq.
Cary London, Esq.
*Attorneys for Plaintiff*