**LAW OFFICE OF DAVID A. ZELMAN**
709 Eastern Parkway
Brooklyn, New York 11213
(718) 604-3072
Fax (718) 604-3074

January 24, 2019

**VIA ECF**
**Honorable Jack B. Weinstein**
**United States District Court**
**EDNY, Brooklyn Courthouse**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

**Re: Larry Thompson v. The City of New York et. al.**
**Civil Action No. 14-cv-7349**

Your Honor:

      I am the attorney for the plaintiff.   I write to submit a second trial memorandum as to the issue of favorable termination.

      As it was shown today in Court, the dismissal of the plaintiff's underlying criminal case was pursuant to CPL 160.50 which is reflected in the Certificate of Disposition which the Court reviewed this morning.

      CPL 160.50 is entitled "Order upon Termination of Criminal Matter in Favor of the Accused."  While some courts have pointed out that a CPL 160.50 is not necessarily a favorable termination in the malicious prosecution context, none of the exceptions apply here.  See, (*Stampf v Long Is. R.R. Auth.*, 2011 US Dist LEXIS 82847, at *9 [EDNY July 28, 2011, No. 07-CV-3349 (SMG)].) Remanded in part by (*Stampf v Long Is. R.R.*, 761 F3d 192, 201 [2d Cir 2014].) ("Indeed, an adjournment in contemplation of dismissal is defined as a favorable termination pursuant to Section 160.50(3)(b), yet well-settled case law establishes that it is not a favorable termination for purposes of a malicious prosecution claim. *See, e.g., Rothstein v. Carriere,* 373 F.3d 275, 287 (2d Cir. 2004).")

      But here, the CPL 160.50 dismissal was not an adjournment in contemplation of dismissal and did not require Mr. Thompson to do anything.  There was no community service, plea bargain or any such contribution by the accused.  It was a simple dismissal unilaterally performed by the District Attorney's office. Under these circumstances, a CPL 160.50 is a favorable termination as a matter of law.  See, *Stevens v City of NY*, 2012 US Dist LEXIS 100825, at *16-17 [SDNY July 17, 2012].)  ("Second, there is also no dispute that the criminal proceeding initiated by Bragg terminated in plaintiff's favor: the Bronx County District Attorney dismissed all criminal charges against plaintiff on June 30, 2010 (Defs. 56.1 ¶ 66), and the trial court sealed plaintiff's case "pursuant to Section 160.50 of the CPL"--i.e., referencing "termination of a criminal action or proceeding against a person in favor of such person" (Dkt. No. 34-M (Certificate of Disposition)). *See Rohrs v. Rohrs*, 17 A.D.3d 659, 793 N.Y.S.2d 532, 534 (App.

Div. 2005) ("The dismissal of the pending charges against the plaintiff in this case pursuant to CPL 160.50 constituted a favorable termination as a matter of law.").

See also, (*Jouthe v City of NY*, 2009 US Dist LEXIS 18163, at *33 [EDNY Mar. 10, 2009, No. 05-CV-1374 (NGG) (VVP)].) ("The charges against Mr. Jouthe were ultimately dismissed by motion of the District Attorney pursuant to Section 160.50 of the New York Criminal Procedure Law (City Def. 56.1 Statement P 37 (*citing* Compl. P 28)), and the parties do not dispute that the proceedings terminated in Mr. Jouthe's favor.")

In this case, defense counsel has seized upon a slim part of the record in which a representative of the District Attorney's office, not even the assigned Assistant District Attorney, stated on the record that the District Attorney would dismiss the case 'in the interests of justice." But as pointed out before your Honor today, the Criminal Court did not dismiss the matter in the interests of justice pursuant to CPL 170.40 which is the section of the CPL devoted to interests of justice dismissals. One section of CPL 170.40 requires the Criminal Court, if it elects to dismissal a matter in the interests of justice, to state its reasons therefore on the record which was not done in this case. And the official records make no mention of an interests of justice dismissal, such as the certificate of disposition which reflects a CPL 160.50 dismissal and not a CPL 170.40 dismissal. Defendants here have come forward with not one scintilla of evidence that Mr. Thompson's case was dismissed "in the interests of justice" other than the few words mentioned by the District Attorney's office at the time of the dismissal of the case. There was no mention anywhere, by defendants, or in the criminal court file, that sympathy for the accused was a factor in the within dismissal. Nor was any other factor which is typically at play in an interests of justice dismissal mentioned by defendants or supported in the criminal file such as those factors reflected in CPL 170.40 which is provided in full here:

> CPL 170.40
>
> An information, a simplified traffic information, a prosecutor's information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30 , such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
>
> (a)  the seriousness and circumstances of the offense;
>
> (b)  the extent of harm caused by the offense;
>
> (c)  the evidence of guilt, whether admissible or inadmissible at trial;
>
> (d)  the history, character and condition of the defendant;

>> (e)  any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
>
>> (f)  the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
>
>> (g)  the impact of a dismissal on the safety or welfare of the community;
>
>> (h)  the impact of a dismissal upon the confidence of the public in the criminal justice system;
>
>> (i)  where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
>
>> (j)  any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
>
> 2.  An order dismissing an accusatory instrument specified in subdivision one in the interest of justice may be issued upon motion of the people or of the court itself as well as upon that of the defendant.  Upon issuing such an order, the court must set forth its reasons therefor upon the record.

The real danger of ruling the within dismissal as an interest of justice dismissal is the effect it would have on District Attorney's office all over this state which can chose to state whatever it likes on the record before the Criminal Court.  If this Court were to rule that the simple utterance of the District Attorney in open Court qualifies as an interests of justice dismissal, without more, than it would empower the District Attorney's office to bar malicious prosecution causes of action without as much as judicial approval.  As stressed here, the within Criminal Court could have chosen to dismiss this matter "in the interests of justice" however it chose not to and instead dismissed the matter pursuant to CPL 160.50 entitled "Order upon Termination of Criminal Matter in Favor of the Accused."  To now rule that the within plaintiff has failed to show a dismissal in his favor is to place an extremely high, if not impossible bar to ever properly alleging favorable termination where the District Attorney's office must, in essence, consent to the cause of action.

If this Court determines that the facts surrounding the dismissal are in dispute it may submit the issue to the jury.  See, (*Rounseville v Zahl*, 13 F3d 625, 629 [2d Cir 1994].)

> The parties' very dispute over the details of the terminated criminal proceedings suggests why this element of the malicious prosecution claim cannot be resolved through summary judgment. The factual record is without any specific evidence concerning why the charges brought by defendants against the Rounsevilles were dismissed. At this stage, all the record reveals is that the District Attorney moved for dismissal and that this motion was granted. As this Court explained in *Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989), when "a termination is indecisive because it does not address the merits of the charge, the facts surrounding the termination must be examined to determine 'whether the failure to proceed implies a lack of reasonable grounds for the prosecution.'" *Id.* at 189 (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 215 (2d Cir. 1984)). Here, the facts surrounding the termination are in dispute, thus precluding a summary judgment.

While plaintiff maintains that this is not necessary as the Court below dismissed this matter pursuant to CPL 160.50 and denied the interests of justice dismissal and further did not dismiss the matter pursuant to CPL 170.40 and did not follow the dictates of a CPL 170.40 dismissal, the Court may nonetheless disagree and determine that a factual matter exists and submit the issue to the jury. See, *Genovese v County of Suffolk*, 128 F Supp 3d 661, 672 [EDNY 2015].) ("Although the "favorable termination" prong of a malicious prosecution claim ordinarily presents a question of law, this issue must be resolved by a jury if there are questions of fact regarding the basis for dismissal of the prosecution. *See Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994); *Russell v. Smith*, 68 F.3d 33, 37 (2d Cir. 1995); *Liberty Synergistics, Inc. v. Microflo Ltd.*, 50 F. Supp. 3d 267, 287 (E.D.N.Y. 2014). If the Court does chose to do that plaintiff would request an opportunity to call Ms. Lunn as a witness on plaintiff's case in chief.

       Thank you for your cooperation.

       Very Truly Yours:

       /S

       David A. Zelman, Esq.