UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY THOMPSON, | **ORDER** |
| Plaintiff, | 14-CV-7349 |
| – against – | |
| Police Officer PAGIEL CLARK, Shield #28742; Police Officer PAUL MONTEFUSCO, Shield #10580; Police Officer GERARD BOUWMANS, Shield #2102; Police Officer PHILLIP ROMANO, Shield #6295, | |
| Defendants. | |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 25 2019 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior District Judge:**

The results of the *in limine* hearing are as follows:

**A.  Plaintiff's Motions**

1.  As it stands now, the plaintiff's mugshot has not been properly authenticated.  The provenance of the photograph is in question.  Defendants previously understood that it was destroyed pursuant to the sealing provisions of N.Y. Crim. Proc. L. §160.50.  *See* ECF No. 86, Nov. 11, 2018.  It was recently discovered in the possession of a third party vendor.  These suspicious circumstances make it possible that the photo may have been tampered with, which can be done easily now with modern technology.  Unless the defendants can trace its chain of custody and lay a proper foundation, it must be kept out.

2.  Defendants are precluded from introducing evidence of plaintiff's criminal history.  *See* Fed. R. Evid. 403; *see also* Fed. R. Evid. 609.

3.  Plaintiff's motion to preclude Sergeant Anthony Bertram from testifying regarding his phone call with an attorney from the New York Police Department ("NYPD") legal



department is now moot.  Defendants removed Sergeant Bertram from their witness list and proffered that they do not intend to introduce evidence of his call with the NYPD attorney.

4. Testimony was given at the *in limine* hearing by Renate Lunn, plaintiff's former criminal defense attorney, concerning the termination of plaintiff's underlying criminal charges. Parties shall provide supplemental briefs on the favorable termination issue based on the record, the law, and policy implications.

5. Request to preclude the April 9, 2014 criminal court transcript is denied.  It is relevant to the favorable termination issue.

6. Statement in Medical Treatment of Prisoner form that plaintiff was placed in "leg shackles and rear cuffed" shall be redacted.  *See* Fed. R. Evid. 403.

7. Statement in New York City Fire Department Pre-Hospital Care Report Summary ("FDNY Pre-Hospital Report") that the incident in question occurred "in jail" shall be redacted.  *See* Fed. R. Evid. 403.

8. Request to redact statement of medical provider in FDNY Pre-Hospital Report that the plaintiff had "no medical problems" is denied.  This statement is admissible under the business record exception to hearsay.  *See* Fed. R. Evid. 803(6).  The court will hear, and carefully assess, any additional requests made at trial to redact medical records.

9. Evidence of plaintiff's alcohol use and treatment is precluded.  *See* Fed. R. Evid. 403.

10. Evidence designed to induce sympathy for the police, such as that the police officers were busy at the time of the incident, is precluded.  *See* Fed. R. Evid. 403.

11. Defendants are not required to turn over potential impeachment material.

**B.  Defendants' Motions**

1.  Defendants' request to amend Exhibit J to include the entirety of Dr. Elliot Schuster's
    medical records is granted. *See* ECF No. 120, Jan. 15, 2019.

2.  State law claims have not been pled and permission to amend is denied. The federal
    claims to be tried are:  (1) unlawful entry; (2) false arrest; (3) excessive force; (4)
    malicious prosecution; (5) denial of a right to a fair trial; and (6) failure to intervene. *See*
    Amended Memorandum & Order, ECF No. 77, June 26, 2018.

3.  Plaintiff is precluded from referring to defense counsel as the "City" or as "City
    attorneys." *See* Fed. R. Evid. 402, 403.

4.  Plaintiff is precluded from mentioning that the defendants may be indemnified. *See* Fed.
    R. Evid. 402.

5.  Plaintiff may not request a specific dollar amount from the jury.  But he may prove
    specifics of the costs for medical treatment, loss of work, and other measurable losses.

6.  Evidence of defendant officers' disciplinary histories and prior lawsuits is precluded. *See*
    Fed. R. Evid. 403, 404(b).

7.  Renate Lunn, plaintiff's criminal defense attorney, was permitted to provide testimony at
    the *in limine* hearing regarding her recollections of the dismissal of plaintiff's underlying
    criminal charges.

8.  Dr. Eliot Schuster, plaintiff's treating physician, may testify as a lay witness.  He may not
    testify generally regarding causation; however, he may testify as to what the plaintiff told
    him regarding causation if it was related to his treatment of the plaintiff. *See* Fed. R.
    Evid. 803(4).

9.  Plaintiff is precluded from introducing evidence of Camille Watson's mental health, but a
    witness may testify concerning his or her observations of Ms. Watson.  The jury has been

instructed that Ms. Watson's mental well-bearing has no bearing on the ultimate issue at trial unless plaintiff can demonstrate that the police officers were aware of any mental deficiencies prior to plaintiff's arrest.

10. Evidence concerning the results of the child abuse investigation shall be precluded. *See* Fed. R. Evid. 402. The results of the child abuse investigation that followed defendants' entry into plaintiff's apartment are irrelevant. The relevant inquiry is what information defendant police officers had prior to plaintiff's arrest and their entry into his apartment.

11. The request to preclude evidence of plaintiff's post-traumatic stress disorder is moot. Plaintiff proffers that he does not intend to raise this issue.

## C. Stipulations

1. The parties agree to the authenticity of the photographs taken of the plaintiff's apartment.

2. The parties agree to the authenticity of the medical reports.

3. The parties agree that no warrant was issued to enter the plaintiff's apartment or to arrest the plaintiff.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: January 24, 2019
Brooklyn, New York