**LAW OFFICE OF DAVID A. ZELMAN**
709 Eastern Parkway
Brooklyn, New York 11213
(718) 604-3072
Fax (718) 604-3074

January 28, 2019

**VIA ECF**
**Honorable Jack B. Weinstein**
**United States District Court**
**EDNY, Brooklyn Courthouse**
**225 Cadman Plaza East**
**Brooklyn, NY 11201**

**Re: Larry Thompson v. The City of New York et. al.**
**Civil Action No. 14-cv-7349**

Your Honor:

      I am the attorney for the plaintiff.   I write to submit a trial memorandum as to the following issues:

1. Compensatory Damages must be awarded on a false arrest finding if there was, as here, a substantial time in custody following the arrest.  See, (*Kerman v City of NY*, 374 F3d 93, 124-125 [2d Cir 2004].)

In contrast, where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law.  [**88]  See, e.g., Atkins v. City of New York, 143 F.3d at 103; Haywood v. Koehler, 78 F.3d at 104; Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 39 (2d Cir. 1985), cert. denied, 475 U.S. 1027, 89 L. Ed. 2d 337, 106 S. Ct. 1227 (1986); Wheatley v. Beetar, 637 F.2d at 867. In Wheatley, for example, a bifurcated trial was held on the plaintiff's claim that he had been beaten by county police officers. In the first phase of the trial, the jury found the defendants liable for use of excessive force in violation of the plaintiff's constitutional rights; in the second phase, the jury awarded damages of just $ 1. The plaintiff moved unsuccessfully for a new trial on the issue of damages. On appeal, we reversed. We noted that although the jury could reasonably have rejected some of the plaintiff's evidence of injury, other injury claims were well substantiated and uncontradicted. Since the jury's verdict that excessive force had been used plainly accepted the plaintiff's testimony that he had been beaten, we concluded that the plaintiff was entitled as a matter of law to some compensation. See 637 F.2d at 865. [**89]  Thus, we held that in the second phase of the trial, "it was error to charge the jury that an award of nominal damages was permissible and an abuse of discretion not to set [such an award] aside." Id.

Similarly, where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages. See Raysor v. Port Authority of New York and New Jersey, 768 F.2d at 38-39 ("Raysor"). In Raysor, the plaintiff, while attempting to return approximately $ 16 worth of pills to a store, was arrested and was detained for several hours. Following his exoneration, he [*125] brought suit under § 1983 and state law for false arrest and malicious prosecution. The jury found against him on the constitutional claims but found one defendant liable on the state-law claims; it awarded the plaintiff compensatory damages of $ 16. We held that this award was inadequate to compensate the plaintiff for, inter alia, "the loss of time . . . involved in a case of false arrest." 768 F.2d at 39 (internal quotation [**90] marks omitted). We noted that:

New York cases uphold awards of up to $ 10,000 for even short periods of confinement without proof of actual damages. See, e.g., Hallenbeck v. City of Albany, 99 A.D.2d 639, 472 N.Y.S. 2d 187 (1984) ($ 10,000 for three hours); Woodard v. City of Albany, 81 A.D.2d 947, 439 N.Y.S. 2d 701 (1981) ($ 7,500 for five hours); Guion v. Associated Dry Goods Corp., 56 A.D.2d 798, 393 N.Y.S. 2d 8 (1977) ($ 10,000 for three hours), aff'd, 43 N.Y. 2d 876, 403 N.Y.S. 2d 465, 374 N.E.2d 364 (1978).

Raysor, 768 F.2d at 39. We inferred that the inadequate verdict was likely the product of a jury charge that did not inform the jury that the plaintiff was entitled to recover for the loss of intangible rights:

The admonition not to award "speculative damages" was, of course, correct, as was the court's instruction that Raysor had "the burden of proof with respect to the nature and extent of his injuries, and with respect to his resulting losses." But the court should have made it clear to the jury that it could award monetary damages--the amount necessarily [**91] arbitrary and unprovable--for the intangibles which we have referred to above. Id. (emphasis added).

2. Counsel correctly pointed out that the City of New York disposed of the best evidence of in this matter, the 911 call itself

While your Honor ultimately ruled in this case that the defendants did not spoliate the 911 call, plaintiff's counsel was permitted to reference the 911 call during closing, specifically because defendants relied on the 911 call in their closing and in fact attempted to argue to the jury that the 911 call "changed" from a not in progress event to an in progress event.

In this case, plaintiff was arrested on January 14, 2014. The criminal case was disposed of on April 15, 2014 and the complaint was filed with this Court on December 17, 2014.

As was argued to your Honor previously, the duty to preserve evidence in this matter attached as soon as the triggering event occurred as defendants were currently embroiled

in criminal litigation and they reasonably should have anticipated civil litigation. As was argued to your Honor in plaintiff's motion for spoliation sanctions, p. 23-24:

> For purposes of spoliation sanctions, the anticipated litigation need not even be the same litigation in which the spoliation sanctions are sought to provide notice of a duty to preserve evidence. See, *Taylor v. City of N.Y.*, 293 F.R.D. 601, 610-11 (S.D.N.Y. 2013) ("…courts within the Second Circuit have found that a duty to preserve relevant video footage may attach as soon as the triggering incident occurs and prior to when a claim is filed.) (collecting cases). A police department and its constituent officers have an obligation to preserve evidence obtained during the course of its criminal investigations in anticipation of a criminal trial, and its failure to do so will justify the imposition of spoliation sanctions in a subsequent civil lawsuit which alleges police misconduct. *See Manganiello v. City of New York*, 612 F.3d 149, 166 (2d Cir. 2010) (in Plaintiff's civil lawsuit, rejecting as "frivolous" the contention made by the defendant police detective that he had no obligation to preserve the case file of a criminal investigation).

Here, defendants have never specified where, when, who or why the transcript of the 911 call was destroyed by them. It is unknown if it was destroyed before or after the criminal case was terminated. It is unknown if the destruction of the 911 tape was destroyed while the criminal case was pending or after. Moreover, defendants relied heavily upon the 911 call as a basis for the warrantless entry and arrest of the plaintiff. The plaintiff was certainly within his rights in pointing out to the jury that the best evidence which defendants relied upon was made unavailable by the defendants themselves.

It should also be pointed out that in summation, defense counsel pointed out that the 911 caller was not called to the stand by the plaintiff. If your Honor is inclined to instruct the jury on this missing 911 transcript issue, plaintiff requests an instruction that the defendant was in the same position as plaintiff to call the 911 caller as a witness in this action.

3. Rhetorical comment during summation.

During summation, plaintiff argued that the jury should attempt to put themselves in the "shoes" of the plaintiff. This argument is permissible and non prejudicial. See, (*Blount v Keane*, 1992 US Dist LEXIS 12806, at *28-29 [EDNY Aug. 6, 1992, CV-91-0115 (CPS)].)

> Petitioner also characterizes the prosecutor's summation as impermissibly inflammatory. Petitioner objects to the request that the jurors put themselves in the shoes of the defendant and then paint a picture of what might have happened. This is, however, acceptable. The prosecution is allowed wide latitude to use rhetorical devices during closing argument. *LaMorta,* 950 F.2d at 85.

See also, (*United States v Jean*, 1998 U.S. App. LEXIS 24471, at *5 [2d Cir Sep. 23, 1998, No. 97-1618]:

> Similarly, comparing defendant to Job is a rhetorical device. Litigants are given wide

latitude in their closing statements. *United States v. Bagaric*, 706 F.2d 42, 60 (2d Cir. 1983). A prosecutor is not precluded from using sarcasm or "colorful adjectives" in summation. *United States v. Rivera*, 971 F.2d 876, 884 (2d Cir. 1992); *United States v. Bagaric*, 706 F.2d 42, 60 (2d Cir. 1983).

Thank you for your consideration.

                                                                                      Very Truly Yours:

                                                                                          /S

                                                                                 David A. Zelman, Esq.