UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY THOMPSON, | **AMENDED ORDER** |
| Plaintiff, | 14-CV-7349 |
| – against – | |
| Police Officer PAGIEL CLARK; Police Officer PAUL MONTEFUSCO; Police Officer GERARD BOUWMANS; Police Officer PHILLIP ROMANO, | |
| Defendants. | |

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 1 3 2019 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior District Judge:**

At 10 p.m. one evening in Brooklyn, plaintiff, with his wife and new-born baby, were preparing for sleep. He was confronted at his front door by four armed uniformed police officers without a warrant seeking to enter his home. They had been directed to investigate a report of possible child abuse. He blocked their entry and, according to the officers' testimony, pushed one of the officers. They pushed him to the floor, handcuffed him, and, according to his testimony, beat him. The child was fine—the report of abuse came from a distraught relative.

The jury faced a question repeatedly posed in today's society: what should the "good citizen," and the "good police officer," do in such a situation?

The jury found in favor of the defendants. Fee and cost assessments are now before the court.

"The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). The court has a wide discretion. The plaintiff's claims were brought in good faith and they were neither "frivolous, unreasonable, [nor] groundless." *See id.* at 15 (quoting *Christiansburg Garment Co.*



*v. EEOC*, 434 U.S. 412, 422 (1978)); *see also* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . ."). No fees are awarded.

Nor are any costs awarded. "It is well-settled that under Fed.R.Civ.P. 54(d), the awarding of costs is discretionary with the trial judge." *McDonnell v. Am. Leduc Petroleums, Ltd.*, 456 F.2d 1170, 1188 (2d Cir. 1972). In view of plaintiff's good faith in bringing this action to enforce his constitutional rights, the close, difficult, and protracted nature of the litigation, and plaintiff's reduced financial resources, costs should not be imposed against him. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), abrogated on other grounds by *Bruce v. Samuels*, 136 S. Ct. 627 (2016) ("[C]osts may be denied because of . . . the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources."); *Remington Prod., Inc. v. N. Am. Philips, Corp.*, 763 F. Supp. 683, 687 (D. Conn. 1991) (finding that a case being "close, complex[,] and protracted" are valid reasons to deny costs); *Bucalo v. E. Hampton Union Free Sch. Dist.*, 238 F.R.D. 126, 129 (E.D.N.Y. 2006) (finding that courts may consider "factors such as the plaintiff's financial hardship and good faith in bringing the action" when determining whether to assess costs); Trial Tr. 198, Jan. 23, 2019 ("My client [Larry Thompson] works for the USPS and he is not in a position to pay for . . . transcripts.").

Prevailing party costs have been requested pursuant to Federal Rule of Civil Procedure 68. *See* ECF No. 140, Feb. 11, 2019. Defendants argue that they are entitled to such costs because plaintiff had declined their Rule 68 Offer of Judgment for $10,001 plus reasonable attorneys' fees, expenses, and costs. *See id.*; Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Based on the facts of this case, the defendants' Offer

of Judgment is not considered to be a reasonable offer. Had the jury returned a verdict in favor of the plaintiff, it would have far exceeded the amount of the unaccepted offer.

Costs and fees are denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 12, 2019
       Brooklyn, New York