UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY THOMPSON,<br><br>                    Plaintiff,<br><br>           v.<br><br>PAGIEL CLARK,<br><br>                    Defendant. | **ORDER**<br>14-CV-07349 (HG) (RML) |

     Plaintiff's malicious prosecution claim against Defendant Pagiel Clark has been remanded to this Court by the Second Circuit, following an appeal to the Supreme Court, and after a trial in which the jury returned a verdict in favor of the remaining Defendants on Plaintiff's remaining claims. *See* ECF No. 137. Defendant has now requested permission to move for summary judgment seeking dismissal of the malicious prosecution claim, according to the applicable standard described by the Supreme Court. *See* ECF No. 156. Plaintiff opposes Defendant's request and has argued that such a summary judgment motion would be both procedurally improper and substantively unmeritorious. *See* ECF No. 160. Instead, Plaintiff asserts that his malicious prosecution claim should proceed directly to trial. *Id.*

     Neither the Second Circuit's mandate nor the Supreme Court's decision prohibits this Court from considering a motion for summary judgment to assess Plaintiff's malicious prosecution claim according to the new legal standard. The Second Circuit's mandate simply "VACATE[D] the judgment of the district court," which had stated that Plaintiff was entitled to no damages from Defendant Clark and the former defendants, and "REMAND[ED] this case for further proceedings consistent with the Supreme Court's decision." ECF No. 158. The Supreme Court's decision similarly "remand[ed] for further proceedings consistent with this opinion." *Thompson v. Clark*, 142 S. Ct. 1332, 1341 (2022). The Court described several additional issues

of fact and law that potentially remain relevant to Plaintiff's malicious prosecution claim on remand, "including whether [Plaintiff] was ever seized as a result of the alleged malicious prosecution, whether he was charged without probable cause, and whether [Defendant] is entitled to qualified immunity," and said that "the Second Circuit or the District Court as appropriate may consider those and other pertinent questions." *Id.*

Even if the Second Circuit's mandate had expressly remanded Plaintiff's malicious prosecution claim for a new trial, "[t]he granting of a new trial does not preclude a party from moving for summary judgment." *Adams v. Yale-New Haven Hosp.*, No. 06-cv-1166, 2012 WL 359968, at *2 (D. Conn. Feb. 2, 2012). The Second Circuit has affirmed multiple decisions granting summary judgment after either it or the district court had ordered a new trial. *See Girden v. Sandals, Int'l*, 67 F. App'x 27, 28 (2d Cir. 2003); *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 260–61 (2d Cir. 2002). *See also Callahan v. Wilson*, 863 F.3d 144, 154 (2d Cir. 2017) (remanding case "for a new trial" because of improper jury instruction); *Callahan v. Cnty. of Suffolk*, No. 12-cv-2973, 2022 WL 1283610, at *3 (E.D.N.Y. Apr. 29, 2022) (granting summary judgment motion in favor of defendants on remand).

Additionally, the Court's prior decision that declined to grant summary judgment in favor of Defendant Clark on Plaintiff's malicious prosecution claim, *see* ECF No. 77 at 26–27, does not preclude the Court from granting summary judgment at this stage. Plaintiff's assertion that the prior summary judgment decision is binding as the law of the case is incorrect. The law of the case doctrine requires that "[w]here a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Kerman v. City of N.Y.*, 374 F.3d 93, 109 (2d Cir. 2004) (internal quotation marks omitted) (alteration in original). However, with

2

respect to a court's own decisions, "[t]he doctrine of law of the case is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 97 (2d Cir. 2013) (internal quotation marks omitted).

Accordingly, the Court grants Defendant's request to file a motion for summary judgment. Defendant shall file his opening papers on or before August 26, 2022. Plaintiff shall file his opposition papers on or before September 30, 2022, in which he may renew and provide any further support for his argument that granting summary judgment would be procedurally improper at this stage. Defendant shall file his reply papers on or before October 14, 2022. The parties' motion papers must comply with Section IV.B of the Court's Individual Practices.

SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
        July 23, 2022