UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LARRY THOMPSON,

                                            Plaintiff,

-against-

POLICE OFFICER PAGIEL CLARK, Shield #28742,

                                            Defendant.

**DECLARATION OF KAVIN THADANI IN SUPPORT OF DEFENDANT PAGIEL CLARK'S MOTION FOR SUMMARY JUDGMENT**

14 cv 07349 (HG) (RML)

------------------------------------------------------------------------ x

      **KAVIN THADANI**, an attorney duly admitted to practice in the Courts of New York, declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following statements are true:

      1.    I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendant Pagiel Clark. As such, I am familiar with the facts and circumstances stated herein and submit this declaration in support of defendant's Motion for Summary Judgment.

      2.    Annexed hereto as Exhibit "A" is a copy of I/Net Dispatcher Event Chronology No. D14011523758, which was admitted at trial in this matter on January 25, 2019, and which demonstrates, *inter alia*, that Camille Watson called 911 to report that her two week old niece was being sexually abused by the baby's father at 339 Lincoln Place, Apt. 2E in Brooklyn, New York.

      3.    Annexed hereto as Exhibit "B" is a copy of excerpts of the transcript of the trial testimony of former defendant Phillip Romano from January 23, 2019, which demonstrate, *inter alia*, that he was directed to respond to plaintiff's apartment to investigate an alleged assault in progress / possible sexual abuse of a child, and that, when he arrived on scene, Emergency

Medical Technicians ("EMTs") informed him, *inter alia*, that they need to evaluate the baby in plaintiff's apartment.

4. Annexed hereto as Exhibit "C" is a copy of excerpts of the transcript of the trial testimony of former defendant Paul Montefusco from January 24, 2019, which demonstrate, *inter alia*, that he was directed to respond to plaintiff's apartment to investigate an alleged sexual assault of a baby in progress.

5. Annexed hereto as Exhibit "D" is a copy of excerpts of the transcript of the trial testimony of defendant Pagiel Clark from January 25, 2019, which demonstrate, *inter alia*, that he was directed to respond to plaintiff's apartment to investigate the possible child abuse / sexual assault of a baby in progress, and that plaintiff fit the description of the alleged perpetrator that he was provided prior to his arriving on scene.

6. Annexed hereto as Exhibit "E" is a copy of excerpts of the transcript of the trial testimony of non-party EMT Matthew Marturano from January 23, 2019, which demonstrate, *inter alia*, that he informed the police officers that he needed to gain entry into plaintiff's apartment to check on the baby.

7. Annexed hereto as Exhibit "F" is a copy of excerpts of the transcript of the trial testimony of non-party EMT Quentin Dillahunt from January 25, 2019, which demonstrate, *inter alia*, that he informed the police officers that he needed to evaluate the baby.

8. Annexed hereto as Exhibit "G" is a copy of excerpts of the transcript of the trial testimony of former defendant Gerard Bouwmans from January 23, 2019,[1] which demonstrate,

---

[1] Defendant notes that pages 98-102 of this exhibit are mistakenly marked by the court reporter as relating to the testimony of former defendant Montefusco.

*inter alia*, that, when he arrived on scene, EMTs informed him, *inter alia*, that they need to check the baby.

9.	Annexed hereto as Exhibit "H" is a copy of excerpts of the transcript of the trial testimony of plaintiff from January 25 and 28, 2019,[2] which demonstrate, *inter alia*, (i) that plaintiff was informed by the police officers that they received a call that a child was being abused and that they needed to enter his apartment, (ii) that plaintiff stood in the front doorway of his apartment and refused the police officers entry into his apartment to check on the baby, (iii) that plaintiff was released on his own recognizance and free to go after his arraignment, and (iv) that plaintiff made only two court appearances after his arraignment before the criminal charges against him were dismissed.

10.	Annexed hereto as Exhibit "I" is a copy of Arrest Report No. K14604357, which demonstrates, *inter alia*, that plaintiff was arrested for Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

11.	Annexed hereto as Exhibit "J" is a copy of the Certificate of Disposition, which demonstrates, *inter alia*, that plaintiff was criminally prosecuted for Obstructing Governmental Administration in the Second Degree (N.Y. Penal Law § 195.05) and Resisting Arrest (N.Y. Penal Law § 205.30).

---

[2] Although this exhibit totals 27 pages, that length is due in large part to the inclusion of cover and separator pages.  In accordance with Your Honor's Individual Practices, only 14 pages (pages 610-11, 614-17, 640-41, 643-45, 658-59, and 708) contain substantive testimony relevant to defendant's motion.

Dated: New York, New York
       August 26, 2022

                                    HON. SYLVIA O. HINDS-RADIX
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendant Clark*
                                    100 Church Street
                                    New York, New York  10007
                                    (212) 356-2351

                          By:    /s/ *Kavin Thadani*
                                    Kavin Thadani
                                    Senior Counsel
                                    Special Federal Litigation Division

TO:    **VIA ECF**
        David Zelman, Esq.
        Cary London Esq.
        *Attorneys for Plaintiff*