UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY THOMPSON,<br><br>                           Plaintiff,<br><br>vs.<br><br>THE CITY OF NEW YORK, et al.,<br><br>                          Defendants. | **PROPOSED JOINT PRE-TRIAL ORDER**<br><br>Index No. 14-CV-7349 (HG) (RML) |

The parties, by their respective counsel, as and for a Proposed Joint Pre-Trial Order have agreed to the following:

**I.    Caption.**

**Plaintiff:**

Plaintiff respectfully submits that the caption should be as follows:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY THOMPSON,<br><br>                           Plaintiff,<br><br>vs.<br><br>POLICE OFFICER PAGIEL CLARK, Shield #28472,<br><br>                          Defendant. | Index No. 14-CV-7349 |

The Second Circuit directed the clerk to modify the caption, but it appears that the clerk for the Eastern District of New York has not yet made the change.

**Defendant:**

Defendant Clark agrees that the City of New York should be removed from the caption as it is no longer a defendant and respectfully submits that the caption should be as follows: "Larry Thompson, Plaintiff v. Pagiel Clark, Defendant," as reflected in the Court's May 18, 2023 Memorandum & Order. *See* Dkt. No. 172. Defendant Clark objects to the caption referring to him as "Police Officer Pagiel Clark, Shield #28472," on the grounds that defendant Clark's rank and shield number are unnecessary and, in any event, are inaccurate and confusing insofar as defendant Clark now holds the rank of sergeant.[1]

## II.  Parties and Counsel.

**For Plaintiff Thompson:**

Rob Rickner
Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
rob@ricknerpllc.com

Joel Wertheimer
Wertheimer LLC
14 Wall Street, Suite 1603
New York, New York 10005
Phone: (646) 720-1098
joel@joelwertheimer.com

**For Defendant Clark:**

MURIEL GOODE-TRUFANT
Acting Corporation Counsel
Office of the Corporation Counsel
100 Church Street
New York, New York 10007
By:  Kavin Thadani (212-356-2351; kthadani@law.nyc.gov)
     Brian Francolla (212-356-3527; bfrancol@law.nyc.gov)

## III.  Jurisdiction

Plaintiff has subject matter jurisdiction under 28 U.S.C. §1331 as there is a federal question.

---

[1] Plaintiff has no objection to the Defendant's rank being corrected.

Defendant does not contest subject-matter jurisdiction.

## IV. Claims and Defenses

**<u>Plaintiff:</u>**

Plaintiff brings a claim for prosecution without probable cause, commonly referred to by its common law counterpart's name, malicious prosecution. The elements of the claim are: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, [] (3) the absence of probable cause for the criminal proceeding, [and (4)] a sufficient post-arraignment liberty restraint." *Thompson v. Clark*, 2024 WL 2720230, at *2 (2d Cir. 2024).

It is Plaintiff's position that the only element at issue for trial is the absence of probable cause.

**<u>Defendant's Summary of Claims and Defenses:</u>**

The following claim remains to be tried against defendant Pagiel Clark: Malicious Prosecution, pursuant to 42 U.S.C. § 1983. To establish this claim, plaintiff must prove (1) that defendant Clark initiated or continued the criminal proceeding against plaintiff, (2) termination of the proceeding in plaintiff's favor, (3) lack of probable cause for commencing the proceeding, (4) actual malice as motivation for defendant Clark's actions, and (5) a post-arraignment deprivation of liberty that rises to the level of a constitutional seizure. *See, e.g., Coleman v. City of New York*, 688 F. App'x 56, 57-58 (2d Cir. 2017).

Defendant Clark refutes that "the only element at issue for trial is the absence of probable cause" and contends that plaintiff will be unable to establish his malicious prosecution claim because he cannot prove (1) that defendant Clark sufficiently initiated or continued the criminal proceeding against plaintiff, (2) a lack of probable cause for commencing the proceeding, (3) that actual malice was a motivation for defendant Clark's actions, and/or (4) a post-arraignment

3

deprivation of liberty that rises to the level of a constitutional seizure. In addition, plaintiff cannot establish that the probable cause to arrest him dissipated between the time of his lawful arrest and his prosecution. Finally, defendant Clark contends that he is entitled to qualified immunity.

**V.     Jury or Bench Trial.**

This case is to be tried with a jury and is expected to last 5-7 days.

**VI.    Consent to Trial by Magistrate Judge.**

The parties do not consent to trial by a magistrate judge.

**VII.   Statement of Relief Sought.**

Plaintiff seeks compensatory against the defendant for initiating the prosecution against him without probable cause, causing a loss of liberty and emotional damages.[2] Plaintiff also seeks punitive damages as the evidence, Plaintiff submits, will show that Defendant's actions were taken with at least reckless disregard for Plaintiff's Fourth Amendment rights.

**VIII.  Witnesses.**

**Plaintiff:**

| Larry Thompson | Plaintiff will testify regarding the incident at his apartment, his injuries, and damages. |
|---|---|
| Pagiel Clark | Defendant will testify regarding the incident at his apartment, probable cause, and the prosecution. |
| Officer Paul Montefusco | Officer Montefusco is expected to testify regarding the incident at Plaintiff's apartment. |
| Officer Gerard Bouwmans | Officer Bouwmans is expected to testify regarding the incident at Plaintiff's apartment. |
| Officer Phillip Romano | Officer Romano is expected to testify regarding the incident at Plaintiff's apartment. |

---

[2] Defendant understands plaintiff's reference to "emotional damages" to refer only to "garden variety emotional damages," consistent with his prior representation to the Court. *See, e.g.,* Nov. 15, 2016 Docket Entry. However, if not, defendant respectfully reserves the right to move *in limine* or otherwise as to any damages improperly sought.

4

| EMT Matthew Marturano | EMT Marturano is expected to testify regarding the incident at Plaintiff's apartment. |
|---|---|
| EMT Quentin Dillahunt | EMT Dillahunt is expected to testify regarding the incident at Plaintiff's apartment. |
| Unetta Nurse[3] | Ms. Nurse is expected to testify regarding the incident at Plaintiff's apartment, and regarding Plaintiff. |
| Shantasia Prospere | Ms. Prospere is expected to testify regarding the incident at Plaintiff's apartment. |
| Renate Lunn[4] | Defense attorney Lunn is expected to testify regarding the prosecution of Plaintiff. |
| Talleta Watson | Ms. Watson is expected to testify regarding the incident at Plaintiff's apartment, where she also lived, as well as her daughter, the Plaintiff, and Plaintiff's injures. |
| Records Custodian for the District Attorney's Office and/or David Raskin | Given Defendant's objections to PX2 - the ECAB Sheet – Plaintiff will call the screener, David Raskin, who prepared the sheet, or a records custodian. |

**Defendant's Witnesses:[5]**

| 1. | Pagiel Clark |
|---|---|
|    | Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress, plaintiff's conduct on January 15, 2014, which included pushing another officer and physically resisting a lawful arrest, the basis for plaintiff's prosecution, and his involvement in plaintiff's prosecution. |
| 2. | Paul Montefusco |

---

[3] Defendant will move *in limine* to preclude the testimony of this witness.
[4] Defendant will move *in limine* to preclude the testimony of this witness.
[5] Defendant reserves the right to call at trial any witness listed by plaintiff. This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by another party in all parts of the trial or for all purposes. Defendant reserves the right to not call listed witnesses or to supplement this witness list in the future. Defendant reserves the right to designate the deposition testimony of any witness who is unavailable for trial. Defendant reserves the right to offer deposition testimony in lieu of in person testimony insofar as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence, and reserves the right to use deposition testimony on cross-examination.

|   |   |
|---|---|
|   | Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress and plaintiff's conduct on January 15, 2014, which included pushing him as he attempted to make lawful entry into plaintiff's apartment and physically resisting a lawful arrest. |
| 3. | Gerard Bouwmans[6]<br><br>Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress and plaintiff's conduct on January 15, 2014, which included pushing another officer and physically resisting a lawful arrest. |
| 4. | Phillip Romano<br><br>Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress and plaintiff's conduct on January 15, 2014, which included pushing another officer and physically resisting a lawful arrest. |
| 5. | Matthew Marturano[7]<br><br>Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress, the information he relayed to the police officers on scene concerning the reported child abuse in progress, and plaintiff's conduct on January 15, 2014, which included pushing a police officer and physically resisting a lawful arrest. |
| 6. | Quentin Dillahunt<br><br>Expected to testify about, *inter alia*, the information that was relayed to him regarding the reported child abuse in progress, the information he relayed to the police officers on scene concerning the reported child abuse in progress, and plaintiff's conduct on January 15, 2014, which included pushing a police officer and physically resisting a lawful arrest. |
| 7. | Anna Tse[8]<br><br>Expected to testify about, *inter alia*, plaintiff's arraignment and release on his own recognizance. |

---

[6] Defendant notes that Mr. Bouwmans lives out of state and is, therefore, more than 100 miles away from the courthouse. Accordingly, defendant respectfully requests that Mr. Bouwmans be permitted to testify by remote means.

[7] Defendant notes, upon information and belief, that Mr. Maturano is away on vacation from August 3-10, 2024 and, therefore, more than 100 miles away from the courthouse. The parties intend to confer regarding the presentation of Mr. Marturano's testimony and will make any necessary applications to the Court.

[8] Plaintiff will move *in limine* to preclude the testimony of this witness.

### IX. Deposition Testimony.

Plaintiff does not intend to offer any deposition testimony in his case in chief, unless we learn that a witness is unexpectedly unavailable. In the event that a witness is successfully impeached with deposition testimony, Plaintiff reserves the right to have the inconsistent statement, i.e. the question and answer at issue, entered into evidence.

Defendant does not currently intend to offer any deposition or prior trial testimony during his case in chief. However, he reserves the right to designate the deposition or prior trial testimony of any witness who is unavailable for trial. Defendant objects to plaintiff's reservation of rights to have an inconsistent statement from deposition testimony "entered into evidence." Defendant further objects to the use of deposition testimony of any witness not present at trial unless the party seeking to introduce such testimony has made a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

### X. Stipulations.

None.

### XI. Exhibits.

**Plaintiff:**

| | Description | Objection(s) | Response to Objection(s) |
|---|---|---|---|
| PX1 | Criminal Court Complaint – DEF48 | Defendant does not object to this document provided that the document is admitted at an appropriate time, through a proper witness, and for a relevant purpose. | Plaintiff states that this is a public record, and self-executing, that there is no need to wait to use it with an "appropriate witness" as no such requirement exists in the rules of evidence. The exhibit should be admitted at the beginning of trial, given that there is no objection. |
| PX2 | ECAB Screening Sheet – DEF29 | Defendant objects on the grounds of hearsay (Rule 802) as | Plaintiff responds that this is a business record that contains |

7

| | | | |
|---|---|---|---|
| | | the document contains the notes of a third party and on Rule 403 grounds (unfair prejudice, misleading the jury and confusing the issues) as defendant contends that the document inaccurately notes that defendant Clark reported that plaintiff "slapped" as opposed to pushed his partner. | statements from the Defendant himself. The Defendant can contest the statement at trial and the jury can evaluate it; there is no reason to exclude it. |
| PX3 | Report of Suspected Child Abuse – DEF161-DEF162 | Defendant objects on relevance grounds (Rule 402) as neither this document, nor its contents, have any bearing on the issues to be decided at this trial. This NYPD document has no relevance or relationship to the prosecution, especially because plaintiff was never charged with child abuse. Defendant further objects on relevance and Rule 403 (misleading the jury and confusing the issues) grounds as plaintiff previously utilized this document to support the argument that the 911 call that preceded the incident was made by an "anonymous" caller (notwithstanding that the document reflects the complainant's specific information), which is not relevant to the issues to be determined at this trial. | Plaintiff responds that this document is important for showing the timeline of the initiation of the prosecution. The fact that the Defendant inaccurately states that the complaint was anonymous while also stating the name of the complainant is relevant. Further, to the extent Plaintiff must prove malice, this is relevant to showing the Defendant's mental state. |
| PX4 | Certificate of Disposition – DEF4 | Defendant objects on relevance (Rule 402) and Rule 403 (confusing the issues, misleading the jury, wasting time, and needlessly cumulative) grounds because it has already been determined by the U.S. Supreme Court in this case that the plaintiff has satisfied the favorable | The fact that the case was sealed as well as dismissed is a relevant part of the prosecution, and the date that prosecution terminated is also relevant. Further, there is nothing confusing about this document. |

| | | termination element of his malicious prosecution claim. Therefore, this document has no bearing on the issues to be determined at trial and its admission would put undue and unwarranted attention on an irrelevant fact. Plaintiff is free to testify as to the date the prosecution terminated, which is also reflected in other documents. | |
|---|---|---|---|
| PX5 | Prisoner Arrest Tracking (OLPA) – DEF85-DEF86 | Defendant objects on relevance (Rule 402) and Rule 403 (unfair prejudice, confusing the issues, misleading the jury) grounds as the document (which defendant Clark did not prepare) concerns the length of plaintiff's pre-arraignment custody, which is not properly recoverable.<br><br>Defendant notes that he intends to discuss the preclusion of this document further in his motions *in limine*. | Plaintiff responds that the compensable time is the period after the initiation of the prosecution, given that the Defendant wrongfully failed to provide Plaintiff with a DAT, so the document is neither unduly prejudicial nor irrelevant. Plaintiff will discuss this in a motion *in limine*. Further, to the extent Plaintiff must prove malice, this is relevant to showing the Defendant's mental state. |
| PX6 | DAT Investigation – DEF27-DEF28 | Defendant objects to this document, which is not a desk appearance ticket ("DAT") but rather a DAT Investigation Form, on relevance (Rule 402) and Rule 403 (unfair prejudice, confusing the issues, misleading the jury) grounds as the document concerns plaintiff's pre-arraignment custody and whether or not plaintiff could have been released from pre-arraignment custody earlier with a DAT, which is not at issue in this trial.<br><br>Defendant notes that he intends to discuss the preclusion of this | Plaintiff contends that the improper refusal to initiate prosecution with a DAT, which results in a much shorter time in custody, is relevant to damages. Further, to the extent Plaintiff must prove malice, this is relevant to showing the Defendant's mental state. |

9

| | | document further in his motions *in limine*. | |
|---|---|---|---|
| PX7 | Apartment Photos – A through L | Defendant does not object to these photographs provided that they are admitted at an appropriate time, through a proper witness, and for a relevant purpose.<br><br>However, defendant does object to the extent plaintiff intends to offer black and white versions of these photographs. (Rule 403) | Plaintiff intends to offer these in color. Further, there is no need to wait to use the photos with an "appropriate witness" as no such requirement exists in the rules of evidence. The exhibit should be admitted at the beginning of trial, given that there is no objection. |
| PX8 | April 9, 2014 Criminal Court Transcript (DEF 000128 – DEF 000129) | Defendant objects on relevance (Rule 402) and Rule 403 (confusing the issues, misleading the jury, wasting time, and needlessly cumulative) grounds because it has already been determined by the U.S. Supreme Court in this case that the plaintiff has satisfied the favorable termination element of his malicious prosecution claim. Therefore, the transcript regarding the dismissal of plaintiff's criminal case has no bearing on the issues to be determined at trial and its admission would put undue and unwarranted attention on an irrelevant fact. Plaintiff is free to testify as to the date the prosecution terminated, which is also reflected in other documents. | Plaintiff contends that this transcript is directly relevant to damages, as it is the transcript of a court appearance that Plaintiff was required to attend because of the prosecution initiated by the Defendant. Plaintiff notes that it would be confusing to admit one of the transcripts but not the other. Plaintiff also notes that Defendant's claim that the information is "reflected in other documents" rings hollow because he has objected to the other document with the termination date. |

10

**Defendant's Exhibits:**[9]

|     | Description | Objection(s) | Response to Objection(s) |
| --- | --- | --- | --- |
| DX1 | Photographs taken on November 21, 2018 (DEF 00543, DEF 00544, DEF 00546, DEF 00547, Dkt. No. 96-14 at page 10, Dkt. No. 96-14 at page 12) | No objection | N/A |
| DX2 | January 17, 2014 Criminal Court Transcript (Dkt. No. 171-1) | No objection. | N/A |

XII.  **Motions** *in Limine*.

Plaintiff intends to make, or renew to the extent ruled on by Judge Weinstein, the following motions *in limine*:

a. To exclude the mugshot, as not properly authenticated.[10]

b. To exclude Plaintiff's criminal history, both as affirmative evidence and for impeachment.

c. To preclude Sergeant Anthony Bertram from testifying regarding communications with an NYPD attorney, to the extent he is placed on the witness list by Defendant.[11]

---

[9] Pursuant to the Court's Individual Practice Rules, this list does not include exhibits that defendant intends to use solely for impeachment and/or rebuttal purposes. Defendant reserves the right to amend this exhibit list. Defendant reserves the right to offer and/or use at trial any exhibit listed by Plaintiff. The listing of an exhibit is not an admission that an exhibit is admissible if offered by Plaintiff, or that it is relevant and admissible for all parts of the trial or for all phases or purposes at trial. Defendant reserves the right to not use listed exhibits or to supplement this exhibit list in the future. This exhibit list is contingent in part on the Court's rulings before and after trial and the development of the evidence at trial. Defendant reserves the right to offer certain exhibits in redacted form.

[10] Defendant does not intend to offer the mugshot into evidence and has not listed it on his exhibit list.

[11] Defendant does not intend to call Anthony Bertram as a witness and has not listed him on his witness list.

11

    d. To exclude Plaintiff's medical records and evidence of physical injuries.[12]

    e. To preclude substance abuse, both as affirmative evidence and for impeachment.

    f. To exclude any evidence of awards of distinctions that Defendant may have received.[13]

    g. To exclude Anna Tse as not having been properly identified in the Initial Disclosures, and was not a person counsel could have reasonably believed would testify.

    h. To require Defendant to provide any special interrogatories prior to the beginning of trial.

    i. To allow in evidence of information the Defendant learned after the initial arrest.

    j. To find that favorable termination, initiation, and loss of liberty are proven as a matter of law.

    k. To find that malice is not an element of the claim, to the extend Defendant argues otherwise.

    l. To find that any time in custody after the initiation of the prosecution is compensable, given the refusal to provide a DAT.

**Defendant's Anticipated Motions *in Limine*:**

1. The Court Should Instruct the Jury That Plaintiff's Arrest Was Lawful and Supported by Probable Cause

2. The Court Should Instruct the Jury That the Entry Was Lawful Due to Exigent Circumstances

3. The Court Should Instruct the Jury That Defendant Clark Did Not Make Any Material False Statements to Prosecutors

4. The Court Should Instruct the Jury That the Force Used to Lawfully Arrest Plaintiff Was Not Excessive or Unreasonable and Plaintiff Should Be Precluded from Offering Evidence Regarding Alleged Physical Injuries

5. Plaintiff's Damages, If Any, Should Be Limited to Those Associated with the Two Post-Arraignment Court Appearances

6. Plaintiff's Claim for Punitive Damages Should Be Dismissed

---

[12] Defendant agrees that plaintiff's medical records and any evidence regarding alleged physical injuries should be precluded.

[13] Defendant does not intend to offer such evidence unless plaintiff opens the door.

7. Plaintiff Should Be Precluded from Calling Unetta Nurse Because She Did Not Observe the Relevant Portion of the Incident

8. Plaintiff Should Be Precluded from Calling Renate Lunn Because She Was Not Properly Disclosed Or, At The Very Least, Defendant Should Finally Be Provided the Opportunity to Depose Ms. Lunn At Plaintiff's Cost

9. Plaintiff Should Be Precluded from Introducing Evidence Concerning Camille Watson's Mental Health

10. Plaintiff Should Be Precluded from Introducing Evidence Concerning the Results of the Child Abuse Investigation

11. Plaintiff Should Be Precluded from Testifying About His Naval Service

12. Plaintiff Should be Precluded from Referring to Defense Counsel as "City Attorneys" and from Offering Evidence of Indemnification

13. Plaintiff Should Be Precluded from Requesting a Specific Dollar Amount from the Jury

14. Plaintiff Should Be Precluded from Eliciting Evidence of Prior Alleged Misconduct, Disciplinary Histories and/or Prior Lawsuits

Dated: New York, New York
June 14, 2024

Rickner PLLC

By:        /s/

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401
*Attorney for Plaintiff*


MURIEL GOODE-TRUFANT
Acting Corporation Counsel
*Attorney for Defendant*
100 Church Street

13

        New York, New York  10007
        (212) 356-2351

By: /s/ *Kavin Thadani*
   Kavin Thadani