14 CV 7349 (HG) (RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LARRY THOMPSON,

                                                  Plaintiff,

                  -against-

PAGIEL CLARK,

                                                Defendant.

**DEFENDANT CLARK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel*
*Attorney for Defendant Clark*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kavin Thadani*
*Tel:  (212) 356-2351*

# **TABLE OF CONTENTS**

                                                                                                                                         **Page**

TABLE OF AUTHORITIES ................................................................................................. iii

ARGUMENT

    POINT I

        ALL ELEMENTS OF PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIM ARE IN DISPUTE EXCEPT FOR FAVORABLE TERMINATION ............................................................................... 1

        A.  Malice Is An Element of Plaintiff's Malicious Prosecution Claim .................................................................. 1

        B.  Whether Defendant Clark Initiated the Prosecution Is In Dispute ....................................................... 3

        C.  Whether Plaintiff Suffered a Sufficient Post-Arraignment Deprivation of Liberty That Rises to the Level of a Constitutional Seizure Is In Dispute .................................................................................... 4

    POINT II

        JUDGE WEINSTEIN'S PRIOR MOTIONS *IN LIMINE* RULINGS MAY BE REVISITED .............................................. 5

        A.  Plaintiff's Prior Prosecutions Are Relevant to Damages ........................................................................... 7

        B.  Defendant Does Not Intend to Introduce Evidence of Plaintiff's Alcohol Use and Treatment Unless Plaintiff Opens the Door ....................................... 9

        C.  Defendant Does Not Intend to Introduce Evidence Designed to Induce Sympathy for the Police ................................................................................ 9

        D.  Plaintiff's Request That The Court Not Limit Evidence About Probable Cause After the Arrest Is Vague and Unclear ............................................................ 9

**Page**

POINT III

    DEFENDANT DOES NOT INTEND TO INTRODUCE EVIDENCE REGARDING WHETHER OR NOT HE WOULD PAY ANY JUDGMENT ...................................................................................... 10

POINT IV

    DEFENDANT DOES INTEND TO PROPOSE SPECIAL INTERROGATORIES AND WILL SUBMIT THEM TO THE COURT WHENEVER THE COURT REQUIRES ...................................................................................... 11

POINT V

    BECAUSE PLAINTIFF NO LONGER INTENDS TO CALL RENATE LUNN AS A WITNESS AT TRIAL, DEFENDANT NO LONGER INTENDS TO CALL ANNA TSE AS A WITNESS AT TRIAL ...................................................................................... 12

POINT VI

    PLAINTIFF MAY NOT RECOVER DAMAGES FOR PRE-ARRAIGNMENT TIME IN CUSTODY ............................... 12

CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

**Case**                                                                             **Page(s)**

*Arbuckle v. City of New York*,
   No. 14 Civ. 10248 (ER),
   2016 U.S. Dist. LEXIS 136857 (S.D.N.Y. Sept, 30, 2016)..........................................................5

*Banushi v. P.O. Palmer*,
   No. 08 Civ. 2937 (KAM),
   2011 U.S. Dist. LEXIS 419 (E.D.N.Y. Jan. 4, 2011) ............................................................ 7-8

*Bender v. City of New York*,
   78 F.3d 787 (2d Cir. 1996)........................................................................................................13

*Bermudez v. City of New York*,
   790 F.3d 368 (2d Cir. 2015).......................................................................................................4

*Boone v. United States*,
   No. 12 Cv. 4103 (LAK) (MHD),
   2014 U.S. Dist. LEXIS 117638 (S.D.N.Y. Aug. 21, 2014).......................................................3

*Brawer v. Carter*,
   No. 94 Civ. 4632 (DC),
   1995 U.S. Dist. LEXIS 11049 (S.D.N.Y. Aug. 4, 1995) ...........................................................7

*Bryant v. Crowe*,
   697 F. Supp. 2d 482 (S.D.N.Y. 2010)................................................................................. 13-14

*Coleman v. City of New York*,
   688 F. App'x 56 (2d Cir. 2017) ................................................................................................13

*Dorsey v. Gannon*,
   No. 22-2735, 2024 U.S. App. LEXIS 7446 (2d Cir. Mar. 29, 2024).........................................2

*Dunham v. Lobello*,
   No. 11-cv-1223 (ALC),
   2023 U.S. Dist. LEXIS 68555 (S.D.N.Y. Apr. 19, 2023).........................................................11

*Faruki v. City of New York*,
   517 F. App'x 1 (2d Cir. 2013) ....................................................................................................5

*Francis v. City of New York*,
   No. 15-CV-7997 (VSB) (KHP),
   2019 U.S. Dist. LEXIS 197034 (S.D.N.Y. Nov. 12, 2019)......................................................13

**Case**                                                                                                                            **Page(s)**

*Garrett v. Port Auth.*,
   No. 04 Civ. 7368 (DC),
   2006 U.S. Dist. LEXIS 55548 (S.D.N.Y. Aug. 8, 2006) .................................................. 12-13

*Griffith v. Goodyear Dunlop Tires N. Am., Ltd.*,
   No. 11-CV-7615, 2018 U.S. Dist. LEXIS 167976
   (W.D.N.Y. Sept. 28, 2018) ............................................................................................... 6-7

*Harrison v. Cty. of Nassau*,
   No. CV 15-2712 (JFB) (AKT),
   2018 U.S. Dist. LEXIS 164599 (E.D.N.Y. Aug. 31, 2018) ...................................................13

*Joyner v. Cty. of Cayuga*,
   No. 5:20-CV-60 (MAD)(TWD),
   2020 U.S. Dist. LEXIS 67673 (N.D.N.Y. Apr. 17, 2020) .......................................................4

*King v. Habib Bank Ltd.*,
   Nos. 20 Civ. 4322 (LGS), 21 Civ. 2351 (LGS), 21 Civ. 6044 (LGS),
   2023 U.S. Dist. LEXIS 214283 (S.D.N.Y. Dec. 1, 2023) .......................................................2

*Langevine v. District of Columbia*,
   106 F.3d 1018 (D.C. Cir. 1997) ..............................................................................................6

*Marsh v. City of New York*,
   No. 18-Cv-01883 (HG) (RER),
   2022 U.S. Dist. LEXIS 149212 (E.D.N.Y. Aug. 19, 2022) .....................................................3

*Merrill v. Ruffo*,
   No. 88-CV-1175, 1996 U.S. Dist. LEXIS 10120 (N.D.N.Y. Jan. 10, 1996) ............................6

*Murphy v. FedEx Nat'l LTL, Inc.*,
   618 F.3d 893 (8th Cir. 2010) ...................................................................................................6

*Potter v. Torres*,
   No. 2:20-cv-823 (KWR)(KRS),
   2021 U.S. Dist. LEXIS 180459 (D.N.M. Sept. 21, 2021) .......................................................7

*Sagendorf-Teal v. County of Rensselaer*,
   100 F.3d 270 (2d Cir. 1996) ....................................................................................................6

*Saint-Jean v. Emigrant Mortg. Co.*,
   No. 11-CV-2122 (SJ)(CLP),
   2019 U.S. Dist. LEXIS 77871 (E.D.N.Y. May 8, 2019) .........................................................6

*Spears v. Libery Life Assur. Co.*,
   F. Supp. 2d 546, 556 (D. Conn. 2012) .....................................................................................2

| **Case** | **Page(s)** |
|---|---|
| *Sulkowska v. City of New York*, 129 F. Supp. 2d 274 (S.D.N.Y. 2001) | 14 |
| *Swartz v. v. Insogna*, 704 F.3d 105 (2d Cir. 2013) | 4-5 |
| *Thompson v. Clark*, 596 U.S. 36 (2022) | 1-2, 5 |
| *Thomsen v. City of New York*, No. 15cv2668 (DLC), 2016 U.S. Dist. LEXIS 17079 (S.D.N.Y. Feb. 11, 2016) | 3 |
| *In re United States*, 733 F.2d 10 (2d Cir. 1984) | 6 |
| *Wagner v. Hyra*, 518 F. Supp. 3d 613 (N.D.N.Y. 2021) | 4 |
| *Watson v. Cieslak*, No. 09 Civ. 2073 (DAB) (JCF), 2011 U.S. Dist. LEXIS 12942 (S.D.N.Y. Jan. 5, 2011) | 3-4 |
| *Wilson v. City of New York*, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006) | 8 |

**Statute**

| | |
|---|---|
| 42 U.S.C. § 1983 | 2, 11 |

## ARGUMENT

### POINT I

### ALL ELEMENTS OF PLAINTIFF'S FEDERAL MALICIOUS PROSECUTION CLAIM ARE IN DISPUTE EXCEPT FOR FAVORABLE TERMINATION

In his motions *in limine*, plaintiff inaccurately and improperly asserts that "[t]he sole remaining element in dispute [for trial] is probable cause, and that is the only element that should be charged to the jury."  Pl. Mot. (Dkt. No. 183-1) at 1.  On the contrary, as explained in the Proposed Joint Pre-Trial Order ("JPTO"), defendant Clark "contends that plaintiff will be unable to establish his malicious prosecution claim because he cannot prove (1) that defendant Clark sufficiently initiated or continued the criminal proceeding against plaintiff, (2) a lack of probable cause for commencing the proceeding, (3) that actual malice was a motivation for defendant Clark's actions, and/or (4) a post-arraignment deprivation of liberty that rises to the level of a constitutional seizure."  Dkt. No. 179 at 3-4.  Thus, aside from the favorable termination element, which the U.S. Supreme Court held plaintiff has satisfied (and thus is no longer in dispute), all of the other elements of plaintiff's federal malicious prosecution claim are in dispute.

**A.**   **Malice Is An Element of Plaintiff's Malicious Prosecution Claim**

Plaintiff first argues that "[m]alice is not an element of" his remaining malicious prosecution claim.[1]  Pl. Mot. (Dkt. No. 183-1) at 1.  However, plaintiff cites to no controlling, or other, law from the U.S. Supreme Court or Second Circuit that stands for that proposition.  Rather, plaintiff first refers to the U.S. Supreme Court's earlier decision, which merely stated that it "need

---

[1] Defendant Clark notes that, prior to the first trial in this matter, plaintiff's proposed jury instructions included malice as an element of his malicious prosecution claim and further included law concerning how to evaluate this element.  *See* Plaintiff's Requested Jury Instructions (Dkt. No. 101) at 15-16.

not decide whether a plaintiff bringing a Fourth Amendment Claim under § 1983 for malicious prosecution must establish malice (or some other *mens rea*) in addition to the absence of probable cause," *Thompson v. Clark*, 596 U.S. 36, 44 n.3 (2022), and the Second Circuit's decision, which merely stated that "[t]he Supreme Court has reserved the question of whether malice is an element of malicious prosecution claim under § 1983" and that it "need not decide the question here." Dkt. No. 180 at 5 n.2.  Plaintiff then proceeds to argue that "this open question must be answered now" and explains why he believes the Second Circuit and Supreme Court should find that malice is not an element of a federal malicious prosecution claim.  Pl. Mot. (Dkt. No. 183-1) at 1-5.

However, the fact remains that malice is an element of plaintiff's claim, whether he likes it or not.  Indeed, as recently as three months ago, the Second Circuit unambiguously stated that malice is an element of a federal malicious prosecution claim, and no Second Circuit case since then has determined otherwise.  *See Dorsey v. Gannon*, No. 22-2735, 2024 U.S. App. LEXIS 7446, at *3 (2d Cir. Mar. 29, 2024) (citing *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)).

Moreover, plaintiff's arguments neglect that a "district court must follow Second Circuit precedent 'unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit.'" *King v. Habib Bank Ltd.*, Nos. 20 Civ. 4322 (LGS), 21 Civ. 2351 (LGS), 21 Civ. 6044 (LGS), 2023 U.S. Dist. LEXIS 214283, at *14 (S.D.N.Y. Dec. 1, 2023) (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) and citing cases); *see also, e.g., Spears v. Libery Life Assur. Co.*, 885. F. Supp. 2d 546, 556 (D. Conn. 2012) (stating that "it is axiomatic that a district court 'is bound to follow controlling Second Circuit precedent unless

that precedent is overruled or reversed'" and that "citation to other circuit and district court precedent is therefore unavailing").

Accordingly, the Court must find that malice is an element of plaintiff's federal malicious prosecution claim.

### B. Whether Defendant Clark Initiated the Prosecution Is In Dispute

Despite the fact that defendant Clark's most recent summary judgment motion argued, *inter alia*, that plaintiff's malicious prosecution claim fails because of his inability to establish initiation, *see* Dkt. No. 166 at 22-23, plaintiff now asks the Court, by way of an *in limine* motion, to deem this element satisfied as a matter of law. *See* Pl. Mot. (Dkt. No. 183-1) at 5-6.

However, as this Court and others have held, "the chain of causation between [an] officer's conduct and the claim of malicious prosecution is generally broken by the intervening actions of the prosecutor." *Marsh v. City of New York*, No. 18-Cv-01883 (HG) (RER), 2022 U.S. Dist. LEXIS 149212, at *17 (E.D.N.Y. Aug. 19, 2022) (Gonzalez, J.); *see also, e.g., Thomsen v. City of New York*, No. 15cv2668 (DLC), 2016 U.S. Dist. LEXIS 17079, at *23 (S.D.N.Y. Feb. 11, 2016) (holding that "police officer[] did not initiate or continue the prosecution after she arrested [plaintiff];" rather, the prosecutors' "exercise of independent judgment broke the chain of causation such that [plaintiff's] continued prosecution is fairly attributable to them, not [the officer]"); *Boone v. United States*, No. 12 Cv. 4103 (LAK) (MHD), 2014 U.S. Dist. LEXIS 117638, at *44 (S.D.N.Y. Aug. 21, 2014) ("There is a rebuttable presumption that criminal proceedings are initiated by prosecutors, not arresting officers."); *Watson v. Cieslak*, No. 09 Civ. 2073 (DAB) (JCF), 2011 U.S. Dist. LEXIS 12942, at *18 (S.D.N.Y. Jan. 5, 2011) ("Although [the officer] signed a criminal complaint . . . , the District Attorney made the decision to prosecute

3

[plaintiff]. . . . The district attorney thus intervened in the chain of causation by exercising independent judgment in bringing this criminal charge.").

Nevertheless, the initiation element can be satisfied by establishing that an officer played an active role in the prosecution, such as by giving advice and encouragement or importuning the authorities to act, or by "provid[ing] knowingly false and/or fabricated evidence to unwitting prosecutors." *Joyner v. Cty. of Cayuga*, No. 5:20-CV-60 (MAD/TWD), 2020 U.S. Dist. LEXIS 67673, at *20 (N.D.N.Y. Apr. 17, 2020); *see also, e.g., Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015).

However, defendant Clark contends that he did not play an active role in the prosecution nor did he provide any false evidence to an "unwitting" prosecutor. Therefore, the initiation element remains in dispute for trial.

## C. Whether Plaintiff Suffered a Sufficient Post-Arraignment Deprivation of Liberty That Rises to the Level of a Constitutional Seizure Is In Dispute

Despite the fact that defendant Clark's most recent summary judgment motion argued, *inter alia*, that plaintiff's federal malicious prosecution claim fails because of his inability to establish a sufficient post-arraignment deprivation of liberty, *see* Dkt. No. 166 at 23-27, plaintiff now asks the Court, by way of an *in limine* motion, to deem this element satisfied as a matter of law. *See* Pl. Mot. (Dkt. No. 183-1) at 6.

Plaintiff argues that the obligation that he return to criminal court after his arraignment is sufficient to establish that he suffered a sufficient post-arraignment deprivation of liberty. In doing so, plaintiff relies solely on *Swartz v. v. Insogna*, 704 F.3d 105, 112 (2d Cir. 2013). *See* Pl. Mot. (Dkt. No. 183-1) at 6. However, "[t]rial and appellate courts in this Circuit have found *Swartz* confusing." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 637 (N.D.N.Y. 2021) (citing cases).

4

Moreover, following *Swartz*, the Second Circuit held that, where "[t]he proceedings against [plaintiff] placed no restriction on her other than a requirement that she appear in court on two occasions" there is "an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim." *Faruki v. City of New York*, 517 F. App'x 1, 2 (2d Cir. 2013); *see also, e.g., Arbuckle v. City of New York*, No. 14 Civ. 10248 (ER), 2016 U.S. Dist. LEXIS 136857, at *30 (S.D.N.Y. Sept, 30, 2016) ("[T]he requirement to attend court hearings . . . does not automatically equate to a post-arraignment deprivation of liberty.").

Rather, "[i]n order to show a post-arraignment deprivation of liberty, courts in this Circuit have found it necessary for plaintiffs to allege constraints such as travel restrictions, bail requirements, or incarceration." *Arbuckle*, 2016 U.S. Dist. LEXIS 136857, at *30.

Here, defendant Clark contends that plaintiff cannot establish a sufficient post-arraignment deprivation of liberty that rises to the level of a constitutional seizure because, following his arraignment and release on his own recognizance, he merely made two criminal court appearances before his criminal case was dismissed, and there is no evidence in the record that any constraints or restrictions were placed on him. *See Thompson*, 596 U.S. at 53 (Alito, J., dissenting) ("The term seizure would have to be given a novel and extravagant interpretation in order to reach a 'defendant awaiting trial on his own recognizance.'") (citation omitted).  Therefore, the deprivation of liberty element remains in dispute for trial.

## POINT II

### JUDGE WEINSTEIN'S PRIOR MOTIONS *IN LIMINE* RULINGS MAY BE REVISITED

Plaintiff argues that the Judge Weinstein's prior *in limine* rulings are "law of the case" and should not be revisited.  Pl. Mot. (Dkt. No. 183-1) at 6-7.  However, in support of that argument, plaintiff cites to a single, unpublished district court case which does not stand for that proposition.

5

*See id.* Although the plaintiff in *Saint-Jean v. Emigrant Mortg. Co.*, No. 11-CV-2122(SJ)(CLP), 2019 U.S. Dist. LEXIS 77871, at *3-4 (E.D.N.Y. May 8, 2019) did make the same argument as plaintiff does here, the court's ruling was premised on the fact that the defendants failed to persuade it to change its prior decision, not that the court could not do so.

Plaintiff's arguments ignore that the law of the case doctrine does not apply to interlocutory orders, such as orders on motions *in limine*. *See, e.g., Murphy v. FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 905 (8th Cir. 2010) ("The law-of-the-case doctrine only applies to final orders, not interlocutory orders."); *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment."); *see also, e.g., Merrill v. Ruffo*, No. 88-CV-1175, 1996 U.S. Dist. LEXIS 10120, *33 (N.D.N.Y. Jan. 10, 1996) ("A motion *in limine* is interlocutory in nature and subject to change during the course of the trial.").

Moreover, "[i]t is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge." *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984).

In any event, "[a]pplication of the 'law of the case' doctrine is 'discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment.'" *Sagendorf-Teal v. County of Rensselaer*, 100 F.3d 270, 277 (2d Cir. 1996) (citation omitted).

In addition, courts routinely revisit rulings made *in limine*, even when, unlike here, they are made by the same judge. Indeed, a court "may resolve [a motion *in limine*] and revisit the ruling if trial evidence does not come in as expected" and, "even if nothing unexpected occurs at trial, a court may revisit *in limine* rulings at any time in the exercise of its discretion." *Griffith v.*

6

*Goodyear Dunlop Tires N. Am., Ltd.*, No. 11-CV-7615, 2018 U.S. Dist. LEXIS 167976, *2 (W.D.N.Y. Sept. 28, 2018).

Accordingly, the Court may revisit any of Judge Weinstein's prior *in limine* rulings. Indeed, that the Court ordered that "[a]ny motions *in limine* shall address whether Judge Weinstein previously ruled on similar motions," May 28, 2024 Docket Entry, as opposed to ordering, for example, that the parties restrict themselves to motions not previously made, indicates that the Court is well aware of its ability to revisit Judge Weinstein's prior rulings.

### A. Plaintiff's Prior Prosecutions Are Relevant to Damages

In the JPTO, plaintiff states that he seeks "compensatory [damages] against the defendant for initiating the prosecution against him without probable cause, causing a loss of liberty and emotional damages." Dkt. No. 179 at 4. As a result, plaintiff has put into issue his prior prosecutions.

Indeed, "[s]ince the measure of damages for a malicious prosecution action includes injuries to the plaintiff's reputation and character, the plaintiff's past criminal history is also relevant." *Brawer v. Carter*, No. 94 Civ. 4632 (DC), 1995 U.S. Dist. LEXIS 11049, at *4 (S.D.N.Y. Aug. 4, 1995); *see also, e.g., Potter v. Torres*, No. 2:20-cv-823 KWR/KRS, 2021 U.S. Dist. LEXIS 180459, at *3-4 (D.N.M. Sept. 21, 2021) ("The Court agrees that Plaintiff's criminal history may be relevant to his emotional distress damages in relation to his false arrest and malicious prosecution claims.").

The rationale which permits courts in this Circuit to routinely admit evidence of a plaintiff's prior arrests where the plaintiff seeks emotional damages in connection with a false arrest claim – that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained – also applies here. *See, e.g., Banushi v. P.O. Palmer*, No. 08 Civ. 2937 (KAM), 2011 U.S. Dist. LEXIS 419, at *7-8 (E.D.N.Y.

7

Jan. 4, 2011); *Wilson v. City of New York*, No. 06 Civ. 229 (ARR), 2006 U.S. Dist. LEXIS 90050, at *1-2 (E.D.N.Y. Dec. 13, 2006). Specifically, one who has been the subject of a number of prior prosecutions is likely to have suffered less distress than one who has never otherwise been prosecuted.

Upon information and belief, plaintiff has previously been prosecuted at least four other times. Because plaintiff is no stranger to the criminal justice system, his prosecution at issue in this case must be placed in context for the jury. Defendant should be permitted to inform the jury that plaintiff's damages – particularly any damages for mental anguish, loss of reputation, humiliation, and/or embarrassment – are mitigated by plaintiff's other prosecutions.

As it stands, plaintiff's claim for damages is rife with causation issues such that a jury must be informed of his prosecutions and the alleged impact they had on him to properly evaluate the damages for his present claim. In that regard, defendant simply seeks permission to elicit from plaintiff how many times he has been prosecuted for a crime(s), the number of court appearances he made for each prosecution, and the post-arraignment detention time, if any, associated with each prosecution.[2]

In addition, even if the Court were to find that plaintiff's criminal history should be precluded in advance of trial, plaintiff may very well open the door to such evidence should he discuss at trial that the underlying prosecution (as opposed to others, several of which involved allegations of domestic violence) damaged his reputation and character and/or caused him embarrassment and/or humiliation.

---

[2] Plaintiff argues that, in assessing damages, the jury should consider plaintiff's pre-arraignment detention time. *See* Pl. Mot. (Dkt. No. 183-1) at 10. Defendant explains at Point VI below why that is contrary to the well-established law. However, should the Court agree with plaintiff, then defendant respectfully submits that he should also be entitled to question plaintiff concerning all of the other instances he spent time in custody pre-arraignment.

In order to offset the danger of unfair prejudice, the Court may permit evidence of plaintiff's prior prosecutions but place reasonable limitations on the questioning and instruct the jury that the evidence is only admissible for the determination of damages.

Accordingly, defendant should not be precluded from questioning plaintiff about his prior prosecutions as they are relevant to his request for emotional damages.[3]

### B. Defendant Does Not Intend to Introduce Evidence of Plaintiff's Alcohol Use and Treatment Unless Plaintiff Opens the Door

Defendant Clark does not intend to introduce evidence of plaintiff's alcohol use and treatment unless plaintiff opens the door at trial to such evidence.

### C. Defendant Does Not Intend to Introduce Evidence Designed to Induce Sympathy for the Police

Defendant Clark does not intend to introduce "[e]vidence designed to induce sympathy for the police, such as that the police officers were busy at the time of the incident." Pl. Mot. (Dkt. No. 183-1) at 7.

### D. Plaintiff's Request That The Court Not Limit Evidence About Probable Cause After the Arrest Is Vague and Unclear

Plaintiff requests that the Court not "limit evidence about probable cause after the arrest, because the probable cause determination is made at the commencement of the criminal case, not the arrest itself." Pl. Mot. (Dkt. No. 183-1) at 7. While defendant agrees with this legal premise, it is entirely unclear what evidence plaintiff is referring to.

To the extent plaintiff seeks to admit evidence concerning the eventual results of the child abuse investigation, whether or not the baby who was the subject of the initial 911 call was ultimately found to have been sexually abused or not after an investigation is immaterial to whether

---

[3] Plaintiff's prior arrest for resisting arrest is also relevant to his credibility because plaintiff falsely testified at his deposition that he had never previously been charged with resisting arrest.

9

there was probable cause to prosecute plaintiff for Obstructing Governmental Administration in the Second Degree, i.e., for interfering with the sexual abuse investigation in the first place, or Resisting Arrest.[4]

Moreover, in this regard, defendant notes that, while the legal premise upon which plaintiff relies is correct, here, there could be no "evidence about probable cause after the arrest" for the offenses with which plaintiff was charged. Rather, all of the events which warranted charges for Obstructing Governmental Administration in the Second Degree (i.e., plaintiff pushing Officer Montefusco as he attempted lawful entry into plaintiff's apartment) and Resisting Arrest occurred prior to plaintiff's arrest. Nothing that occurred after plaintiff's arrest did, or even could, affect the probable cause analysis.

Accordingly, plaintiff's vague and unclear request should be denied.

## POINT III

**DEFENDANT DOES NOT INTEND TO INTRODUCE EVIDENCE REGARDING WHETHER OR NOT HE WOULD PAY ANY JUDGMENT**

Plaintiff argues that "[d]efendant[] should be precluded . . . from suggesting or implying that the individual officer Defendant[] will have to pay any judgment in this case." Pl. Mot. (Dkt. No. 183-1) at 8.

As an initial matter, plaintiff did not provide notice of this motion *in limine* in the JPTO. In any event, this motion is unnecessary as defendant Clark does not intend to introduce any

---

[4] Defendant respectfully refers the Court to his motion *in limine* seeking preclusion of such evidence. *See* Dkt. No. 182 at 17-18.

10

evidence regarding whether or not he would pay any judgment; however, plaintiff's contentions concerning the City of New York's alleged "uniform and unwavering practice" are inaccurate.[5]

### POINT IV

**DEFENDANT DOES INTEND TO PROPOSE SPECIAL INTERROGATORIES AND WILL SUBMIT THEM TO THE COURT WHENEVER THE COURT REQUIRES**

Plaintiff argues, without any supporting legal authority, that "[t]o the extent that Defendant proposes an[y] special interrogatories, they should be submitted a reasonable time before trial starts."  Pl. Mot. (Dkt. No. 183-1) at 8.

Defendant Clark does intend to propose special interrogatories and will submit them to the Court whenever the Court requires.  However, defendant notes that, at least in § 1983 cases in the Southern and Eastern Districts of New York, it is routine to submit special interrogatories during, and towards the latter part of, trial so that the interrogatories may be properly adapted to the evidence at trial.  *See, e.g., Martinez v. City of N.Y., et al.*, No. 16 CV 79 (NRM) (EDNY), at Dkt. Nos. 235, 239 (proposed special interrogatories submitted at end of fourth day of trial and given to jury after partial plaintiff); *McIlwain v. City of N.Y., et al.*, No. 16 Civ. 3133 (GHW) (SDNY), at Dkt. Nos. 96, 100 (proposed special interrogatories submitted at end of third day of trial and given to jury after plaintiff verdict); *see also, e.g., Dunham v. Lobello*, No. 11-cv-1223 (ALC), 2023 U.S. Dist. LEXIS 68555, *38 (S.D.N.Y. Apr. 19, 2023) ("Defendants will be permitted to submit special interrogatories.  This issue should be raised during trial and before the jury begins its deliberations.").

---

[5] Defendant notes his agreement with plaintiff that "[t]here is no reason to believe that Clark will ever have to pay any judgment in this case," Pl. Mot. (Dkt. No. 183-1) at 8, as plaintiff's malicious prosecution claim is without merit.

11

In any event, regardless of when the Court requires proposed special interrogatories to be filed, defendant respectfully submits that he should be permitted to submit supplemental special interrogatories based upon the testimony any and rulings of the Court during trial, if necessary.

### POINT V

**BECAUSE PLAINTIFF NO LONGER INTENDS TO CALL RENATE LUNN AS A WITNESS AT TRIAL, DEFENDANT NO LONGER INTENDS TO CALL ANNA TSE AS A WITNESS AT TRIAL**

On July 3, 2024, plaintiff's counsel advised that plaintiff no longer intends to call Renate Lunn as a witness at trial. As defendant Clark only listed Anna Tse out of an abundance of caution as a witness for impeachment purposes – specifically to potentially impeach the testimony of Renate Lunn – defendant Clark no longer intends to call Anna Tse as a witness at trial. Therefore, plaintiff's motion to preclude Anna Tse should be denied as moot.

### POINT VI

**PLAINTIFF MAY NOT RECOVER DAMAGES FOR PRE-ARRAIGNMENT TIME IN CUSTODY**

Although plaintiff agrees that, in order to prevail on his malicious prosecution claim, he must prove a sufficient **post-arraignment** liberty restraint, *see* Pl. Mot. (Dkt. No. 183-1) at 1, he nevertheless argues, without any supporting authority, that five hours of his **pre-arraignment** custody, following the time when the criminal court received the criminal court complaint, "should be part of the damages the jury can consider." Pl. Mot. (Dkt. No. 183-1) at 10.

As an initial matter, plaintiff incorrectly asserts that his prosecution was initiated or commenced when the criminal court received the criminal court complaint. However, "[c]riminal proceedings are considered to be initiated 'only after an arraignment or indictment or some other 'evaluation by a neutral body that the charges [were] warranted.'" *Garrett v. Port Auth.*, No. 04

12

Civ. 7368 (DC), 2006 U.S. Dist. LEXIS 55548, at *21 (S.D.N.Y. Aug. 8, 2006) (citations omitted); *see also, e.g., Harrison v. Cty. of Nassau*, No. CV 15-2712 (JFB) (AKT), 2018 U.S. Dist. LEXIS 164599, at *37 (E.D.N.Y. Aug. 31, 2018) ("Where a plaintiff is arrested absent a warrant, as was the case here, the prosecution is deemed to have been commenced at the time of the plaintiff's arraignment or indictment by a grand jury.").

In any event, and putting aside that defendant Clark had no control over when plaintiff could be arraigned following his signing of the criminal court complaint, it is well-established that a plaintiff may not recover damages for pre-arraignment time in custody in connection with a malicious prosecution claim. Indeed, as explained in defendant's motions *in limine*, see Dkt. No. 182 at 11-12, whereas "damages for false arrest are to compensate for injuries from the beginning of custody to arraignment, . . . damages for malicious prosecution are to compensate for injuries after arraignment." *Bender v. City of New York*, 78 F.3d 787, 793 (2d Cir. 1996); *see also, e.g., Coleman v. City of New York*, 688 F. App'x 56, 57 n.1 (2d Cir. 2017) ("[M]alicious prosecution relates to deprivations of liberty pursuant to legal process – meaning either post-arraignment or as a result of arrest pursuant to warrant. Deprivations of liberty from the moment of warrantless arrest until arraignment are not pursuant to legal process, and therefore implicate the separate tort of false arrest."); *Francis v. City of New York*, No. 15- CV-7997 (VSB) (KHP), 2019 U.S. Dist. LEXIS 197034, at *29 (S.D.N.Y. Nov. 12, 2019) (false arrest damages "account[] for injuries from the beginning of custody to arraignment. Malicious prosecution damages are designed to compensate a plaintiff for post-arraignment injuries"); *Bryant v. Crowe*, 697 F. Supp. 2d 482, 490 (S.D.N.Y. 2010) ("In cases where both a false arrest and a malicious prosecution claim are brought based on a warrantless arrest, damages for the false arrest cover the time period from the arrest through the arraignment and damages for the malicious prosecution cover the time period from the

13

arraignment through the end of the proceedings."); *Sulkowska v. City of New York*, 129 F. Supp. 2d 274, 307 (S.D.N.Y. 2001) ("The law provides that damages may be awarded for false arrest only from the period from initial custody through arraignment, and damages may be awarded for malicious prosecution for injuries suffered following arraignment.").

As the Court is aware, the jury in the first trial already found against plaintiff on his false arrest claim. *See* Verdict Sheet (Dkt. No. 137). Thus, plaintiff may not recover any damages related to that claim (*i.e.,* related to his pre-arraignment time in custody).

Accordingly, plaintiff may not recover damages related to any of his pre-arraignment time in custody.

## **CONCLUSION**

For the reasons set forth above, defendant Clark respectfully submits that plaintiff's motions *in limine* should be denied.

Dated:   New York, New York
         July 5, 2024

                                               **MURIEL GOODE-TRUFANT**
Acting Corporation Counsel
*Attorney for Defendant*
100 Church Street
New York, New York  10007
(212) 356-2351

By:   /s/ *Kavin Thadani*
       Kavin Thadani

TO:   **VIA ECF**
      All Counsel of Record

14